IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LaShawn Jones, *et al.* | ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MARLIN GUSMAN, Sheriff, Orleans Parish, *et al*. | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, Plaintiffs move to certify a class composed of all individuals who are now or who will in the future be incarcerated in the Orleans Parish Prison ("OPP"). Plaintiffs also move to certify a subclass of individuals who are now or who will in the future be incarcerated in the OPP and who live with a serious mental illness. The proposed class and subclass seek only class-wide injunctive and corresponding declaratory relief.

Under the Federal Rules of Civil Procedure, one or more named plaintiffs may bring suit as representative parties on behalf of a class

> [O]nly if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Each requirement is met here. First, there are approximately 3,400 individuals incarcerated at OPP. As explained in the accompanying memorandum of law, there are approximately 2,176 individuals at the OPP who live with a serious mental illness. The classes

also include numerous future, unknown members who cannot be joined. Second, this action involves numerous common contentions that are capable of class-wide resolution. Third, because the challenged policies and practices apply with equal force to all class members, the claims of the named Plaintiffs are typical of the class. Finally, the named Plaintiffs will fairly and adequately represent the interests of the class. The named Plaintiffs have a personal interest in the subject matter of the lawsuit, and Plaintiffs' counsel is experienced in class action civil rights litigation and is prepared to pursue the case vigorously on behalf of the class.

Because the putative class satisfies every element of Rule 23(a), and because the Defendants have acted and refuse to act on grounds generally applicable to the class as a whole, class certification is proper under Rule 23(b)(2).

For the reasons stated above and explained in the memorandum of law accompanying this filing, the Plaintiffs request that this motion for class certification be granted.

RESPECTFULLY SUBMITTED, this the 2nd day of April 2012.

*/s/ Katie M. Schwartzmann*
Katie M. Schwartzmann, La. Bar No. 30295
Sheila A. Bedi, Miss. Bar No. 101652 (*pro hac vice* application forthcoming)
The Southern Poverty Law Center
4431 Canal Street
New Orleans, Louisiana 70119
504-486-8982 (phone)
504-486-8947 (fax)

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was filed electronically, and will be personally served on the Defendants along with a copy of the Complaint, this 2nd day of April 2012.

_s/ Katie M. Schwartzmann