UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LASHAWN JONES, ET AL.**                                                                      CIVIL ACTION

                                                                                                                                        No. 12-859
**VERSUS**                                                                                             c/w 12-138
                                                                                                                                        REF: 12-859

**MARLIN GUSMAN, ET AL.**                                                                      SECTION I

## ORDER

Before the Court is the joint motion[1] for preliminary approval of the proposed consent judgment, filed on behalf of the proposed plaintiff class ("Plaintiffs"), the United States of America ("United States"), and the Sheriff of Orleans Parish ("Sheriff").

The Plaintiffs, United States, and Sheriff have agreed that the substantive provisions of the proposed consent judgment would resolve all of the claims in the above-captioned matter as to alleged unconstitutional conditions of confinement at Orleans Parish Prison ("OPP"). These parties have stipulated that the proposed consent judgment is narrowly drawn, extends no further than necessary to correct the alleged violations of federal rights at OPP, is the least intrusive means necessary to correct these violations, and will not have an adverse impact on public safety or the operation of a criminal justice system. *See* 18 U.S.C. 3626(a) & (c).

The proposed consent judgment would function as a settlement of the putative class's claims.[2] *See* Fed. R. Civ. P. 23(e). Upon initial review, the proposed consent judgment appears to be fair, adequate, and reasonable, not the production of collusion between the Plaintiffs and

---

[1] R. Doc. No. 101. Although captioned "Joint Motion for Preliminary Approval of Consent Judgment," the motion requests both preliminary and final approval.

[2] Plaintiffs' initial motion for class certification defines the class as consisting of all current and future inmates of OPP. R. Doc. No. 2. Plaintiffs and the Sheriff have committed to filing a motion to certify a settlement class consisting of all current and future inmates within one month. *See* R. Doc. No. 126. The fact that the class definition and settlement terms will remain constant suggests that a second form of notice should not be necessary, although the Court defers ruling on that issue pending consideration of the forthcoming motion.

1

the Sheriff, and within the range of reasonableness that could support final approval. There are no obvious deficiencies, and the proposed consent judgment does not grant preferential treatment to the Plaintiffs' named class representatives. The Court finds that preliminary approval of the class settlement is appropriate such that putative class members should be notified of a fairness hearing and given the opportunity to object.

The Plaintiffs, United States, and Sheriff have agreed that the revised proposed notice procedure is acceptable as to class members and the general public.[3] After conducting its own review, the Court finds that the revised procedure is the best notice to class members that is reasonably practicable under the circumstances. The Court also finds that public notice is appropriate.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED IN PART**. The proposed consent judgment is preliminarily approved as between the Plaintiffs and Sheriff, subject to additional briefing and a fairness hearing.

**IT IS FURTHER ORDERED** that a fairness hearing shall be held before the undersigned U.S. District Judge on **Monday, April 1, 2013, at 8:30 a.m.** for consideration of whether to grant final approval to the proposed consent judgment as between the Plaintiffs, United States, and Sheriff.[4] The hearing will be held at the United States District Court for the

---

[3]R. Doc. No. 129. The Court has been informed that the City of New Orleans ("City") disagrees with the following statement in the abbreviated notice: "It is important to let the Court know if you are a class member because class members are entitled to rights not available to general public." *See* R. Doc. No. 129-2, at pp. 1-2; *see also Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002). Other than this sentence, the Plaintiffs, United States, Sheriff, and City all agree that the revised notice procedure and content are acceptable as to both members of the class and the general public.

[4]Although there will be a single hearing, different standards govern court approval of a class settlement and court approval of a consent decree. *See, e.g.*, *Overton v. Austin*, 748 F.2d 941, 952

Eastern District of Louisiana, 500 Poydras St., New Orleans, Louisiana 70130.  The Court will accept written submissions from class members and the general public according to the revised procedures described in R. Doc. No. 129-2.

**IT IS FURTHER ORDERED** that the revised notice procedures[5] are approved and that Plaintiffs' counsel is authorized to begin implementing these procedures.

**IT IS FURTHER ORDERED** that the dates, deadlines, and other requirements detailed in this Court's prior Order[6] continue to apply.

**IT IS FURTHER ORDERED** that the Court will **DEFER** ruling on whether to grant final approval on the proposed consent judgment as between Plaintiffs, the United States, and the Sheriff until after the April 1, 2013 fairness hearing.

New Orleans, Louisiana, January 21, 2013.

*[signature]*
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

(5th Cir. 1984).

[5] R. Doc. No. 129.

[6] R. Doc. No. 126.