UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and UNITED STATES OF AMERICA, Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL, Defendants<br><br>MARLIN N. GUSMAN, Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859<br>Section I, Division 1<br>Judge Lance M. Africk<br>Magistrate Judge Sally Shushan |

## **CONSENT JUDGMENT**

### I. PARTIES

This Consent Judgment is executed and jointly submitted to the Court by SOUTHERN POVERTY LAW CENTER ("SPLC") and ORLEANS PARISH SHERIFF MARLIN N. GUSMAN, in his official capacity (the "Sheriff" or "OPSO").

### II. INTRODUCTION

A. SPLC is counsel for the Plaintiff Class in the above captioned case, which alleges unconstitutional conditions of confinement in detention facilities operated by OPSO (the "Case").

B. The Sheriff is an original defendant in the Case.

C. Following extensive discovery in the Case, the Plaintiff Class, the Sheriff and the co-

plaintiff United States of America, acting through the United States Department of Justice, entered into a Consent Judgment to address the constitutional violations alleged in this Case, which was signed by District Judge Lance M. Africk and entered as a judgment of the Court on June 6, 2013 (Rec. Doc. 466).

D. On September 4, 2013, the Plaintiff Class filed an Interim Motion for Attorneys' Fees and Costs (Rec. Doc. 563).

E. OPSO acknowledges that as a result of entry of the Consent Judgment, the Plaintiff Class are "prevailing" parties under 42 USC §1988(b) and, as such, entitled to an award of fees and costs in some amount, but OPSO disputes the amount sought by SPLC.

F. In order to avoid the time, expense and uncertainty of litigation, SPLC and OPSO desire to fully and finally compromise and settle their dispute on the terms and conditions herein fully set forth, and to have that compromise entered as a Consent Judgment enforceable (if required) by the Court in this Case.

NOW THEREFORE, subject to approval hereof by the Court in the above captioned Case, SPLC and OPSO do hereby agree as follows:

### III. SETTLEMENT AMOUNT; TERMS OF PAYMENT

A. OPSO agrees to pay, and SPLC agrees to accept, the sum of NINE HUNDRED THOUSAND AND NO/100 ($900,000.00) in full and final settlement of all fees and costs sought by the SPLC in its Motion for Interim Attorney's Fees and Costs (Rec. Doc. 563).

B. The settlement amount shall be paid by OPSO to SPLC, without interest, in sixty (60) equal monthly installments of $15,000.00 each, commencing January 15, 2014, and continuing on the same day of each subsequent month until paid in full. In the event that the 15th day of a month falls on a weekend or on a day that banks are required or permitted by law to remain closed, then the payment shall be due on the next business day when banks are open.

C. Each installment shall be paid by an automatic debit or other electronic funds transfer from OPSO to an account to be designated in writing by SPLC to OPSO. SPLC may, upon fifteen (15) days prior written notice to OPSO, direct that future payments be made instead to a different account and/or bank designated by it.

### IV. PENALTIES FOR NONPAYMENT; ENFORCEMENT

A. Should OPSO fail to timely fund and authorize an automatic debit or other electronic transfer of any installment payment on or before the date required hereunder, OPSO shall owe to SPLC judicial interest at the rate provided for federal judgments so long as any installment payment remains unpaid, which shall be payable on demand. Anything herein to the contrary herein notwithstanding, OPSO shall not be responsible for any penalty if

the cause of the delinquency is any reason other than OPSO's failure to timely fund and authorize a payment.

In the event two or more monthly installments are delinquent at the same time, this penalty sum shall apply separately to each delinquent monthly installment. All subsequent payments by OPSO shall be first applied to delinquent monthly installments in the order of their maturity until all such delinquencies are corrected.

B. In the event that all delinquencies and any associated penalties are not fully and finally cured within 90 days after the first delinquency arose, the penalties provided herein shall cease to accrue. In that event, SPLC, at its sole option and as its sole remedy, may declare all unpaid installments of the agreed settlement amount set forth herein immediately due and payable and seek a judgment or order of the Court in this Case directing the payment of all unpaid installments and all penalties due thereon by OPSO, together with interest on the unpaid installments of the agreed settlement amount (but not on the penalties) from the date of judicial demand at the rate provided for federal judgments, reasonable attorneys' fees as fixed by the Court, and all costs of such proceedings.

## V. MISCELLANEOUS PROVISIONS

A. SPLC and OPSO each warrant to the other that they have full power and authority to enter into this Consent Judgment and to perform their obligations hereunder, and that they have each executed it through their undersigned duly authorized attorneys or other representative(s).

B. This Consent Judgment shall constitute the entire integrated agreement of the parties concerning the matters covered hereby, and can only be amended, notified or waived by a written instrument signed by both parties. No prior or contemporaneous communications, oral or written, will be relevant or admissible for purposes of determining the meaning of any provisions herein in this Case, or in any other proceeding.

C. This Consent Judgment shall be applicable to, and binding upon, both parties, their officers, agents, employees and assigns, and their successors in office.

D. Failure by either party to enforce this Consent Judgment or any provision hereof with respect to any due date or any other provisions herein shall not be construed as a waiver of the party's right to enforce other due dates or provisions hereof.

E. Any notice which either party may be required or desire to provide the party shall be sufficient and effective when delivered to the other party either in person, by certified mail, by telephone facsimile or by electronic transmission addressed as follows:

| | |
|---|---|
| **Southern Poverty Law Center** | **Orleans Parish Sheriff's Office** |
| Attn. Teenie Hutchison | Attn. Chief Deputy Jerry Ursin |
| 400 Washington | 819 S. Broad St. |
| Montgomery, AL 36104 | New Orleans, LA 70119 |
| (334) 956-8349 | (504) 822-8000 |
| Teenie.hutchison@splcenter.org | ursinj@opso.us |

By written notice to the other party, either party may provide a different recipient or address for notices.

F.   The parties consent to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Louisiana and of the presiding Judge in Section I thereof (or in such other Section to which this Case may be subsequently reallotted) for all matters relative to interpretation or enforcement of this Consent Judgment.

FOR THE DEFENDANT SHERIFF:

_____
MARLIN N. GUSMAN
Orleans Parish Sheriff

FOR THE PLAINTIFF CLASS:

_____
KATIE SCHWARTZMANN
ELIZABETH CUMMING
Southern Poverty Law Center
4431 Canal Street
New Orleans, LA 70119
(504) 486-8982
katie.schwartzmann@splcenter.org

_____
T. ALLEN USRY
FREEMAN R. MATTHEWS
BLAKE J. ARCURI
Usry, Weeks & Matthews, APLC
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
(504) 592-4600

So ORDERED this  10th  day of  October , 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

H:\12-279.004\Consent Judgment.wpd