## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (hereinafter, the "Agreement") is made on this 21st day of October, 2013, by and between Marlin N. Gusman, Sheriff of Orleans Parish (the "Sheriff"), on behalf of the Orleans Parish Sheriff's Office (the "OPSO") and the City of New Orleans (the "City") (the aforementioned parties being sometimes referred to as the "Parties"). The Parties hereby agree as follows:

**WHEREAS**, the Sheriff filed a third-party complaint naming the City as a third-party defendant as part of the litigation captioned *Lashawn Jones, et al. v. Marlin N. Gusman, et al.*, Case No. 12-859 (the "Third-Party Complaint"); and

**WHEREAS**, the Parties have agreed to resolve and compromise all differences and claims between them with respect to funding for fiscal year 2013 in the Third-Party Complaint ; and

**NOW THEREFORE**, in view of the foregoing, and in consideration of the payments and obligations set forth below, the Sheriff and the City give the following releases, and promise, represent, and acknowledge the following:

1. The following definitions shall apply to the Agreement:

    a. The "Sheriff Released Parties" shall mean Marlin N. Gusman, the Sheriff of Orleans Parish, the Orleans Parish Sheriffs' Office, and all of their respective present, former, and future elected officials, officers, employees, agents, consultants, servants, representatives, attorneys, insurers, successors, and assigns.

    b. The "City Released Parties" shall mean the City of New Orleans and all of its present, former, and future elected officials, officers, employees, agents, consultants, servants, representatives, attorneys, insurers, successors, and assigns.

    c. The "Third-Party Complaint" shall mean the third-party litigation commenced by the Sheriff against the City, as part of the lawsuit captioned *Jones, et al. v. Gusman, et al.*, Case No. 12-859.

    d. "Subject Matter" shall mean (1) all current and future claims by the Sheriff and/or the OPSO against the City, in their entirety, arising out of the claims alleged in the Third-Party Complaint related to the funding for the OPSO for fiscal year 2013, (2) all claims by the Sheriff and/or the OPSO against the City relating to the funding of the OPSO for fiscal year 2013, in their entirety, asserted or that could have been asserted in the Third-Party Complaint, and (3) all current and future claims by the City against the Sheriff and/or the OPSO, in their entirety, that could have been asserted by the City regarding funding for the OPSO for fiscal year 2013 and/or those that could have been asserted by the City in connection with the Third-Party Complaint.

2. The Sheriff, for himself and on behalf of the OPSO, agrees to dismiss all claims asserted against the City with respect to funding for fiscal year 2013 in the Third-Party Complaint with prejudice.

3. In consideration of the agreements, promises, and representations contained in this Agreement, the Parties agree as follows:

   a. The City shall pay the sum of ONE MILLION EIGHT HUNDRED EIGHTY-EIGHT THOUSAND SIX HUNDRED FIFTY-TWO U.S. DOLLARS AND SEVEN CENTS ($1,888,652.07) in interim funding for fiscal year 2013 to the OPSO.

   b. It is expected that the funds provided by the City pursuant to this Agreement shall be expended by the Sheriff in accordance with the following allocation:

      i. FIVE HUNDRED THOUSAND U.S. DOLLARS ($500,000.00) for the hiring and of and contracting for additional medical staff;

      ii. FOUR HUNDRED TWENTY-FIVE THOUSAND NINE HUNDRED SEVENTY-FOUR U.S. DOLLARS ($425,974.00) for increasing the minimum salary for individuals employed by the OPSO at the ranks of Recruit, Deputy 1, and Deputy 2 that are performing jail security functions at the Conchetta, House of Detention, Old Parish Prison, Templeman V, Temporary Detention Center, the "Tents," and the Female facilities.

      iii. THREE HUNDRED SEVENTY THOUSAND NINE HUNDRED THREE U.S. DOLLARS AND NINETY-EIGHT CENTS ($370,903.98) for overtime directly related to jail personnel shortages at the jail facilities.

      iv. TWO HUNDRED FIFTY THOUSAND EIGHT HUNDRED THIRTY-EIGHT U.S. DOLLARS AND TWENTY-SEVEN CENTS ($250,838.27) for the hiring of forty-two (42) individuals to perform jail security functions.

      v. ONE HUNDRED THIRTY-EIGHT THOUSAND U.S. DOLLARS ($138,000.00) for the purchase of medical supplies.

      vi. SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00) for the purchase of the "Watch Tour" software system.

      vii. FORTY THOUSAND U.S. DOLLARS ($40,000.00) for additional personnel issues at the discretion of the Sheriff.

      viii. TWENTY-FOUR THOUSAND NINE HUNDRED SIXTY-NINE U.S. DOLLARS AND THIRTY-NINE CENTS ($24, 969.39) for uniforms for new recruits.

      ix. TWENTY-THOUSAND U.S. DOLLARS ($20,000.00) for an increase of the minimum salary of fourteen (14) previously identified individuals currently taking part in the OPSO's training academy, or employed in the OPSO's transportation division and medical transportation division.

      x. TWENTY THOUSAND U.S. DOLLARS ($20,000.00) for the OPSO's recruiting budget.

      xi. SEVENTEEN THOUSAND NINE HUNDRED SIXTY-SIX U.S. DOLLARS AND FORTY-THREE CENTS ($17,966.43) in connection with the cost of OPSO's hiring of a qualified Jail Administrator as required by the Consent Decree.

      xii. FIVE THOUSAND U.S. DOLLARS ($5,000.00) for increasing the salary for five (5) individuals previously identified and employed by the OPSO at the rank of Lieutenant.

  c. The Sheriff and the OPSO shall strictly adhere to this Allocation.

  d. The Sheriff and the OPSO shall provide to the City an accounting within the last ten (10) days of the month for the remainder of 2013 detailing (i) all amounts expended by the Sheriff of the funds provided pursuant to this Agreement, (ii) the category from which the Sheriff drew such funds, and (iii) the remaining balance for each category. All supporting documentation for the Sheriff's expenditures of funds provided pursuant to this Agreement shall be made available to the City at its request.

  e. In connection with the Sheriff's accounting for the month of December 2013, the Sheriff shall return to the City all of the funds provided under this Agreement that have not otherwise been spent for the above described expenses and/or needed to pay those obligations incurred during 2013.

4. The Sheriff and the City agree that nothing in this Agreement obligates the City to provide specific levels of funding for 2014 and beyond.

5. The Sheriff and the OPSO have agreed that they shall refrain from making any claim or demand or commencing or causing any action in law or equity regarding the funding of the OPSO by the City for fiscal year 2013 against any City Released Party.

6. The Parties agree that this Agreement does not constitute an admission of liability or the validity of any claim by the Sheriff but has been reached by the Parties to conserve resources, to amicably resolve differences, to avoid the risks and uncertainty inherent in litigation, and to allow for the process of needed reforms regarding the conditions of confinement at Orleans Parish Prison to begin as soon as possible.

7. No change or modification of this Agreement shall be valid unless it is made in writing and signed by the Parties.

8. The Parties agree to submit to the jurisdiction of the United States District Court for the Eastern District of Louisiana in the event of any dispute requiring the interpretation and/or enforcement of this Agreement.

- 4 -

PD.10586509.2

- 5 -

IN WITNESS WHEREOF, the parties have executed this Release and Settlement Agreement as of the first date written above.

**BLAKE ARCURI, on behalf of**
**MARLIN N. GUSMAN, Sheriff of Orleans Parish**

_____

**CITY OF NEW ORLEANS**

_____
SHARONDA R. WILLIAMS
City Attorney on behalf of

The City of New Orleans and
The Hon. Mitchell J. Landrieu
Mayor of the City of New Orleans

*[Signature Page to Release and Settlement Agreement]*