UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHAWN JONES ET AL.** | **CIVIL ACTION** |
| | **No. 12-859** |
| **VERSUS** | **c/w 12-138** |
| | **REF: 12-859** |
| **MARLIN GUSMAN ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is the joint motion for entry of settlement agreement filed by the Sheriff of Orleans Parish ("Sheriff") and the City of New Orleans ("City").

The complaint in this case was filed on April 2, 2012.[1] Subsequent legal proceedings brought to light longstanding and grave deficiencies at Orleans Parish Prison. The Court entered a Consent Judgment on June 6, 2013, recognizing that "years of stagnation . . . have permitted OPP to remain an indelible stain on the community."[2] Since that date, the focus of the legal proceedings has been on the Sheriff's third-party claims against the City. In these claims, the Sheriff asserted that additional funding is required to ensure constitutional conditions at Orleans Parish Prison.

After voluminous briefing, nearly 30 hours of testimony in open court, and the submission of many highly technical and detailed exhibits, the Court took these claims under advisement. While the Court weighed the evidence and drafted an opinion, the parties continued settlement efforts. The Court was gratified that the parties were able to agree on a lead monitor, Ms. Susan McCampbell, and that the Sheriff and the Mayor agreed to split the cost of the monitoring team through the end of the year. However, notwithstanding the tireless and diligent efforts of Judge Martin L.C.

---

[1] R. Doc. No. 1.

[2] R. Doc. No. 465, at 104.

Feldman, who volunteered to act as a settlement coordinator over the last several months, the parties were unable to reach any type of broader settlement.

At the end of September, however, the Court was notified that the Sheriff and the Mayor believed that a settlement was still possible. The parties requested to meet with this Court in a final settlement effort.[3] On October 16, 2013, the parties informed the Court that they had reached substantive agreement as to funding for the remainder of the fiscal year and expected to be able to formally enter into an agreement today.

The Court commends the efforts of counsel for the United States of America and for the Plaintiff Class, which consists of all current and future Orleans Parish Prison inmates, for their diligent efforts to ensure that the settlement does not compromise the goals of the Consent Judgment. These efforts assured the Court that today's settlement adequately protects the rights of Orleans Parish Prison inmates.

Both the Sheriff and the Mayor had to make difficult decisions in this case that will influence the citizens of this community on a daily basis. These decisions, which required working together to reconcile sometimes-divergent interests, are the type of challenge that citizens entrust to their elected leaders. The government has an obligation to provide inmates with a safe and secure institution as well as adequate medical and mental health care. Of course, if the government fails to fulfill this obligation, the Court must act to remedy the resulting constitutional violations. The Court was prepared to act imminently in this case if a settlement was not reached, and it will be prepared to do so in the future if necessary. The Court commends the Sheriff and the Mayor, however, for rising to the challenge and reaching a compromise on this matter. Focusing on remedying conditions at Orleans Parish Prison, rather than on pointing fingers, is the only way to begin immediate

---

[3]*See* R. Doc. No. 569.

implementation of the Consent Judgment.

While today marks an important milestone, the hard work is only now beginning. Entry of the settlement today triggers the Consent Judgment's effective date. The Consent Judgment's provisions are narrowly tailored to remedy violations of inmates' federal rights, but they require a great deal of effort by the parties. Many of the changes address conditions at Orleans Parish Prison that have been present for generations. The Court is optimistic, however, that the parties and their attorneys are committed to working with the Monitor and the Court to make certain that the Consent Judgment effects meaningful change.

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the release and settlement agreement, which is attached to the joint motion, is acknowledged and made a part of the record in this case.

**IT IS FURTHER ORDERED** that with the agreement of all of the parties and as a result of the consensual resolution of these issues by the Sheriff and the City, this Order authorizing the entry of the release and settlement agreement shall satisfy the condition precedent set forth in the definition of "Effective Date" in the Consent Judgment.

New Orleans, Louisiana, October 21, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**