UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LASHAWN JONES ET AL.**     **CIVIL ACTION**

    **No. 12-859**
**VERSUS**     **c/w 12-138**
    **REF: ALL CASES**

**MARLIN GUSMAN ET AL.**     **SECTION I**

## ORDER AND REASONS

Before the Court are the objections[1] by the Sheriff of Orleans Parish ("Sheriff") and by the City of New Orleans ("City") to certain exhibits proposed by the Plaintiff Class and by the United States of America (collectively "Plaintiffs"). The Court considers each exhibit in turn.

### Plaintiffs' Proposed Exhibit 3

The City objects to Plaintiffs' proposed exhibit 3, the Report of the Lead Monitor, on the basis that is hearsay.[2] "It is noted that this is a bench [hearing] and that 'strict evidentiary rules of admissibility are generally relaxed in such trials.'" *Nelton v. Cenac Towing Co., LLC*, No. 10-373, 2010 WL 4702373, at *1 (E.D. La. Nov. 12, 2010) (Fallon, J.) (quoting *Moorhead v. Mitshubisi Aicraft Int'l, Inc.*, 828 F.2d 278, 287 (5th Cir. 1987)). The Court will permit the admission of the report, provided that, as at previous hearings, its author testifies to its completeness and accuracy. *See also Jones Motor Co., Inc. v. Holtkamp, Liese, Beckemeier & Childress, P.C.*, 197 F.3d 1190, 1192 (7th Cir. 1999) (Posner, J.); *In re Antill Pipeline Const. Co., Inc.*, No. 09-3646, 2013 WL 263510, at *2 (E.D. La. Jan. 23, 2013) (Berrigan, J.) ("[A]s this matter is being tried without a jury,

---

[1]R. Doc. No. 625; R. Doc. No. 626.

[2]R. Doc. No. 626, at 2.

[the Court] will allow in these expert reports, with movants' concerns going to their weight rather than their admissibility.").

The City also objects to this exhibit on the basis that the opinions as to salary estimates lack foundation.[3] According to the City, "nowhere in her 'analysis' does Ms. McCampbell disclose which New Orleans Civil Service or Department of Corrections jobs she used as the basis for her estimates."[4] But such information can be readily found in the Appendix to the report.[5] Any other challenges to the foundation of the report may be explored through cross examination. Accordingly, the City's objection to Plaintiffs' proposed exhibit 3 is **OVERRULED**.

### Plaintiffs' Proposed Exhibit 6

The City objects to Plaintiffs' proposed exhibit 6, the Lead Monitor's December 13, 2013 Memorandum, pursuant to Rule 408 of the Federal Rules of Evidence, which prohibits the admission of evidence of an offer to compromise a claim "to prove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Rule 408(a). The Court may admit such evidence, however, for another purpose. Rule 408(b).

Plaintiffs assert that this exhibit "is not offered to prove the validity of any position taken by any party in this case. Rather, it is offered to show the date on which the monitor began to mediate the disagreement between the parties," as required by Section V.C of the Consent Judgment.[6] Admitting this exhibit for that limited purpose is consistent with Rule 408. Moreover, given the

---

[3]R. Doc. No. 626, at 2.

[4]R. Doc. No. 626, at 3.

[5]*See, e.g.*, Plaintiffs' proposed exhibit 3, app. at 5-6.

[6]R. Doc. No. 627, at 4.

limited purpose for which the exhibit will be admitted, the City's objection on the basis of Rule 26 of the Federal Rules of Civil Procedure is unwarranted.[7] The City's objection to this exhibit is **OVERRULED**.

### Plaintiffs' Proposed Exhibits 10 and 14

Both the City and the Sheriff object to Plaintiffs' proposed exhibits 10 and 14, the declarations of Maggie Yates and Ada Phleger, on the basis that they are hearsay.[8] In the alternative, the Sheriff requests the right to depose these individuals prior to the March 20 hearing.[9] Without the agreement of the parties as to the admissibility of these exhibits, these individuals must be prepared to testify at the hearing, where the challenges to their testimony can be explored through cross examination.

The City also argues that the information in these exhibits is irrelevant because it reflects events that occurred prior to the effective date of the Consent Judgment.[10] The Court agrees with Plaintiffs that this argument goes to the weight of the evidence.

The objections to Plaintiffs' proposed exhibits 10 and 14 are **SUSTAINED IN PART**. The individuals who authored these declarations must be made available to testify at the hearing and to be deposed by the Sheriff prior to the hearing. The objections are **OVERRULED** in all other respects.

---

[7] R. Doc. N o. 626, at 3.

[8] R. Doc. No. 626, at 3.

[9] R. Doc. No. 626, at 2.

[10] R. Doc. No. 626, at 4.

**Plaintiffs' Proposed Exhibits 11 and 15**

The City objects to Plaintiffs' proposed exhibits 11 and 15, which are summary exhibits, on the basis that the City lacks the underlying documents.[11] Plaintiffs respond that the City did not request these documents until the date that it filed the objection, and that, in any case, the information supporting exhibit 11 was provided as exhibit 12 and that the information supporting exhibit 15 has now been provided to the City via email.[12] Accordingly, the objections are **DISMISSED AS MOOT** in part.

The City also objects to proposed exhibits 11 and 15 on the basis that they reflect events that occurred prior to the effective date of the Consent Judgment.[13] As previously noted, the Court will take this data into account when determining the appropriate weight, if any, to give this evidence. Accordingly, the objections are **OVERRULED** in all other respects.

**Plaintiffs' Proposed Exhibit 16**

The City objects to Plaintiffs' proposed exhibit 16 on the basis of relevance, as it contains two grievances that were submitted prior to the effective date of the Consent Judgment.[14] Plaintiffs contend that, given that "there has been no change in resources available for the grievance system" since that date, these exhibits are "relevant to identifying deficiencies in the grievance process, and the corresponding need for additional resources."[15] Plaintiffs will be given the opportunity to

---

[11] R. Doc. No. 626, at 4-5.

[12] R. Doc. No. 627, at 7.

[13] R. Doc. No. 626, at 5.

[14] R. Doc. No. 626, at 6.

[15] R. Doc. No. 627, at 9-19.

present evidence to support this assertion at the hearing. Accordingly, the City's objection goes to the weight, rather than the relevance, of the evidence, and the objection is **OVERRULED**.

New Orleans, Louisiana, March 17, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**