UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL,<br>Plaintiffs; and<br>UNITED STATES OF AMERICA<br>Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL,<br>Defendants<br><br>MARLIN N. GUSMAN,<br>Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS,<br>Third-Party Defendant | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge North |

### PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANT GUSMAN'S MOTION FOR DECLARATORY JUDGMENT AND CONTEMPT

The Plaintiff Class and the United States (jointly "Plaintiffs") hereby file this Memorandum in Opposition to Sheriff Gusman's Motion for Declaratory Judgment and Contempt. ECF No. 899. The Sheriff asks this Court to order implementation of the recommendation by the Mental Health Working Group for construction of an additional jail building (Phase III). The Sheriff also asks this Court to hold the City in contempt for "its efforts to frustrate Defendant's compliance with the Consent Decree by refusing to follow the recommendations of the Mental Health Working Group." Plaintiffs believe the Sheriff's request for relief is inappropriate.

I. **The Mental Health Working Group's Report is Not a Court Order**

In moving for contempt, the Sheriff bears "the burden of establishing by clear and convincing evidence: 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.,* 959 F.2d 45, 47 (5th Cir.1992)); *see also Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x. 419, 422 (5th Cir. 2013). Clear and convincing evidence is the "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir.1995); *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

The Sheriff's Motion references the Court's May 5, 2014 Order creating the Mental Health Working Group, ECF No. 668; the June 25, 2014 Order scheduling the parties' briefing and the Mental Health Working Group's review on mental health housing proposals, ECF No. 689; the September 6, 2014 report of the Mental Health Working Group, ECF No. 899-2; and the Consent Judgment entered in this case. ECF No. 466. None of these referenced documents include an order from the Court directing the parties to implement the recommendations of the Mental Health Working Group. Indeed, by requesting relief that the Court "render Declaratory Judgment declaring that ... the Mental Health Working Group report be implemented immediately," ECF No. 899 at 1, the Sheriff is tacitly admitting that the Court has not ordered such relief previously.

Without an extant court order, the City cannot "be held in contempt for its efforts to frustrate Defendant's compliance with the Consent Decree by refusing *to follow the recommendations* of the Mental Health Working Group." *Id.* (emphasis added).

The Mental Health Working Group was created to "be of assistance in resolving issues pertaining to mental health care" at the Orleans Parish jail system. ECF No. 668 at 2. The parties were directed to brief the Mental Health Working Group on proposals for a "detailed plan relative to long-term housing of male and female inmates with acute and sub-acute mental health issues." ECF No. 689 at 2. The Mental Health Working Group was directed to "review such plans, confer with the parties as necessary, and formulate its own proposed plan," to submit to the Court. *Id*. at 3. Following the parties' submission of proposals and responses, the Mental Health Working Group issued its report on September 6, 2014, which concluded that the Sheriff's plan to house prisoner mental health services in a new "Phase III" jail building "is the better option." ECF No. 899-2 at 4.[1]

In creating the Mental Health Working Group and requesting the parties' proposals, the Court repeatedly "emphasized that the Sheriff and the City should work together outside of the litigation framework to resolve these issues." *Id.* at 2. The task of the Mental Health Working Group was to evaluate mental health housing plans, but any recommendation made as to the best way to provide care would still only be implemented within the confines of local political processes. *See, e.g.*, *Harris v. City of Philadelphia*, No. CIV.A.82-1847, 2000 WL 1978, at *17 (E.D. Pa. Dec. 23, 1999) (ordering

---

[1] The Mental Health Working Group based its recommendations on the parties' proposals, the jail population at the time, and the "lack of adequate, actual data, regarding the current mental health housing situation." *Id.* Plaintiffs note that while the members of the Mental Health Working Group include medical and psychiatric experts, as well as the Sheriff's then-Jail Administrator and attorney, the Group does not include any criminologists or experts on correctional population management or projections.

defendants to conduct a planning process to construct new facilities and close or renovate existing ones, but noting that the decision to construct a new prison was made by city officials and not the court). The Mental Health Working Group report was a recommendation pertaining to the best way to provide mental health care at OPP. The report was not an order of the Court for the construction of an additional jail building. This precludes a finding of contempt for "frustrating" compliance with such recommendations.

## II. The Sheriff's Request for Declaratory Judgment Runs Afoul of the PLRA

Not only is there no existing court order with which the City could be found in contempt, the Prison Litigation Reform Act ("PLRA") places barriers on the Court's authority to enter any such order. The PLRA imposes a number of restrictions on the prospective relief a court can order in any civil action involving "prison conditions." 18 U.S.C. § 3626(a). All relief must be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary to correct a violation of federal rights. 18 U.S.C. § 3626(a)(1)(A). Moreover, the statute specifically states that: "[n]othing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons. . . ." 18 U.S.C. § 3626(a)(1)(C). In requesting declaratory judgment requiring implementation of the Mental Health Working Group's recommendation for a new Phase III jail building, the Sheriff is seeking an order for prospective relief that would require "the construction of prisons."[2]

---

[2] The PLRA would not prohibit an order to renovate or retrofit an existing jail facility. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493, 131 S. Ct. 1910, 1964 (2011) (Scalia, J., dissenting) (stating that "a more targeted program, involving the repair and perhaps the expansion of current medical facilities (as opposed to general prison facilities), might be manageable."); *Plata v. Schwarzenegger*, No. C01-1351 TEH, 2009 WL 799392, at *12 (N.D. Cal. Mar. 24, 2009) *aff'd in part, dismissed in part on other grounds*, 603 F.3d 1088 (9th Cir. 2010) (distinguishing between orders authorizing renovations of health-care facilities at existing prisons from construction of prisons; *Goff v. Harper*, 59 F. Supp. 2d 910, 925 (S.D. Iowa 1999)

Plaintiffs seek to ensure that all Orleans Parish prisoners are held under constitutional conditions and in a manner that enables "constitutionally adequate" mental health care. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble,* 429 U.S. 97, 103-05 (1976); Consent Judgment (ECF No. 466) at § IV.B.  Plaintiffs consistently have argued for a solution that will ensure adequate housing and services in the most timely manner.  Indeed, Plaintiffs raised with the Court the Phase II design problems and advocated a retrofit of the Phase II jail facility nearly two and a half years ago.  *See* Plaintiffs' Supplemental Memorandum in support of the Amended Proposed Consent Judgment (ECF No. 439).  Unfortunately, no action was taken in response.  Neither Plaintiffs nor the Court can impose specific housing decisions on the Orleans Parish Prison without a finding that the relief complies with the PLRA.  18 U.S.C. § 3626(a)(1)(A).  Absent a stipulation or evidentiary hearing addressing PLRA compliance, the Court is unable to make such a finding.

Nor do the Plaintiffs or the Court seek to disrupt City and Parish political processes for determining the best solution to the Phase II design problems.  As the Court has stressed, the specific decision on how and where to house prisoners with mental illness and other special needs must be determined through the proper political and administrative processes.  ECF No. 689 at 2; *see also Harris*, 2000 WL 1978 at *17. [3]

---

(ordering defendants to construct indoor exercise facilities in all cell houses and covered outdoor exercise areas in the special needs units, and provide equipment for both).  However, any such order would still need to be supported by findings demonstrating the PLRA's needs, narrowness, and intrusiveness requirements.  18 U.S.C. § 3626(a)(1)(A).

[3]   The City has been clear that only a retrofit of Phase II is authorized by political process, going so far as to sue the Sheriff in state court to force compliance with local ordinance.  *City of New Orleans v. Gusman*, case no. 15-6070 (Orleans Parish Civil District Court).  Various community groups filed an *amicus* brief in that litigation iterating political support for the City's position.  The City Council likewise affirmed its opposition to an additional jail building and called for a retrofit of Phase II again in August 2014 through Council Resolution no. 14-347.  The Sheriff has failed to comply with this clear political

Importantly, the Sheriff has no formal proposal or permit request to build a Phase III jail pending before the City Council. The Sheriff cannot obtain from this Court what he has failed to seek through the proper political channels, particularly in light of the PLRA's strictures.

### III. Conclusion

The Sheriff's Motion for Declaratory Judgment and for Contempt should be denied because (a) the Mental Health Working Group's report was a recommendation, not a Court order; and (b) the PLRA presents a barrier to entering such an order.

---

mandate and instead seeks to impose his will through this Court process. The burden is—and has been—on the Sheriff to devise a housing plan that complies with <u>both</u> the Constitution and local law, but he has not done so. The City has been clear in what is politically authorized through the political process. The Sheriff lambasts the City for not authorizing an additional jail building, but Plaintiffs are frustrated that all parties have known for years that an additional jail building is not authorized by local law, yet the Sheriff failed to take steps to reach a solution that comports with local political will, presumably assuming this Court would intervene as he now asks it to do.

             Respectfully submitted,


             /s/ *Katie M. Schwartzmann*
             KATIE SCHWARTZMANN, La. Bar No. 30295
             ELIZABETH CUMMING, La. Bar No. 31685
             Roderick and Solange MacArthur Justice Center
             4400 S. Carrollton Ave.
             New Orleans, LA 70119
             504-620-2259 (telephone)
             katie.schwartzmann@macarthurjustice.org


**FOR THE UNITED STATES:**

             VANITA GUPTA
             Principal Deputy Assistant Attorney General
             Civil Rights Division


               */s/Laura L. Coon*
             JUDY PRESTON, Acting Chief
             LAURA L. COON, Special Counsel
             COREY M. SANDERS
             KERRY KRENTLER DEAN

             Attorneys
             United States Department of Justice
             Civil Rights Division
             Special Litigation Section
             950 Pennsylvania Avenue, N.W.
             Washington, DC  20530
             (202) 514-6255

## **CERTIFICATE**

I hereby certify that a copy of the foregoing Motion has been served upon all counsel of record by notice from the Court's CM/ECF system, this the 20th day of October, 2015.

*/s/ Katie M. Schwartzmann*
Katie Schwartzmann