UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL,  )<br>Plaintiffs; and  )<br>UNITED STATES OF AMERICA  )<br>Plaintiffs in Intervention  )<br>  )<br>v.  )<br>  )<br>MARLIN N. GUSMAN, ET AL,  )<br>Defendants  )<br>  )<br>  )<br>MARLIN N. GUSMAN,  )<br>Third-Party Plaintiff  )<br>  )<br>v.  )<br>  )<br>THE CITY OF NEW ORLEANS,  )<br>Third-Party Defendant  )<br>  ) | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge Michael B. North |

**UNITED STATES' OPPOSITION TO THE INTERIM INDEPENDENT JAIL COMPLIANCE DIRECTOR'S MOTION TO CLARIFY STIPULATED ORDER**

The United States opposes the Interim Independent Jail Compliance Director's ("Compliance Director") Motion to Clarify Stipulated Order ("Motion"), ECF No. 1170-1, because it seeks relief outside of the processes agreed upon by the parties in Paragraphs A.7 and G of the Stipulated Order for Appointment of Independent Jail Compliance Director ("Stipulated Order"), ECF No. 1062. The United States requests that this Motion instead be referred to the Magistrate Judge per Paragraph A.7 of the Stipulated Order.

I.  **Background**

The Plaintiff class filed this lawsuit against Sheriff Marlin Gusman and other prison officials in April 2012, alleging serious constitutional violations regarding the conditions of

1

confinement and seeking injunctive relief. ECF No. 1. The United States later joined the litigation as Plaintiffs in Intervention pursuant to 42 U.S.C. § 1997. ECF No. 70. In December 2012, the parties resolved this litigation by entering into a Consent Judgment, ECF No. 101-3, which requires the Sheriff to implement systemic, enduring reforms to address the pervasive problems identified at the Jail, and which the Court entered in June 2013, ECF No. 466 ("Consent Judgment").

After a sustained period of non-compliance with the Consent Judgment, in April 2016, the Plaintiff class and the United States jointly filed a Motion for Order to Show Cause Why Defendant Marlin Gusman Should Not be Held in Contempt and for the Appointment of a Receiver to Implement the Consent Judgment. ECF No. 1009. The Plaintiff class and the United States sought the appointment of a receiver who would expedite compliance with the Consent Judgment by "administering operations of the Jail, including the ability to discipline, reassign, terminate, and promote Jail employees; develop and implement policies and procedures; allocate Jail budget funds; and enter into contracts for Jail services." ECF No. 1007-2.

Following a multi-day evidentiary hearing on the motion, in order to avoid continued litigation and appeals, the parties negotiated an agreement that created the position of the Independent Jail Compliance Director, which the Court entered as a Stipulated Order on June 21, 2016. ECF No. 1082. The Stipulated Order provides:

> The Independent Jail Compliance Director ("Compliance Director") will have final authority to operate the Orleans Parish Jail ("OJC") and all jail facilities, including authority over the entire prisoner population in the custody of the Orleans Parish Sheriff's Office ("OPSO"), housed inside or outside of Orleans Parish, and is charged with doing so in a manner to achieve substantial compliance with each provision of the Consent Judgment on a timely basis, as further described in the remedial action plan to be drafted by the Compliance Director. The Compliance Director shall seek advice and/or approval from the Sheriff regarding all decisions

>  that materially impact compliance with the Consent Judgment, unless doing so would cause unreasonable delay, and otherwise regularly inform the Sheriff regarding jail operations.

*Id.* at 3.  The Stipulated Order does not expressly state whether or to what extent the Independent Jail Compliance Director is immune from suit.  *Id.*

> II.    **The Compliance Director's Motion should be referred to the Magistrate Judge pursuant to Paragraph A.7 of the Stipulated Order.**

The Stipulated Order expressly contemplates that amendments and questions of interpretation may arise during the life of the agreement, and lays out the corresponding processes through which the parties agreed to resolve such disputes.  *Id.*  Paragraph A.7 provides that "[i]ssues regarding the interpretation or implementation of this agreement shall be referred to the United States Magistrate Judge assigned to the case for resolution," and permits a dissatisfied party or the Compliance Director to seek review of the Magistrate Judge's determination by the District Judge.  Paragraph G establishes the processes for amending the Stipulated Order, permitting amendments by Court order or by consent of all parties, subject to Court approval.  *Id.*

In his Motion, the Compliance Director states that he "does not seek to alter or amend the Stipulated Order, but only to clarify" the type of immunity afforded to the Compliance Director by the Stipulated Order.  ECF No. 1170-1 at 4.  The Compliance Director takes the position that "absolute immunity is both inherent in the nature and functions of the Compliance Director position and consistent with the intent of this Court." *Id.*  He further contends that adding explicit language to the Stipulated Order that the "Compliance Director shares the absolute judicial immunity of the Court" would not constitute an amendment, but rather a clarification of the intent of the Order.  *Id.* at 1.

Any clarification to the Stipulated Order should be obtained pursuant to the interpretation provision, Paragraph A.7. Accordingly, the United States respectfully requests that the Court refer this Motion to the Magistrate Judge pursuant to Paragraph A.7. This will give the parties the opportunity to discuss whether their agreement contemplated a grant of absolute immunity to the Compliance Director, or whether such a provision would constitute a substantive amendment to the Stipulated Order subject to Paragraph G. The United States does not oppose negotiating an amendment of the Stipulated Order to specifically address the question of immunity for the Compliance Director.

### III.  Conclusion

For the reasons stated above, the United States opposes the Compliance Director's Motion and asks that the Court refer this matter to the Magistrate Judge pursuant to Paragraph A.7 of the Stipulated Order.

Respectfully submitted,

**FOR THE UNITED STATES:**

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

 *s/ Megan R. Marks*
LAURA COWALL (T.A.)
Special Counsel
KERRY KRENTLER DEAN
MEGAN R. MARKS
Trial Attorneys
Special Litigation Section
Civil Rights Division

                                              U.S. Department of Justice
                                              950 Pennsylvania Avenue N.W.
                                              Washington, D.C. 20530
                                              (202) 616-2579
                                              megan.marks@usdoj.gov

Date: August 14, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2018, I served the foregoing via the Court's CM/ECF system, which will automatically provide notice to all counsel of record.

        *s/ Megan R. Marks*
        MEGAN R. MARKS
        Attorney for the United States
        Special Litigation Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue N.W.
        Washington, D.C. 20530
        (202) 616-2579
        megan.marks@usdoj.gov