UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHAWN JONES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-859** |
| **MARLIN GUSMAN, ET AL.** | **SECTION I** |

# ORDER

In a January 25, 2019 order issued by this Court, the Court emphasized:

The situation facing prisoners with mental health needs—both the male prisoners at [Elayn Hunt Correctional Center] and the female prisoners at the [Orleans Justice Center]—is dire: with Hunt no longer available as of October 2019, there is no plan in place regarding housing and treatment for male prisoners with significant mental health needs. Equally as troubling is the fact that there simply *is* no facility to address the needs of female prisoners with significant mental health issues. Despite repeated assurances from the City [of New Orleans], little progress has been made. As the Court advised the parties, action must be taken on an emergency basis to avert a crisis.

During the conference, the Court also emphasized the importance of a permanent solution designed to provide constitutionally mandated mental health treatment for all OJC prisoners. The Court reminded the City that all plans are subject to review by the monitors and, ultimately, the Court.

In the above-mentioned order, the Court mandated that "the City of New Orleans, in collaboration with the Independent Jail Compliance Director Darnley Hodge, Sr. and after consultation with the monitors, shall submit by February 25, 2019 a specific written proposal regarding a short-term solution" to the problem of incarcerating prisoners with significant mental health issues.[1]

---

[1] R. Doc. No. 1221.

On February 25, 2019 the City of New Orleans (the "City") submitted a plan intended to address the Court's concerns (the "Short-Term Plan").[2] The Short-Term Plan calls for the renovation of two buildings at the Temporary Detention Center (the "TDC") (four building units) for use as a temporary facility to house 39 male inmates and 26 to 30 female inmates with serious health issues.[3] The City's response also referenced detailed plans by GraceHebert Architects and advised that its plan was submitted "in collaboration with Director Hodge and [the Orleans Parish Sheriff's Office], and after consultation with the monitor."[4]

There being no feasible alternative presented by the parties, and time being of the essence with respect to what the Court considers a dire and exigent situation regarding the housing and treatment of mentally ill prisoners in the custody of Orleans Parish,

**IT IS ORDERED** that the City immediately initiate the planning, design, procurement, and renovation of the temporary accommodations described in its Short-Term Plan and the attachments thereto. The Court expects the project to be completed on or near the deadline set forth in the City's Short-Term Plan.

**IT IS FURTHER ORDERED** that the City and the Orleans Parish Sheriff's Office are directed to continue the programming phase of Phase III.

**IT IS FURTHER ORDERED** that the parties are to work collaboratively to design and build a facility that provides for the constitutional treatment of the special

---

[2] R. Doc. No. 1222.
[3] R. Doc. No. 1222.
[4] R. Doc. No. 1222.

populations discussed herein without undue delay, expense or waste. The parties may seek the assistance of United States Magistrate Judge Michael North in that regard.

**IT IS FURTHER ORDERED** that, beginning on April 18, 2019 and continuing every thirty (30) calendar days thereafter, the City shall timely submit a written statement to this Court advising it of the progress of the TDC renovation as well as any change in the projected date set forth in the City's response to the Court's January 25, 2019 order.[5] The written statement shall also advise the Court of the City's progress toward construction of Phase III.

The Court specifically finds that the orders herein extend no further than necessary to correct violations of the federal rights of the plaintiff class. The Court further specifically finds that such relief is narrowly drawn, extends no further than necessary to correct the violations of federal rights, and is the least intrusive means necessary to correct such violations. The Court has given substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief ordered herein.

New Orleans, Louisiana, March 18, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. No. 1221.