EASTERN DISRICT OF LOUISIANA

| | | |
|---|---|---|
| LASHAWN JONES, ET AL. | * | Civil Action No. |
| | * | No. 12-00859 |
| VERSUS | * | |
| | * | HON. LANCE M. AFRICK |
| MARLIN GUSMAN, ET AL. | * | SECTION: I |
| | * | |
| | * | MAG. MICHAEL B. NORTH |
| | * | SECTION: 5 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

## DECLARATION OF RONALD M. SHANSKY, MD

---

1. My name is Ronald M. Shansky, MD and I am of sound mind, over the age of eighteen, competent to make this declaration, and have personal knowledge of the following.

2. I am currently employed as a Consultant with Corrections Medicine and Continuous Quality Improvement. I have previously been employed as the Medical Director for the Illinois Department of Corrections.

3. I received my bachelor's degree from the University of Wisconsin, and my medical degree from Medical College of Wisconsin. I was also trained at the University of Illinois School of Public Health where I received my master's degree in public health.

4. I have had a lengthy career in correctional health, beginning in 1975 when I was the physician at the federal jail in Chicago.

5. I was appointed as a federal court expert in 1976 in *Lightfoot v. Walker*. Since then, I have been involved in several jurisdictions as a court expert working for both plaintiffs and defendants.

**Exhibit
D**

6. I have also been appointed as the Receiver for medical and mental health services for the District of Colombia Correctional Facilities.

7. I have served on the Board of Directors for the National Commission on Correctional Health Care for a decade.

8. I have been asked to serve as a U.S. Department of Justice monitor as well as a special master as well as court appointed expert over the years.

9. I am currently assigned or has been assigned as a U.S. Department of Justice Medical Monitor/Contract Expert in:

    a. *United States v. The Territory of the Virgin Islands*, 86-cv-0265 (D.V.I. 1986);

    b. *United States v. Erie County*, 09-cv-8495 (W.D.N.Y. 2009);

    c. *United States v. Dallas County*, 07-cv-1559 (N.D. Tex. 2007);

    d. Contract Monitor, Essex County, New Jersey.

10. I have reviewed the Consent Decree in this case, and it does not require the City to construct or operate a hospital or infirmary. The consent decree does list ten (10) provisions that needed to be addressed under three generic headings of Quality Management of Medication Administration, Health Care Delivered and Release and Transfer.

11. The Supplemental Compliance Action Plan submitted by the Defendants in January 2017, presented a plan accepted by the parties where the Parish of Orleans would commit resources to construct and operate an infirmary with 12 beds, as part of the proposed Phase III medical/mental health facility.

12. In addition to the infirmary, the Phase III facility would also provide 89 beds for acute and sub-acute patients, a laundry, and visiting accommodations.

13. For a number of valid reasons, the City is now seeking alternatives to the Phase III facility and the planned infirmary that would be part of the Phase III facility.

14. Based on the most recent Monitor's Report issued on January 2020 that covers less than three pages of content and analysis by the Monitor on compliance with medical care, the Defendants were determined to be in compliance with four of the ten provisions and partially complaint with the other six.

15. Of the partially compliant provisions, three had to do with prisoners being released and their continuation of treatment, while two others had to do with the production and review of reports. The sixth partial compliance had to do with physicians providing a systematic review of the use of medication.

16. There were no comments or opinions asserted by the Monitor that absence of an infirmary in the Orleans Justice Center ("OJC") was impeding delivery of medical care for either the current OJC population or recently released inmates.

17. There were no comments or opinions asserted by the Monitor indicating there is insufficient medical staff or that training is inadequate.

18. Based on data provided by the current medical care provider, the monthly number of local in-patient hospitalization days ranges from 58 – 123 days. Using the highest number of days recorded, the higher infirmary bed population would be in the 4-5 population range.

19. It is my opinion, that the provision of adequate medical and mental health care does not exclusively depend on the architecture of the facility. Rather it is the number of staff who are properly trained and have adequate resources to provide needed services on a timely basis.

20. I have been involved in other jurisdictions which provide constitutionally adequate services for the medical patients in a local hospital with a secure ward. Hospitals by design, rather

3

than jails, are much better equipped to provide the level of urgent care needed by a small percentage of the jail population, in terms of staffing levels, experience, training and resources.

21. For the OJC, an alternative to the Phase III infirmary unit would be sufficient if it meets the following conditions;

      a.  A secure and dedicated ward located in an easily accessible local hospital;

      b.  There must be a legal agreement between the City and the local hospital in terms of dedicated use of the ward for OJC patients who would otherwise be detained in the OJC;

      c.  The secure ward must have 10-12 beds within it and be properly staffed with security staff;

      d.  The OJC Medical Director must have admitting privileges to the secure ward for which she/he must make direct admissions to the ward;

      e.  The OJC Medical Director must make the rounds at least three times per week on the secure ward to ensure adequate care is being provided; and

      f.  There must be an arrangement that other hospitals in Orleans Parish will accept patients whom adequate medical care would not be available within the OJC or the secure ward at the local hospital.

22. If these conditions are met, Orleans Parish, in my opinion, will have provided a constitutionally adequate alternative to the proposed infirmary that would be part of the Phase III facility and would meet the medical care requirements of the Consent Decree.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.   Executed on June 25, 2020.

4

RONALD M. SHANSKY MD

# RONALD MARK SHANSKY, M.D.
# CURRICULUM VITAE

1441-G North Cleveland                              312-787-3365 Residence
Chicago, IL  60610                                  312-919-9757 Cell
                                                    rshansky@rshanskymd.com


*ACADEMIC TRAINING*

Bachelor of Science, University of Wisconsin, 1967
Doctor of Medicine, Medical College of Wisconsin, 1971
Master of Public Health, University of Illinois School of Public Health, 1975

*PROFESSIONAL LICENSE*

Licensed Physician (Illinois) No. 36-46042

*INTERNSHIP AND RESIDENCY TRAINING*

Internship – Cook County Hospital, July 1971-1972
Residency – Internal Medicine, Cook County Hospital, July 1972-1974

*BOARD CERTIFICATION AND FELLOWSHIPS*

Diplomate of the American Board of Internal Medicine – September 1978
Diplomate of the American Board of Quality Assurance and Utilization Review Physicians – 1992
Elected Fellow of the Society of Correctional Physicians – 1999

*EMPLOYMENT*

Medical Director, Center for Correctional Health & Policy Studies, Washington, D.C. Jail –
   2004 to 2006
Consultant, Corrections Medicine and Continuous Quality Improvement – 1993 to present on a full-time
   basis; and throughout career while holding other positions
Medical Director, Illinois Department of Corrections – 1992-1993, 1998-1999
Attending Physician, Department of Medicine, Cook County Hospital – 1978 to Present
Surveyor (part-time), Joint Commission on Accreditation of Healthcare Organizations – 1993-1997
Staff Physician, Metropolitan Correctional Center of Chicago – 1975-1982

*CONSULTATIONS*

Condition of Confinement Reviews for PricewaterhouseCoopers, reviewing detention facilities housing federal detainees; 2000–2004
Essex County Jail, Newark, N.J.
Michigan Department of Corrections
Montana Department of Corrections
New Mexico Department of Corrections
Polk Correctional Center, Raleigh, N.C.
South Dakota Department of Corrections
Washington DC Department of Corrections

*APPOINTMENTS*

Court Monitor, *Riker v. Gibbons*, Ely State Prison, Ely, Nevada – 2010
Member, Department of Justice Compliance Monitoring Team, King County Jail, Seattle, WA – 2009 to present
Member, Monitoring Team, Ohio Department of Youth Services – 2009 to present
Member, Department of Justice Monitoring Team, Dallas County Jail – 2008 to present
Member, Department of Justice Monitoring Team, Delaware Department of Corrections – 2007 to present
NCCHC Board Appointment – 1999-2009
Member, Task Force to Revise NCCHC Standards for Jails and Prisons – 2003 and 2007-2008
Member of Medical Oversight Team reviewing the Ohio prison system – 2005 to present
Court Monitor, De Kalb County Jail, Decatur, Georgia – 2002-2005
Consultant, California Department of Corrections – 2000
Court Monitor, Milwaukee County Jail – 1998 to present
Court Monitor, Essex County Jail, Newark, NJ – 1995 to present
Medical Expert, State of Michigan – 1995
Consultant to Special Master, *Madrid v. Gomez*, Pelican Bay Prison, California Department of Corrections – 1995
Medical Expert, State of New Mexico – 1994
Consultant, Connecticut Department of Corrections – 1994
National Advisory Board of the National Center for Health Care Studies – 1991
Illinois AIDS Interdisciplinary Advisory Council – November 1985
Illinois AIDS Caretaker Group – November 1985
Task Force to Rewrite American Public Health Association Standards for Medical Services in Correctional Facilities – 1983
Corrections Subcommittee, Medical Care Section, APHA – 1983
Preceptor, then Clinical Associate Professor, Department of Preventive Medicine and Community Health, Abraham Lincoln School of Medicine, University of Illinois, Chicago, Illinois – 1972-1979
Clinical Associate Professor, Department of Medicine, Ravenswood Medical Center, Chicago, Illinois – 1979-1981
Director, Phase 1 and 2 Program at Cook County Hospital for the Abraham Lincoln School of

Medicine – 1976-1978
Medical Director, Uptown People's Health Center – September 1978
Director, General Medicine Clinic, Department of Medicine, Cook County Hospital – 1975
Director, Clinical Services, Department of Internal Medicine, Cook County Hospital – 1975
Associate Attending Physician, Department of Internal Medicine, Cook County Hospital – 1974-1975
Instructor, Illinois College of Optometry, Chicago, Illinois – 1972-1974

## COMMITTEE MEMBERSHIPS

Chairman, State of Illinois AIDS Caretakers Committee – 1985
Chairman, Corrections Subcommittee, Medical Care Section – 1983
Chairman, Medical Records Committee, Cook County Hospital – 1981
Member, Executive Medical Staff, Cook County Hospital – 1979
Member, Task Force to Rewrite the *Standards for Health Services in Correctional Institutions* –
  published 1986

## PROFESSIONAL ORGANIZATIONS

Society of Correctional Physicians – President, 1993-1995
American Public Health Association – 1974 to present
American Correctional Health Services Association – 1988
American Correctional Association – 1982
Federation of American Scientists – 1974-1981

## CIVIC

Mutually agreed upon expert, Milwaukee County Jail – 2001
Mutually agreed upon expert, *Inmates v. Essex County Jail*, 1995 to present
Appointed Receiver by Judge William Bryant, Medical and Mental Health Programs, District of
  Columbia Jail, *Campbell v. McGruder* – 1995
Mutually agreed upon neutral expert, State of Montana, *Langford v. Racicot* – 1995
Mutually agreed upon neutral expert, State of Vermont, *Goldsmith v. Dean* – 1996
Executive Committee Overseeing Health Care, Puerto Rico Administration of Corrections – 1993
Appointed by Judge Gerald Jenks, District Court for the Central District of Utah, as Impartial Expert
  in the matter of *Henry v. Deland* – 1993
Appointed by Magistrate Claude Hicks Jr., U.S. District Court in Macon, Georgia as Medical Expert
  in the matter of *Cason v. Seckinger* – 1993
Appointed by Judge Owen M. Panner, District of Oregon, as Special Master in *Van Patten v. Pearce*
  involving medical services at Eastern Oregon Correctional Institution – December 1991
Appointed by Allan Breed, Special Master, *Gates* case, as Medical Consultant regarding California
  Medical Facility in Vacaville
Appointed by Judge M. H. Patel, Special Master, case involving San Quentin Prison – 1989 to 1995
Selected as part of delegation to inspect the medical services provided to Palestinian detainees in the
  Occupied Territories and Israel by Physicians for Human Rights – 1989

Appointed by U.S. District Judge Williams as member of medical panel monitoring medical services in Hawaii Prison System – 1985

Appointed by U.S. District Judge Black to evaluate medical services in the Florida Prison System –1983

Appointed by U.S. District Judge Kanne as monitor to the Lake County, Indiana Jail in the litigation of the *Jensen* case (H74-230) – 1982

Appointed by U.S. District Judge J. Moran as Special Master of the Lake County, Illinois Jail in the litigation of *Kissane v. Brown* – 1981

Board Member, Health and Medicine Policy Research Group, Chicago, Illinois – 1980

Appointed to Advisory Committee, State of Alabama, Department of Mental Health – 1980

Appointed as consultant to the State of Alabama, Department of Mental Health – 1979

Consultant, U.S. Department of Justice Civil Rights Division, Special Litigation Section – 1977

Appointed by U.S. District Judge J. Foreman to a three-member panel of medical experts to advise on health conditions at Menard Correctional Center, Menard, Illinois – 1976

### *AWARDS*

NCCHC Bernard Harrison Award for Distinguished Service to the Field of Correctional Medicine – 2010

Armond Start Award for Excellence in Correctional Medicine, Society of Correctional Physicians – 1999

American Correctional Health Services Association Distinguished Service Award – 1992

### *PUBLICATIONS*

Michael Puisis, editor, Ronald Shansky, associate editor, *The Clinical Practice in Correctional Medicine, second edition,* 2006.

Schiff, G., Shansky, R., chapter: "The Challenges of Improving Quality in the Correctional Health Care Setting," in *The Clinical Practice in Correctional Medicine, second edition*, 2006.

Schiff, G.; Shansky, R.; Kim, S., chapter: "Using Performance Improvement Measurement to Improve Chronic Disease Management in Prisons," in *The Clinical Practice in Correctional Medicine, second edition*, 2006.

Anno, B.J., Graham, C., Lawrence, J., and Shansky, R. *Correctional Health Care – Addressing the Needs of the Elderly, Chronically Ill, and Terminally Ill Inmates*. National Institute of Corrections, 2004.

Schiff, G., Shansky, R., chapter: "Quality Improvement in the Correctional Setting," in *The Clinical Practice in Correctional Medicine*, 1998.

How-To Manual, *Quality Improvement in a Correctional System*, State of Georgia, Department of Corrections, 1995.

*Journal of Prison and Jail Health*, Editorial Board; 1988 – present.

Shansky, R., "Advances in HIV Treatment: Administrative, Professional and Fiscal Challenges in a

Correctional Setting," *Journal of Prison and Jail Health*, Volume 9, Number 1.

B. Jaye Anno, Ph.D., *Prison Health Care: Guidelines for the Management of an Adequate Delivery System*, 1991; Member of Editorial Advisory Board.
Coe, J., Kwasnik, P., Shansky, R., chapter: "Health Promotion and Disease Prevention" in B. Jaye Anno, Ph.D., *Prison Health Care: Guidelines for the Management of an Adequate Delivery System*, 1991.

Hoffman, A.; Yough, W.; Bright-Asare, P.; Abcariam, H.; Shansky, R.; Fitzpatrick, J.; Lidlow, E.;   Farber, M.; Summerville, J.; Petani, C.; Orsay, C.; Zal, D., "Early Detection of Bowel Cancer at an Urban Public Hospital: Demonstration Project," *Ca – A Cancer Journal for Clinicians*, American Cancer Society, Nov/Dec 1983, Vol. 33, No. 6.

Mehta, P.; Mamdani, B.; Shansky, R.; and Dunea, G., "Double Blind Study of Minoxidil and Hydralazine." Sixth International Conference of Nephrology, Florence, Italy – June 1975.

***PRISONS INSPECTED***

State of Alabama Prisons at Kilby, Holman, Fountain, Tutweiller, Staton, and Draper
Parchman State Prison, Mississippi Jefferson County and Birmingham City Jails, Alabama
Arizona State Prison, Florence, Arizona
Washington County Jail, Fayetteville, Arkansas
California Medical Facility, Vacaville
California State Penitentiary, San Quentin
Colorado State Penitentiaries, Centennial, Fremont, Territorial
District of Columbia Jail at Occoquan
Florida Prison System
Florida County Jails, including Monroe County, Pasco County and Polk County
Krome Detention Facility (INS), Miami, Florida
Department of Juvenile Justice, State of Georgia
Georgia Diagnostic Center, Jackson, Georgia
Hawaii Prison System
Menard Correctional Center, Illinois
Rock Island County Jail, Rock Island, Illinois
Indiana State Penitentiary, Michigan City, Indiana
Indiana Reformatory, Pendleton, Indiana
Lake County Indiana Jail, Crown Point, Indiana
Maine State Prison, Thomaston, Maine
State Prison of Southern Michigan
New Hampshire State Penitentiary, Concord
New York City Jails
Sing Sing Penitentiary, New York
Ohio Women's Prison
State of Vermont Prison System
Walla Walla State Penitentiary, Washington

Wisconsin State Penitentiaries at Waupan, Fox Lake, Taycheedah and Dodge

***SURVEYED MEDICAL PROGRAMS***

Federal Bureau of Prisons, approximately 20 facilities

***INTERNATIONAL INSPECTION***

Israeli Prisons and Jails Housing Palestinian Detainees