UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and<br>UNITED STATES OF AMERICA Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL, Defendants<br><br><br>MARLIN N. GUSMAN, Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge Michael B. North |

**UNITED STATES AND PLAINTIFF CLASS' RESPONSE TO
SHERIFF'S MOTION TO TERMINATE THE STIPULATED ORDER
FOR APPOINTMENT OF INDEPENDENT JAIL COMPLIANCE DIRECTOR**

NOW INTO COURT, through undersigned counsel, come the United States and the Plaintiff Class (hereinafter "Plaintiffs") who submit this response to Defendant Orleans Parish Sheriff Marlin Gusman's Motion to Terminate the Stipulated Order for Appointment of Independent Jail Compliance Director.[1] For the reasons detailed below, Plaintiffs do not dispute that sufficient "material progress with substantial compliance"[2] with the Consent Judgment has

---

[1] ECF No. 1274, with memorandum in support at ECF No. 1274-1. The Sheriff's motion also sought the termination of the consent judgment in its entirety. However, the Court dismissed that portion of the motion without prejudice. ECF No. 1280.
[2] ECF No. 1082.

1

been achieved, meriting the termination of the Compliance Directorship. However, Plaintiffs contest the Sheriff's assertion that the Orleans Parish Sheriff's Office ("OPSO") has achieved full compliance with the Consent Judgment[3] and assert that there are current and ongoing violations of class members' constitutional rights which warrant the continued enforcement of the Consent Judgment.

## I. Stipulated Order for Appointment of Independent Jail Compliance Director

This litigation was filed by prisoners in the custody of the OPSO in April 2012,[4] alleging harm and unconstitutional conditions of their confinement. The Sheriff, along with the Plaintiff Class and the Plaintiff in Intervention United States, agreed to a Consent Judgment, which was approved and entered by this Court in June 2013.[5] In entering the Consent Judgment, this Court ensured that the relief it provided was narrowly drawn, extended no further than necessary to correct the violations of federal rights, and was the least intrusive means of doing so, as required by the Prison Litigation Reform Act, 18 U.S.C. § 3626.[6]

In April 2016, Plaintiffs sought an order to show cause why the Sheriff should not be held in contempt and for appointment of a receiver to implement the Consent Judgment.[7] Plaintiffs contended that, although the Consent Judgment had been in place for years, the Sheriff remained seriously non-compliant with numerous provisions that impact the safety and health of the people imprisoned in the Orleans Parish jail. Further, Plaintiffs argued that as the Sheriff was not making adequate progress toward compliance, significant enforcement measures were necessary to accelerate the pace of reform. The Sheriff opposed Plaintiffs' motion, but subsequently agreed to

---

[3] ECF Nos. 1274 and 1274-1.
[4] ECF No. 1.
[5] ECF No. 466.
[6] *See* ECF No. 465.
[7] ECF No. 1009.

a settlement where an Independent Jail Compliance Director was appointed. The Compliance Director has the final authority to operate the jail and was charged with doing so in a manner to achieve timely, substantial compliance with the provisions of the Consent Judgment.[8] This Court entered the stipulated order on June 21, 2016.

## II. Material Progress with Substantial Compliance

As provided by the Stipulated Order, the Sheriff may file a motion to terminate the Compliance Directorship "on the basis that the Compliance Director has enabled the Orleans Parish Jail to achieve material progress with substantial compliance" with the Consent Judgment.[9] Consistent with this provision, on May 27, 2020, the Sheriff moved this Court to terminate the compliance directorship.

The Sheriff's motion describes the improvements in substantial compliance ratings that have occurred between Monitors' Report No. 5,[10] based on the February 2016 tour, and Monitors' Report No. 11,[11] based on the September 2019 tour.[12] The Monitors had determined that only 10 of the 173 provisions of the Consent Judgment were in substantial compliance at the time of entry of the Stipulated Order and the appointment of the Compliance Director. But as of their most recent, filed report, the Monitors determined that 103 provisions were in substantial compliance.[13] This improvement constitutes sufficient material progress towards substantial compliance.[14]

---

[8] ECF No. 1082.
[9] ECF No. 1082 at 15, § E.2.
[10] ECF No. 996.
[11] ECF No. 1259.
[12] ECF No. 1274-1 at 42-43.
[13] *See* ECF No. 1259, Report No. 11 of the Independent Monitors, at 6, Table 1 – Summary of Compliance – All Compliance Reports.
[14] Plaintiffs' acknowledgment of material progress toward substantial compliance with provisions of the Consent Judgment does not underestimate the reforms still needed to prevent ongoing harm to Plaintiff Class members, as outlined in Section III. Important provisions of the Stipulated Order have not been achieved during the years of the Compliance Directorship, including effective training on and full implementation of required policies, as well as the development of quality assurance and auditing systems to effectively self-evaluate OPSO's performance and to correct deficiencies. *See* ECF No. 1082 at 3, 6-8. The termination of the Compliance Directorship should not substantially

III.     Ongoing Harm and Rights Violations

This Court dismissed the Sheriff's motion to terminate the Consent Judgment without prejudice.[15] As such, Plaintiffs' response does not address that request for relief. But as the Sheriff argues that "OPSO is in Substantial Compliance with the Consent Decree"[16] as part of his request to terminate the Compliance Directorship, Plaintiffs must record their opposition to the Sheriff's assertion.

In support of his motion, the Sheriff relies on the following assertion: "OPSO is in Substantial Compliance with the Consent Decree, which warrants termination of the entirety of the Consent Decree. Thus, at a minimum OPSO has achieved *material progress* with Substantial Compliance . . . , which satisfies the standard necessary to terminate the Stipulated Agreement under Section E(2)."[17] Plaintiffs dispute the Sheriff's representation that OPSO is in substantial compliance with the Consent Judgment, and contend that there is ongoing harm and violations of prisoners' constitutional rights. The Court-appointed Monitors' reports also confirm that OPSO has not achieved substantial compliance with significant provisions of the Consent Judgment, that only minimal progress has been made in some areas, and that significant work remains to be done on crucial issues such as staffing, training, reporting, reducing violence and the necessity to use force, and improving medical and mental health care.[18]

The language of the Stipulated Order specifically provides that the Sheriff, following any termination of the Compliance Directorship, remains subject to the terms of the Consent Judgment

---

alter OPSO's work related to these provisions, as they remain essential to full achievement of substantial compliance with the Consent Judgment and to sustaining those reforms.
[15] ECF No. 1280.
[16] ECF No. 1274-1 at 42.
[17] ECF No. 1274-1 at 42 (emphasis in original).
[18] *See, e.g.,* Report No. 11 of the Independent Monitors, ECF No. 1259 at 5. At the time of filing, Report No. 12 of the Independent Monitors is in draft form, but has been reviewed by the parties.

and the requirements for achieving substantial compliance with all provisions.[19] Thus, the Stipulated Order provides for the Sheriff to remain under the supervision of this Court, with assistance from the Monitors, to ensure the jail continues to improve, with the ultimate goal of maintaining a constitutionally-run facility.

IV.  Conclusion

While OPSO still has not reached substantial compliance with key components of the Consent Judgment and serious risks to members of the Plaintiff Class remain, Plaintiffs concur that the limited and negotiated standard of "material progress" with substantial compliance with the provisions of the Consent Judgment has been achieved, and therefore do not oppose termination of the Compliance Directorship. As operational control of the Orleans Parish jail returns to the Sheriff, under the continued oversight of the Monitors and the authority of this Court, OPSO must continue to work towards substantial and sustainable compliance pursuant to the terms of the Consent Judgment and the requirements of the Constitution.

---

[19] ECF No. 1082 at 15-16.

**FOR THE UNITED STATES:**

| | |
|---|---|
| PETER G. STRASSER<br>U.S. Attorney<br>Eastern District of Louisiana | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| */s/ Theodore Carter III*<br>THEODORE CARTER III,<br>(IL 6188964)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA 70130 | *s/ George Eppsteiner*<br>KERRY KRENTLER DEAN,<br>(DC 474260)<br>Acting Special Counsel (T.A.)<br>GEORGE EPPSTEINER (NC 42812)<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 305-4044<br>george.eppsteiner@usdoj.gov |

**FOR THE PLAINTIFF CLASS:**

*s/ Emily Washington*
EMILY WASHINGTON, LSBN 34143
ELIZABETH CUMMING, LSBN 31685
ERIC FOLEY, LSBN 34199
MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
(504) 620-2259
emily.washington@macarthurjustice.org

Date: July 13, 2020