UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                                CIVIL ACTION

VERSUS                                               NUMBER: 12-0859

MARLIN N. GUSMAN, ET AL.                             SECTION: "I"(5)

**ORDER**

The Court has received and reviewed the memoranda filed by the Compliance Director (rec. doc. 1301), the Plaintiffs (rec. doc. 1304), and the Sheriff (rec. doc. 1305) in opposition to the City of New Orleans' ("the City's") Motion for Relief from Court Orders of January 25, 2019 and March 18, 2019. (Rec. doc. 1281).

No later than August 12, 2020, the City shall file a memorandum in reply to these three opposition memoranda. Motions for leave to file the reply memorandum and/or to exceed the page limit imposed by the local rules need not be filed, as leave to do both is granted by this Order. No sur-reply memoranda shall be filed.

In its reply memorandum, the City shall, at a minimum, directly address the following issues/questions raised in the various opposition memoranda[1]:

(1) Does the City agree that the Stipulated Order signed by the Parties (rec. doc. 1082) obligates it to use FEMA funds designated to replace the Templeman II facility "exclusively for implementation of the plan [for] (1) appropriate housing for prisoners with mental health issues and medical needs, (2) addressing the housing needs of youthful offenders, and (3) addressing the current conditions of the 'Docks' facility?" (*Id.*).

---

[1] To be clear, the City is not limited to addressing only these issues in its reply memorandum.

(2) If the City does not agree with that proposition, it should explain in detail why.

(3) What is the amount of Templeman II FEMA funds that remain available to build "appropriate housing for prisoners with mental health issues and medical needs?" (*Id.*).

(4) How did the City arrive at the figure of $36.1 million it claims is available to be applied to construction of the Special Needs Facility, as stated in its "Response to Court Order Dated 1/25/19?" (Rec. doc. 1222).

(5) Prior to filing its "Response to Court Order Dated 1/25/19 (*Id.*), did the City ever seek FEMA's approval or otherwise vet with FEMA that agency's willingness to allow the City and OPSO to proceed with any of its proposals to renovate TDC and/or OJC as a long-term and durable solution to housing inmates with mental health issues and medical needs? If so, when did that occur and what was FEMA's response?

(6) Does the City agree with the Compliance Director (and Mr. Gaffney) that an additional $4 million in FEMA funds are available for use in constructing Phase III if the City enters into a cooperative endeavor agreement with OPSO concerning the Central Plant?

(7) To what extent, if any, did the City consult with or otherwise involve Plaintiffs' counsel and the monitors in the design for the temporary use of TDC for housing for prisoners with mental health issues and medical needs?

(8) What specific, durable solution, if any, for the appropriate housing for prisoners with mental health issues and medical needs is the City suggesting it be permitted to pursue in lieu of the promised construction of the Special Needs Facility?

(9) To the extent the City proposes any specific, durable solution(s) as described above, has FEMA been consulted on its position on such solution(s) since February 25, 2019 and, if so, what was that agency's response?

Responses to these questions should be supported by an affidavit signed by an individual with personal knowledge of the truth of those responses.

New Orleans, Louisiana, this  29th  day of           July          , 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE