UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO. 12-859 |
| MARLIN GUSMAN, ET AL. | SECTION I |

### ORDER & REASONS

Before the Court is an unopposed motion filed by Sheriff Marlin Gusman ("Sheriff Gusman") to terminate the appointment of the Independent Jail Compliance Director. ("Compliance Director")  For the following reasons, the motion is **GRANTED**.

On June 6, 2013, this Court approved a Consent Judgment which required Sheriff Gusman to implement systemic and durable reforms to address pervasive and longstanding problems at the Orleans Parish Prison.  This Court eventually approved the selection of a lead monitor and other sub-monitors who would ensure the effective implementation of the Consent Judgment.  On October 21, 2013, the Court also entered the release and settlement agreement reached between Sheriff Gusman and the City of New Orleans relating to jail funding.

Following almost three years of oversight by the Court, extensive work by the Monitors, numerous in-court and in-chambers discussions between the parties and the Court, and motion hearings, on April 25, 2016, plaintiffs filed a motion requesting that Sheriff Gusman show cause why he should not be held in contempt and also requesting the appointment of a receiver to implement the Consent Judgment.  Sheriff Gusman opposed the motion and a six-day evidentiary hearing was held which was interrupted as a result of the parties entering into a stipulated

agreement to avoid continued litigation and appeals.  The stipulated agreement was approved by this Court on June 21, 2016.

The Stipulated Order, agreed upon by the parties and approved by the Court, provided for the appointment of a Compliance Director who would have final authority to operate the Orleans Parish jail ("OJC") and all related jail facilities.  The Court's appointment of the Compliance Director was intended to achieve substantial compliance with **each** provision of the Consent Judgment on a timely basis.

On September 15, 2016 this Court, with the consent of Sheriff Gusman, approved the appointment of Gary Maynard as Independent Compliance Director effective October 1, 2016.  Subsequently, on January 29, 2018 the Court, with gratitude for his service, accepted the resignation of Gary Maynard.  In doing so, the Court noted that there was much work to do related to the pace of reform and lack of compliance with the mandates of the Consent Decree.  The Court, among other things, specifically noted the level of violence at the jail, the number of suicides and attempted suicides, the lack of meaningful and timely healthcare, and the lack of accessible mental healthcare, especially among female inmates with acute mental health issues.

In the Court's January 29, 2018 order, the Court appointed Darnley Hodge as the Acting Compliance Director, effective February 19, 2018.   On October 12, 2018, having been notified that Sheriff Gusman approved the appointment of Darnley Hodge as Compliance Director, the Court appointed Darnley Hodge to that position.

Pursuant to the termination provisions of the Stipulated Order, no sooner than nine months after the appointment of the Compliance Director, the Sheriff is permitted to file a motion to terminate the Compliance Directorship on the basis that the Compliance Director has enabled the

Orleans Parish jail to achieve material progress with substantial compliance with all provisions of the Consent Judgment.[1]

The Consent Judgment has 174 separately rated provisions which often intertwine with each other. All parties agree that the Compliance Director has enabled the Orleans Parish jail to achieve material progress with substantial compliance with all provisions of the Consent Judgment as defined in the Stipulated Order. According to the twelfth compliance report submitted by the Independent Monitors dated July 27, 2020, the Orleans Parish Sheriff's Office has achieved substantial or partial compliance with 100 percent of the provisions set forth in the Consent Judgment. According to the Monitors, 32 percent of the provisions are in partial and not substantial compliance. The latest compliance report also notes that there remains significant work ahead in several areas including curbing violence in the jail, and additional efforts to improve medical and mental healthcare.

The material progress made by the Orleans Parish Sheriff's Office is no small feat. It has been accomplished through the leadership of the Compliance Director, Monitors, Sheriff Gusman, jail staff, and all parties. There are many reasons to be optimistic that the requirements of the Consent Judgment will be achieved, and that continued progress will be made. However, just as in Hans Christian Andersen's tale of the Emperor's New Clothes, we should not deceive ourselves and fail to speak up when we know the truth; there is still fundamental work to be done.

For example, there remain significant incidents of violence relating to inmates and staff that must be addressed. Pressing medical and mental health issues, especially among women,

---

[1] The Court notes that XI C. of the Consent Judgment states that the Consent Judgment shall terminate when defendant has achieved substantial compliance with **each** provision of the agreement and has maintained substantial compliance with the Consent Judgment agreement for a period of two years. Accordingly, the standard for terminating the Consent Judgment is more stringent than the standard applied for terminating the position of Compliance Director.

cannot be ignored. Just as it would be wrong and constitutionally unacceptable to deny a diabetic inmate insulin or an inmate with cardiac issues heart medicine, it would be fundamentally wrong to deny an inmate with serious acute mental health issues treatment at an adequate facility to address such issues.

As a result of this lawsuit, there has been meaningful institutional change which continues. The jail population may change over time as policy decisions are made by the City of New Orleans and others involved in the criminal justice system. However, whether it be one inmate or a thousand inmates, once an individual is incarcerated, it is the obligation of the City of New Orleans and the Orleans Parish Sheriff to provide, among other things, constitutionally mandated medical/mental healthcare as well as a safe environment. The Constitution and the Consent Judgment do not mandate more than that, but they certainly do not permit less.

Accordingly,

**IT IS ORDERED** that, effective on a date to be determined after further consultation with Sheriff Gusman and the Compliance Director, the motion to terminate the appointment of the Independent Jail Compliance Director is **GRANTED.**

New Orleans, Louisiana, August 5, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**