MINUTE ENTRY
NORTH, M.J.
AUGUST 20, 2020

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 12-0859 |
| MARLIN N. GUSMAN, ET AL. | SECTION: "I"(5) |

A status conference was conducted by video in the presence of a Court Reporter (Alexis Vice), to discuss numerous matters related to the City's pending Motion for Relief from Court Orders of January 25, 2019 and March 18, 2019. (Rec. doc. 1281).

PARTICIPATING:  Elizabeth Cumming    Laura Cowall
Emily Washington    George Eppsteiner
Ted Carter    Rick Stanley
Bryan Reuter    Sunni LeBeouf
Harry Rosenberg    Blake Arcuri
James Williams    Darnley Hodge
Margo Frasier

At the conference the Court made the following rulings and observations:

In its reply brief, the City raised an argument that it had not previously raised –that the PLRA prohibits the Court from ordering the City to build a jail. While the Court earlier indicated that it would not entertain sur-reply briefs, it did not anticipate at that time that the City would make a new, allegedly dispositive, argument for the first time in its reply brief. Accordingly, any party that wishes to address that argument only may do so in a sur-reply brief filed no later than Wednesday, August 26, 2020. Such briefs shall be limited to 10 pages and need not be accompanied by motions for leave, as leave is specifically granted herein for the briefs to be filed.

The Court overrules the City's objections to the Compliance Director's participation in these proceedings, as his input as the person currently charged with operating the jail as an extension of the Court is clearly valuable. The office of the Compliance Director was originally charged with submitting a plan for permanently housing special populations and such a plan was submitted on January 4, 2017. (Rec. doc. 1106). That plan is essentially identical to the plan submitted by the City in 2018 (*see* rec. doc. 1301-6), from which it now seeks relief. Additionally, while the District Judge recently granted the Sheriff's motion to terminate the appointment of the Compliance Director, he specifically stated that said termination would be "effective on a date to be determined after further consultation with Sheriff Gusman and the Compliance Director." (Rec. doc. 1311). The Compliance Director therefore remains in that position indefinitely. For these reasons, his participation in this proceeding is appropriate.

The Court instructed the parties, particularly the City, to make every effort to cull their respective witness lists. No later than September 1, 2020, the parties shall exchange their final will-call witness lists. No later than September 9, 2020, the parties shall file a joint final witness list, including an explanation of any objections to any witness's testimony. Objections will be resolved prior to the hearing.[1]

A hearing on the City's motion will begin on October 5, 2020 at 9:00 a.m. and continue until completed.[2] Pursuant to Local Rule 43.1, oral testimony will be permitted. Witnesses

---

[1] At the conference, the Court denied the City's objection to the proposed testimony of former City Attorney, Rebecca Dietz.

[2] Given the City's repeated entreaties for an expedited resolution of the issues raised in its motion, the Court notes here that it originally scheduled the hearing to begin September 8, 2020 and extended that date to October 5, 2020 expressly and solely at the request of the City.

2

shall be presented by the parties in the order in which their respective pleadings were filed: the City, Compliance Director, Plaintiffs/DOJ, and the Sheriff.

Concerning exhibits, the Court considers all exhibits and documents in the record of this case to be admissible for purposes of this motion. Should any party wish to submit additional exhibits, they should be shared with the other parties no later than September 9, 2020 and thereafter filed into the record no later than September 18, 2020, with a notation whether any party objects to a particular exhibit.

The Compliance Director included as an exhibit to his response memorandum a manual attachment consisting of thousands of pages of documents. No later than September 1, 2020, the Director shall identify specifically which documents, if any, he intends to use at the hearing. No later than September 9, 2020, the other parties are to identify any documents they intend to use at the hearing. Any documents so identified shall be filed into the record no later than September 18, 2020.

Given that all exhibits used at the hearing will be filed into the record in advance of the hearing, reference to any exhibit at the hearing shall be to its record document number. The Court will rule on any objections to new exhibits in advance of the hearing. Objections to exhibits will not be entertained during the hearing.

The Court will take judicial notice of the proceedings associated with the consideration of Motion M-17-261 by the New Orleans City Council at its meeting of May 18, 2017. Those proceedings are available on the web at "www.cityofno.granicus.com/MediaPlayer.php?view_id=40&clip_id=2641&meta_id=372638" and begin at the 1:30 mark. The Court will make thumb drives available of those

3

proceedings to the parties at the main entrance to the courthouse at 10:00 a.m. on Friday, August 21, 2020. The Court's law clerk will be there for 10 minutes only. Wear a mask.

The Court also requests the following documents/information be provided to it and to the parties no later than September 9, 2020:

- OPSO shall provide the Court with the list of charges pending against the following individuals identified by Plaintiffs in their brief filed on July 28, 2020 (rec. doc. 1304): K.W, D.B., G.B., K.A., J.H., L.A., and T.M.

- OPSO shall provide the Court with a list of inmates housed at Hunt on June 5, 2020 (identified by their initials only) and what offenses they were being held on at that time.

- The City of New Orleans shall provide the Court with the written statement submitted to the City Council by former City Attorney Rebecca Dietz in connection with Motion M-17-261 on May 18, 2017, which was referenced by the City Attorney on the record at that meeting.

The Court has not yet determined whether the hearing will be conducted in person or by Zoom, but it assumes at this time that the entire hearing will be conducted by remote means. In either case, arrangements will be made for public access to the hearing. A decision on that matter will be made as we move closer to the hearing date.

New Orleans, Louisiana, this __20th__ day of _____August_____, 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

MJSTAR (00:45)