UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| LASHAWN JONES, ET AL, <br> Plaintiffs; and <br> UNITED STATES OF AMERICA <br> Plaintiffs in Intervention <br><br> v. <br><br> MARLIN N. GUSMAN, ET AL, <br> Defendants <br><br><br> MARLIN N. GUSMAN, <br> Third-Party Plaintiff <br><br> v. <br><br> THE CITY OF NEW ORLEANS, <br> Third-Party Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:12-cv-00859 <br> Section I, Division 5 <br> Judge Lance M. Africk <br> Magistrate Judge Michael B. North |

## THE UNITED STATES' SUR-REPLY TO
## CITY'S REPLY REGARDING MOTION FOR RELIEF FROM COURT ORDERS OF
## JANUARY 25, 2019 AND MARCH 18, 2019 REGARDING PHASE III JAIL FACILITY

The United States files this Sur-reply[1] to address the City of New Orleans' contention, raised for the first time in its Reply Memorandum,[2] that the Prison Litigation Reform Act (PLRA) "explicitly prohibits the Court from Ordering the City to build a new jail building."[3]

In relevant part, the PLRA provides: "Nothing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons or

---

[1] *See* Order, Aug. 20, 2020, ECF No. 1320; Order, Aug. 25, 2020, ECF No. 1322.
[2] The City of New Orleans' Reply Mem. in Supp. of Mot. for Relief from Ct. Orders of January 25, 2019 and March 18, 2019 Regarding Phase III Jail Facility ("City's Reply") 2, ECF No. 1312.
[3] City's Reply 2, ECF No. 1312.

1

the raising of taxes, or to repeal or detract from otherwise applicable limitations on the remedial powers of the courts." 18 U.S.C. § 3626(a)(1)(C).  The Court needs to interpret this provision only if the January 25, 2019 and March 18, 2019 orders from which the City seeks relief "order the construction of [a] prison[]."  The orders do not require the construction of a prison.  Rather, they implement the City's voluntary commitment to address the needs of prisoners with mental health issues and medical needs through the construction of a new facility, rather than through other means.

## I. The January 25 and March 18, 2019 Orders Are Not Prison Construction Orders under the PLRA

To interpret the January 25 and March 18, 2019 orders, some history is required.  In the 2016 Stipulated Order For Appointment Of Independent Jail Compliance Director ("Stipulated Order"), the City agreed to work with the Sheriff and the Compliance Director to "[w]ithin 60 days of appointment…develop and finalize a plan for (1) appropriate housing for prisoners with mental health issues and medical needs."[4]  The Stipulated Order did not require the construction of a prison.

In January 2017, the Compliance Director filed a Supplemental Compliance Action Plan recommending that "OPSO must provide housing for mental health and medical services for its inmate population," in part, in a new facility, "Phase III" of the post-Hurricane Katrina rebuild of the jail.[5]  The proposed Phase III facility would provide 89 beds for acute and sub-acute mental health needs and an infirmary capable of caring for 10 to 16 patients at a time for medical needs.[6]

The then-City Attorney, Rebecca Dietz, informed the Court that the City would proceed to implement the Compliance Director's recommendation for a Phase III facility: "[T]he

---

[4] Stipulated Order for Appointment of Independent Jail Compliance Director 14, ECF No. 1082.
[5] Supp. Compliance Action Plan 7, ECF No. 1106.
[6] ECF No. 1106 at 8-9.

construction of an inmate mental and medical health care facility and laundry, the RFP for design professionals is being finalized this week…We are moving forward. This project should be completed within 24 to 40 months."[7]  Thus, the City's *agreement* to build the Phase III facility recommended by the Compliance Director to house certain prisoners with "mental health issues or medical needs", *and not a court order*, led to the development of specific plans for the construction of the Phase III facility.

By January 2019, two years had passed without a start to construction of the Phase III facility.  In the interim, prisoners with acute mental health needs continued to be housed at a state correctional facility.  But that state facility would no longer be available to house those prisoners as of October 2019.  The January 25, 2019 order addressed both the short-term need to find a replacement for the state correctional facility and the City's long-term plan to construct the Phase III facility.  With regard to the long-term plan, the Court ordered:

> that the City shall direct the architect chosen to design the permanent facility described in the Supplemental Compliance Action Plan, [footnote omitted] filed into the record on January 4, 2017 (the "Phase III facility"), to begin the programming phase of the Phase III facility as soon as possible and to update the Court on the progress of those efforts at the next scheduled status conference [set for March 14, 2019].[8]

This order simply furthers the implementation of the City's plan to build the Phase III facility by requiring the chosen architect to "begin the programming phase of the Phase III facility."[9]  It does not require the construction of the Phase III facility.

At the March 14, 2019, status conference, the Court reported that "[t]he City also reaffirmed, once again, its commitment to building the permanent medical and mental health

---

[7] Status Conference Tr. 17-18, ECF No. 1127.
[8] Order 3, ECF No. 1221.
[9] ECF No. 1221 at 3.

facility referred to as Phase III on an expedited basis."[10]  To implement that commitment, the Court entered an order four days later requiring "that the City and the Orleans Parish Sheriff's Office are directed to continue the programming phase of Phase III."[11]  This requirement, like the one issued on January 25, 2019, does not require the construction of the Phase III facility.

The Court's March 18, 2019 order also required "that the parties are to work collaboratively to design and build a facility that provides for the constitutional treatment of the special populations discussed herein without undue delay, expense or waste."[12]  Finally, the order required that the City submit a monthly "written statement … [to] advise the Court of the City's progress toward construction of Phase III."[13]  Since then, the City has filed multiple status reports confirming that the City was proceeding with the Phase III facility plan.[14]

The March 18, 2019 order did not convert the City's voluntary agreement to build the Phase III facility as its chosen method to provide constitutional medical and mental health care into a prison construction order.  Rather, what was new was the requirement that the parties "work collaboratively" on the project.  Certainly, the collaboration requirement did not require the Plaintiffs, the Sheriff or the Compliance Director "to design and build a facility."  So, too, it did not bind the City to do what it had already committed to do.  There was no need to do so.  And the order to proceed "without undue delay, expense or waste" refers again to the City's voluntary plan and the new collaboration requirement.

Thus, neither the January 25, 2019 nor the March 18, 2019 order is a prison construction order under Section 3626(a)(1)(C) of the PLRA.  See *Plata v. Schwarzenegger*, 2008 WL

---

[10] Order 2, ECF No. 1225.
[11] Order 2, ECF No. 1227.
[12] ECF No. 1227 at 2-3.
[13] ECF No. 1227 at 3.
[14] *See* Mem. Opp'n Mot. 11, ECF No. 1297-2.

4847080, at *5-*7 (N.D. Cal. Nov. 7, 2008) (finding that because the defendants "both consented to the Receiver's plans and allocated funding that can be used to further those plans," the orders at issue were not prison construction orders under the PLRA).

## II. Conclusion

For the foregoing reasons, the Court should reject the PLRA argument raised by the City for the first time in its Reply.

**FOR THE UNITED STATES:**

| | |
|---|---|
| PETER G. STRASSER<br>U.S. Attorney<br>Eastern District of Louisiana | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| */s/Theodore Carter III*<br>THEODORE CARTER III,<br>(IL 6188964)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA 70130 | */s/ George Eppsteiner*<br>LAURA L. COWALL,<br>(DC 481379)<br>Deputy Chief (T.A.)<br>GEORGE EPPSTEINER (NC 42812)<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20530<br>Telephone: (202) 305-4044<br>george.eppsteiner@usdoj.gov |

Date: September 9, 2020