UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHAWN JONES, ET AL.** | **CIVIL ACTION NO. 12-859** |
| **VERSUS** | **SECTION I, DIVISION 5** |
| **MARLIN GUSMAN, ET AL.** | **JUDGE LANCE M. AFRICK**<br>**MAGISTRATE JUDGE NORTH** |

### JOINT WITNESS LIST

**NOW INTO COURT**, through undersigned counsel, come the City of New Orleans (the "City"), Independent Jail Compliance Director Darnley R. Hodge, Sr. (the "Compliance Director"), Marlin N. Gusman, Sheriff of the Parish of Orleans (the "Sheriff"), the Plaintiff Class and the United States Department of Justice (the "United States and Plaintiffs") who, after conferring on the matter, respectfully submit the following Joint Witness List, identifying witnesses whom they may or will call at the upcoming Evidentiary Hearing on the City's Motion for Relief from Court Orders of January 25, 2019 (Rec. Doc. 1221) and March 18, 2019 (Rec. Doc. 1227) Regarding the Phase III Jail Facility at Rec. Doc. 1281.

### CITY'S WITNESS LIST

The City will call the following individuals as witnesses at the evidentiary hearing on the City's Motion for Relief at Rec. Doc. 1281:

1. **William P. Kissel, Fact Witness**
   Wellpath, LLC
   Will testify regarding the services provided by Wellpath, LLC to OPSO inmates.

2. **Dr. Carin Kottraba Expert Witness**
   Wellpath, LLC
   Will testify regarding the services provided by Wellpath LLC to OPSO inmates at OPSO facilities, and care standards.

3. **Dr. Ronald Shansky, Expert Witness**
   Will testify regarding the OPSO Consent Decree, care standards and testimony offered as part of the record.

1

4. **Dr. Jeffrey Rouse, Fact Witness**
   Tulane School of Medicine, Department of Psychiatry
   Will testify regarding the services provided by Tulane School of Medicine, Department of Psychiatry to OPSO Inmates and care standards.

5. **James Austin, Expert Witness**[*]
   JFA Institute
   Will testify about OJC population, City's alternatives to proposed Phase III and City's Report, OJC staffing and trends in correctional practices.

6. **William Snowden or a Representative of the Vera Institute of Justice, Fact Witness**
   Will testify regarding community concerns and will offer a historical perspective of jail population trends and national perspectives on best practices with respect to Orleans Parish.

7. **Jonathan Wisbey, Fact Witness**
   City of New Orleans
   Will testify regarding City of New Orleans funding and investment in the Orleans Justice Center to date, the reduced and steadily declining inmate population, and all other matters described in Jonathan Wisbey Declarations submitted as part of the record.

8. **Susan Guidry, Fact Witness**
   Former New Orleans City Councilmember
   Will testify regarding City of New Orleans' position in response to a Phase III proposal.

9. **Ramsey Green, Fact Witness**
   City of New Orleans
   Will testify regarding City of New Orleans infrastructure, operations, capital projects, FEMA and proposed alternatives.

10. **Gilbert Montaño, Fact Witness**
    City of New Orleans
    Will testify regarding City of New Orleans budget, operations, concerns, and negative impacts of COVID19.

11. **LaNitrah Hasan, Fact Witness**
    City of New Orleans
    Will testify regarding City of New Orleans operations, and FEMA projects.

12. **Tenisha Stevens, Fact Witness**[*]
    City of New Orleans
    Will testify regarding her work as Criminal Justice Commissioner for the City of New Orleans and the City's concerted efforts to reduce jail population.

---

[*] Objection noted.

13. **Allen Patrick, Expert Witness**
    Will testify regarding criminal justice facilities and Phase III alternatives.

14. Any witness listed by any other party.

15. Any witness identified in pleadings and/or exhibits filed into the record by the parties, which the City is still reviewing.

16. Any witness needed for rebuttal of testimony introduced by another party.

17. Any witness needed for impeachment.

## COMPLIANCE DIRECTOR'S WITNESS LIST

The Compliance Director, through undersigned counsel, respectfully submits the following Witness List.

The Compliance Director will call the following individuals and/or entities at the hearing. If called, these witnesses are expected to testify as follows:

1. **Michael G. Gaffney, Esq.**[*]

   Mr. Gaffney will testify on all topics covered by his affidavit and his report attached to his affidavit, including, but not limited to, the FEMA funds designated after Hurricane Katrina to rebuild facilities associated with the OPSO jail operations, the use of FEMA funds by the City of New Orleans (the "City"), the combination of various FEMA projects by the City, the FEMA funds expended by the City, including, but not limited to, funds associated with The Templeman II facility, the FEMA funds remaining in the combined projects, the use of FEMA funds to implement Phase III, the design of OJC according to FEMA regulations, and the use of temporary FEMA facilities, such as The Temporary Detention Center ("TDC").

---

[*] Objection noted.

3

2. **Director Hodge or senior official with the Orleans Parish Sheriff's Office ("OPSO")**[*]

    Director Hodge or a senior official with the OPSO will testify on the operation of the jail, the factors affecting the inmate population of the jail, the effect of COVID-19 on jail operations, the difficulties and handling of inmates with medical or mental health needs, the agreement to build Phase Ill, and all topics covered by Mr. Hodge's affidavit.

3. **Sean Bruno, CPA**

    Mr. Bruno will testify as to financial issues associated with jail operations, the costs for OJC and Phase III, and all topics covered by his affidavit.

4. **Rebecca Dietz, Esq.**[*]

    Ms. Dietz will testify regarding the negotiations and agreement to build the Phase III facility.

5. **Gary Maynard**[*]

    Mr. Maynard will testify regarding his actions as Compliance Director as it relates to Phase III, including, but not limited to the development of the Supplemental Compliance Action Plan and the agreement to build Phase III. Mr. Maynard has been added to the Witness List in response to the new arguments made by the City of New Orleans in their reply memorandum regarding the Prison Litigation Reform Act (the "PLRA").

6. Any witness as necessary for authentication of documents.

The Compliance Director reserves the right to call any witness from this Joint Witness List.

### SHERIFF'S WITNESS LIST

| Name: | Brief Description of Testimony: |
|---|---|
| **a) Jeffery Rouse, M.D.**: | The number of inmates requiring acute mental health treatment in OPSO custody, needs required to comply with Consent Judgment. |

---

[*] Objection noted.

 **b)**  **Alexander Calenda**[*]:  The skyrocketing rate of violent crime and gang presence in the city of New Orleans, the nature of offenses, and said crime's anticipated impact on population of OJC.

 **c)**  **Michael Laughlin**[*]:  Chief of Investigations at OPSO. Will testify on the operation of the jail, the factors affecting the inmate population of the jail, the effect of COVID-19 on jail operations, the difficulties and handling of inmates with medical or mental health needs, and the agreement to build Phase III.

 **d)**  Any and all rebuttal witnesses based on testimony that may be proffered by witnesses for the City, the Compliance Director, the Plaintiffs, and the DOJ.

 **e)**  Any witness if necessary for authentication of documents.

 **f)**  Any witness listed or called from this Joint Witness List.

## UNITED STATES' AND PLAINTIFFS' WITNESS LIST

Name:   Brief Description of Testimony:

 **a)**  **Margo L. Frasier, J.D.**:  Compliance with medical and mental health care provisions at OJC, Hunt, and TDC, and current impediments to care and security of inmates.

 **b)**  **Dr. Robert Greifinger**:  Compliance with medical and mental health care provisions at OJC, Hunt, and TDC, and current impediments to care and security of inmates.

 **c)**  **Catherine M. Knox**[*]:  Compliance with medical and mental health care provisions at OJC, Hunt, and TDC, and current impediments to care and security of inmates.

 **d)**  **Dr. Raymond Patterson**: Compliance with medical and mental health care provisions at OJC, Hunt, and TDC, and current impediments to care and security of inmates.

 **e)**  **Chief Byron LeCounte**[*]: Impediments to mental health care.

 **f)**  **Dr. Patricia Hardyman**: Classification issues related to housing of prisoners at OJC and TDC.

---

[*] Objection noted.

g) Any and all witnesses necessary for authentication of documents should the parties fail to stipulate to authenticity of documents.
   a. Plaintiffs contemplate **Lt. Latoya Armwood** to authenticate OPSO documents.
   b. Plaintiffs contemplate **Myra "Kathleen" Thatch** to authenticate Wellpath documents.

h) Any and all rebuttal witnesses based on testimony that may be proffered by witnesses for the City, OPSO, and/or the Compliance Director.

i) Any witnesses listed or called by any other party.

j) Any witnesses needed for impeachment.

## OBJECTIONS TO CERTAIN WITNESSES

## CITY'S OBJECTIONS

The City respectfully submits its objections to certain witnesses listed by the Compliance Director, by the Sheriff, and by the United States and Plaintiffs as follows:

**A. Compliance Director's Witnesses**

**1) Michael G. Gaffney, Esq.**

Michael Gaffney is listed to testify about his affidavit which is replete with speculations and replicates the legal arguments in the brief filed by the Compliance Director. His opinions are not admissible as to the design of OJC nor are other personal opinions. His work has been for OPSO and others as an attorney. He has not been qualified as an expert witness within the past four years, and his CV does not list any publications or speeches he has given in the area of his indicated testimony.

(In response to the City's objection, the Compliance Director states that an expert obviously can testify even though he has not been qualified as an expert witness within the past four years and his CV does not list any publications or speeches.)

6

2) **Director Hodge or senior official with the OPSO**

The Compliance Director does not indicate whether it is he who expects to testify or some other unidentified person working for OPSO: that alone is objectionable. Mr. Hodge is listed as a person who will testify about his views as to factors affecting inmate population, but he is not qualified to offer such opinion testimony. Further, counsel for Mr. Hodge only states that he will testify about the topics in his affidavit. This catch-all statement prevents the City from objecting to the specific issues that his testimony expects to cover. In addition, the City objects to his testifying about the perceived difficulties of handling inmates with mental or medical needs on the basis that such testimony is not relevant to the City's pending motion.

(In response to the City's objection, the Compliance Director argues that he is able to testify to his personal knowledge as Compliance Director within the confines of the Federal Rules of Evidence for the topics listed for him.)

3) **Rebecca Dietz, Esq.**

Rebecca Dietz is a former City Attorney for the City of New Orleans and is expected to testify regarding communications and deliberations made in her official capacity as chief legal counsel for the City. The City objects to Rebecca Dietz being called a witness, re-urges its objection that allowing her to testify would run afoul of privileges afforded the City by the attorney-client privilege and the work-product doctrine. The City is not waiving its attorney-client privilege as it pertains to Ms. Dietz. The Fifth Circuit has admonished that the testimony of an attorney against her former client, "even as to matters of public record…should only be used

in rare instances." *U.S. v. Cochran*, 546 F.2d 27, 29 n.5 (5th Cir. 1977). This case does not present one of these rare instances. Any information that could potentially support the Compliance Director's position is already in the public record, and any documents or recordings should speak for themselves. While Ms. Dietz's testimony will add nothing to publicly available information, there is great potential that Ms. Dietz's testimony may expose discussions, strategy, and the thought process of the City and of the City Attorney over the course of this ongoing litigation matter. As such, the Court should prohibit the testimony of Ms. Dietz.

(In response to the City's objection, the Compliance Director argues that he objections regarding Ms. Dietz have already been raised and overruled by the Court. Rec. Doc. 1320, at n.1.)

4) **Gary Maynard**

Gary Maynard is a former Compliance Director for OJC. He is listed as an individual expected to testify about the PLRA. The City objects to him trying to offer testimony about federal law and objects that his summary of testimony refers to the fact that the PLRA issues are not new arguments; in fact, PLRA issues have historically been raised by the parties in this litigation matter.

(In response to the City's objection, the Compliance Director contends that Mr. Maynard is able to testify to his personal knowledge as Compliance Director within the confines of the Federal Rules of Evidence for the topics listed for him.)

B. **Sheriff's Witnesses**

1) **Alexander Calenda**

Alexander Calenda is an employee of the Orleans Parish District Attorney's Office. The City objects to his expected testimony about gang presence and his belief there will be an increase in violent crime. These topics are not relevant to the City's pending motion. Moreover, his views are speculative and impermissibly would allow him to offer opinion testimony as a non-expert witness.

(In response to the City's objection, the Sheriff notes that Alex Calenda is an Assistant District Attorney and member of the Multi-Agency Gang Unit.)

2) **Michael Laughlin**

Michael Laughlin works at OPSO as Chief of Investigations. His anticipated testimony includes factors affecting jail population, his belief about the difficulties in handling inmates with medical and mental needs and his supposition that there was an agreement to construct another jail facility to be described as Phase III. Aside from his inability to offer subjective opinion testimony, the City objects to his belief about what the OPSO describes as difficulties in handling inmates with medical and mental needs because those issues are not relevant to the October 5, 2020 hearing.

C. **United States' and Plaintiffs' Witnesses**

1) **Catherine M. Knox**

Catherine Knox is listed as an individual expected to testify about compliance with medical and mental health care provisions affecting OJC, Hunt and TDC; and she is also expected to testify about purported current impediments to care and security of inmates. The City objects to her anticipated testimony because it appears that it will consist of her opinions in the form of expert testimony. She has not been listed

as an expert witness, nor have Rule 26 disclosures been disclosed as counsel for the United States and Plaintiffs both stated were required.

(In response to the City's objection, the United States and Plaintiffs argue that Ms. Knox has worked as a member of the Court's monitoring team in assessing compliance with the Consent Judgment and that since Ms. Knox is part of the court's expert federal monitoring team, no Rule 26 disclosure is required.)

### 2) Chief Byron LeCounte

Byron LeCounte is supposed to testify about impediments to mental health care. Again, he, like Ms. Knox, is not qualified to offer his opinions, nor has he been identified as an expert witness who will try to do so.

(In response to the City's objection, the United States and Plaintiffs assert that Chief LeCounte is able to testify to his personal knowledge as Chief of Security for the jail and can testify as to his security experience regarding impediments to mental health care within the confines of the Federal Rules of Evidence.)

### COMPLIANCE DIRECTOR'S AND SHERIFF'S OBJECTIONS

The Compliance Director and the Sheriff respectfully submit their objections to certain witnesses listed by the City as follows:

### A. City's Witnesses

### 1) James Austin

The objection to James Austin is that the City has designated him as an expert witness in areas he is not qualified to give expert testimony.

### 2) Tenisha Stevens

The objection to Tenisha Stevens is based on relevancy and materiality.

Respectfully submitted,

**FOR THE CITY OF NEW ORLEANS:**

   */s/ Sunni J. LeBeouf*
**SUNNI J. LeBEOUF (LSBA #28633)**
CITY ATTORNEY
Email: Sunni.LeBeouf@nola.gov
**DONESIA D. TURNER (LSBA #23338)**
Email: Donesia.Turner@nola.gov
**CHURITA H. HANSELL (LSBA #25694)**
Email: chhansell@nola.gov
1300 PERDIDO STREET
CITY HALL – ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE:  (504) 658-9868

- and -

   */s/ Harry Rosenberg*
**HARRY ROSENBERG (LSBA #11465)**
Email: harry.rosenberg@phelps.com
PHELPS DUNBAR, LLP
365 CANAL STREET
CANAL PLACE – SUITE 2000
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 584-9219
FACSIMILE:  (504) 568-9130

*Counsel for the City of New Orleans*

**FOR INDEPENDENT JAIL COMPLIANCE DIRECTOR,
DARNLEY HODGE, SR.:**

                               **/s/ Richard C. Stanley**
                               Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Stanley, Reuter, Ross, Thornton & Alford, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580
Facsimile: 504-524-0069
rcs@stanleyreuter.com
bcr@stanleyreuter.com

*Attorneys for Darnley R. Hodge, Sr.*

**FOR MARLIN N. GUSMAN,
SHERIFF OF THE PARISH OF ORLEANS:**

                               **CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM
& HAYES, LLP**

                               **/s/ Patrick R. Follette**
JAMES M. WILLIAMS, BAR NO. 26141
INEMESIT U. O'BOYLE, BAR NO. 30007
PATRICK R. FOLLETTE, BAR NO. 34547
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080

-and-

**ORLEANS PARISH SHERIFF'S OFFICE**
BLAKE J. ARCURI, BAR NO. 32322
LAURA C. RODRIGUE, BAR NO. 30428
FREEMAN R. MATTHEWS, BAR NO. 9050
2800 Perdido Street
New Orleans, LA 70119
Tel: 504.202.9404 Fax: 504.202.9454
arcurib@opso.us; rodriguela@opso.us

**FOR THE UNITED STATES AND PLAINTIFF CLASS:**

    **FOR THE UNITED STATES:**

| | |
|---|---|
| PETER G. STRASSER<br>U.S. Attorney<br>Eastern District of Louisiana | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br><br>STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| **/s/Theodore Carter III**<br>THEODORE CARTER III,<br>(IL 6188964)<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>Eastern District of Louisiana<br>650 Poydras Street, Suite 1600<br>New Orleans, LA 70130 | **/s/ George Eppsteiner**<br>LAURA L. COWALL,<br>(DC 481379)<br>Deputy Chief (T.A.)<br>GEORGE EPPSTEINER,<br>(NC 42812)<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 305-4044<br>george.eppsteiner@usdoj.gov |

    **FOR THE PLAINTIFF CLASS:**

**/s/ Emily Washington**
EMILY WASHINGTON, LSBN 34143
ELIZABETH CUMMING, LSBN 31685
ERIC FOLEY, LSBN 34199
MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
Telephone: (504) 620-2259
emily.washington@macarthurjustice.org

**CERTIFICATE OF SERVICE**

    I do hereby certify that on this 9th day of September, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage pre-paid.

                                                                                           /s/ Sunni J. Lebeouf
                                                                                          **SUNNI J. LEBEOUF**