UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                          CIVIL ACTION

VERSUS                                          NUMBER: 12-0859

MARLIN N. GUSMAN, ET AL.                        SECTION: "I"(5)

## ORDER

The Court is in receipt of the joint witness list submitted by the parties pursuant to its Order of August 20, 2020. (Rec. doc. 1320). In that Order, I urged the parties to cull their respective witness lists; this request has been generally ignored. This fact, along with the verbose and largely baseless objections made by the City to numerous of the other parties' witnesses has, momentarily at least, caused me to reconsider the wisdom of my decision to allow the presentation of testimony in the upcoming hearing pursuant to Local Rule 43.1.

To be clear, testimony on the pending motion is not required. Given my long experience with this case, I could, in the absence of such testimony, make my Report and Recommendation to the District Judge on the basis of the parties' memoranda and exhibits alone. However, I informed the parties early on of my intention to give the City and other parties the rare opportunity to call witnesses at the upcoming hearing and I will not renege on that earlier commitment. Having said that, I made it clear during the recent status conference with counsel for the parties that I intend to conduct the upcoming hearing as a straightforward hearing on a motion in a civil matter, not as a trial or even an evidentiary hearing along the lines of prior hearings in this case, such as the fairness hearing, the funding hearing, and the hearing on the motion for receivership. Now it seems the parties are

ignoring my guidance about the nature of the upcoming hearing and are looking to turn it into something altogether different.  To be clear, that is not going to happen.

So against my better judgment, and in the interest of allowing the parties the fullest opportunity to present their respective arguments (and because I earlier committed to this course), I will allow each of the witnesses listed to testify.  Having said that, and before turning to address the various objections lodged to certain witnesses, I now direct counsel to take note of the following instructions and limitations on testimony at the upcoming hearing.

- The following presumptive time limits[1] shall apply to the presentation of testimony by each party.  The City will have 10 hours on the record to conduct direct examination of its witnesses and to cross examine other parties' witnesses.  The Compliance Director and OPSO collectively will have 10 hours on the record to conduct direct examination of their witnesses and to cross examine other parties' witnesses.  The Plaintiff Class and DOJ collectively will have 10 hours on the record to conduct direct examination of its witnesses and to cross examine other parties' witnesses.

- Objections to questions will be counted against the above-referenced time limits for the party making them.

- Cumulative testimony and questioning will not be allowed.

- The parties' generic, catchall categories of unnamed witnesses, *i.e.*, those called or listed by other parties or needed for rebuttal, are stricken.  Witnesses not

---

[1] As all of this testimony is being presented ostensibly for the benefit of the Court, the Court will reserve the right to alter these limits as appropriate.

specifically identified will not be called, unless the Court orders otherwise – and the deadline for identifying such witnesses has passed.

- Witnesses will not be required to authenticate documents, as such issues will be resolved prior to the hearing.

- The hearing will be conducted remotely via Zoom. The full protocol will be issued at a later date. Any counsel calling a witness shall ensure that witness is provided with every document or exhibit counsel wishes to discuss with the witness so that the witness may readily refer to the document during examination. Those documents shall also be identified to opposing counsel on a witness-by-witness basis in advance of the hearing.

- Counsel conducting cross examination shall have the ability to readily share exhibits on full screen with the parties, the witness, and the Court.

- Arrangements will be made by the Court for members of the public to log into and observe the hearing.

- The Court will set aside a day at the conclusion of the hearing for argument. This session will also include questioning of counsel by the Court.

Turning now to the parties' objections to various witnesses.

- **The City's objections**

  o **Michael G. Gaffney**. The City's objection is overruled. Mr. Gaffney will be permitted to testify consistent with his affidavit and the report attached thereto, it appearing to the Court he is clearly well-qualified to do so.

  o **Director Hodge or senior official with OPSO**. This objection is granted in part. The Compliance Director must, no later than September 18, 2020,

identify by name the individual he intends to call to provide the testimony described.  If that person is, in fact, Darnley Hodge, he is clearly capable of providing that testimony and the City's objection to his testifying is overruled.  The Court cannot rule on a similar objection as to any other "senior official at OPSO" until that person is identified.

o **Rebecca Dietz**.  This objection is overruled.  There simply can be no legitimate blanket claim of privilege over the testimony of this witness, who is listed to testify "regarding the negotiations and agreement to build the Phase III facility." (Rec. doc. 1330).  These are not confidential matters and the City makes no effort to explain how they could be – in fact the City concedes that any testimony Ms. Dietz provides "that could potentially support the Compliance Director's position is already in the public record, and any documents or recordings should speak for themselves."  (*Id.*).  Stating what should be obvious, this concession pretty seriously undermines the City's claim – made in the same paragraph as the preceding statement  –  that "allowing her to testify would run afoul of privileges afforded the City by the attorney-client privilege and the work product doctrine." (*Id.*).[2]  Neither of these objections has merit and, as the Court previously allowed, it will entertain <u>legitimate</u> objections to preserve a privilege on a question-by-question basis.[3]

---

[2]  The City's objection to Dietz testifying about matters of public record and about documents that "speak for themselves" lead me to question why I am convening a hearing to allow the City to call 13 witnesses largely to do the very same thing.

[3]  The Court also notes that the City's citation to a footnote in *U.S. v. Cochran*, 546 F.2d 27 (5th Cir. 1977), is inapposite here.  In that <u>criminal</u> case, the Court found no violation of the attorney client privilege because "the attorney only testified to matters of public record or to matters which took place in open court.

- **Gary Maynard**. This objection is overruled. Former Director Maynard is obviously qualified to testify about the matters described in the witness list.

- **Alexander Calenda**. This objection is overruled. The City states: "The City objects to his expected testimony about gang presence and his belief there will be an increase in violent crime. These topics are not relevant to the City's pending motion." If these topics are not relevant to the City's pending motion, why is the City calling no less than four different individuals (Austin, Snowden, Wisbey, and Stevens) to testify on the similar, if not identical, topic of "jail population trends?" This is a frivolous objection.

- **Michael Laughlin**. Objecting to the testimony of the OPSO Chief of Investigations, the City states: "Aside from his inability to offer subjective opinion testimony, the City objects to his belief about what the OPSO describes as difficulties in handling inmates with medical and mental needs because those issues are not relevant to the October 5, 2020 hearing." (Rec. doc. 1330). This statement reveals a fundamental and alarming failure to appreciate why this hearing is being conducted in the first place. "Difficulties in handling inmates with medical and mental needs" at OJC is at the very heart of the problem the Court has been trying

---

Communications divulged to strangers or outsiders can scarcely be considered confidential communication between attorney and client." *Id.*, at 29 (emphasis added).

to solve for seven years in this case. This objection is both frivolous and mystifying.

- o **Catherine Knox.** Ms. Knox works closely with the Court's monitoring team on the issues at the heart of this motion – her testimony is obviously appropriate. This objection is overruled.

- o **Chief Byron LeCounte**. The City objects to the testimony of the OPSO Chief of Corrections because it believes he cannot offer expert testimony. The Court agrees with the Compliance Director that "LeCounte is able to testify to his personal knowledge as Chief of Security for the jail and can testify as to his security experience regarding impediments to mental health care." (*Id.*). This objection is overruled.

- **Compliance Director and OPSO**

  - o **James Austin**. This objection is overruled. As with each "expert" witness designated by the parties, the Court, as trier of fact, will give these witnesses' testimony the weight to which it is entitled.

  - o **Tenisha Stevens**. The boilerplate objection to the relevance and materiality of this witness's testimony regarding "her work as Criminal Justice Commissioner for the City of New Orleans and the City's concerted efforts to reduce jail population" is not at all well-taken. Issues of jail population are obviously relevant to the City's arguments in this matter.

The Court will convene another status conference in advance of the hearing to discuss final protocols for that hearing along with any other matters that need to be addressed before proceeding.

New Orleans, this ___14th___ day of ___September___, 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE