EMAIL NOTIFICATION

RE:   FEMA-1603-DR-LA, FIPS #071-55000-00
      City of New Orleans
      Criminal Justice and Public Safety Alternate Project
      Proposed Recipient Project: Facilities to House Mental & Medical Needs for Orleans
      Parish Sheriff's Office Inmates

Dear Grantee/Subgrantee:

The passage of the Consolidated Security, Disaster Assistance and Continuing Appropriations Act of 2009, Public Law 110-329 (attachment 1), provides authority for FEMA to provide 100 percent funding for the federal share of the approved Alternate Project for any fire, police and criminal justice facilities that were damaged by Hurricane Katrina or Rita.

The City of New Orleans (CNO) is exercising the latitudes within this law to implement the Criminal Justice and Public Safety (CJ/PS) Alternate Project for proposed eligible projects. FEMA approved the first eligible project request in November 20, 2012 (attachment 2). Project Worksheet (PW) 20494 was the first PW to be obligated utilizing donor funding from 14 PWs repurposed to fund the construction of various eligible projects as identified by the CNO.  FEMA has continued to work with CNO and the Governor's Office of Homeland Security and Emergency Preparedness (GOHSEP) to provide support to repurpose CJ/PS donor funds for eligible projects that meet the CNO objectives.

CNO identified $36,048,228 FEMA CJ/PS grant funds from donor projects for the construction of a proposed facility to house Orleans Parish Sheriff's Office (OPSO) inmates with mental and medical needs.  CNO requested FEMA support this project. In response, FEMA approved and obligated PW 21117 V0 (attachment 3) for the $2.3M for A/E design fees for the proposed construction of the mental and medical needs facility at the Orleans Justice Center (OJC).  CNO is to submit the finalized plans and specifications for FEMA program compliance. Upon FEMA approval, a PW version to PW 21117 will be obligated transferring the balance of the $36M in unused CJ/PS grant funds so CNO can proceed to construction.

CNO is now considering alternative solutions to satisfy the need for the OPSO mental and medical needs facility in lieu of the previously approved CJ/PS request.  The CNO is now considering using CJ/PS funds to buildout existing space within OPSO facilities. The grant funds under the Consolidated Security, Disaster Assistance and Continuing Appropriations Act of 2009, Public Law 110-329 remain available for CNO to exercise the implementation of the CJ/PS under the law. CNO may request approval to repurpose the CJ/PS funds currently committed to the mental and medical facility as previously approved. If CNO is to repurpose the CJ/PS grants, FEMA and GOHSEP must receive a formal request to repurpose the previously approved alternate project funds and to submit a proposed project with specific construction details of the proposed project.  If the CJ/PS new proposal is approved, CNO will forfeit any

**Exhibit**

**A**

claimed costs incurred from the proposed design and construction of the mental and medical needs facility at the OJC.

FEMA will consider a CNO request under the CJ/PS funds for an alternate proposal that may better meet the needs of the OPSO mental and medical needs facility in lieu of the currently approved project.  If approved, CJ/PS funds may be used to build out improvements or functions within existing structures to include facilities built through other FEMA grant funds.

If you have any questions regarding this matter, please contact Ronnie Fairley, FEMA Task Lead, at (703) 463-6938.

**Approved by**: Eddie Williams     EDDIE L WILLIAMS  *Digitally signed by EDDIE L WILLIAMS Date: 2020.10.08 17:38:21 -05'00'*
**Title**: Louisiana Public Assistance Lead
**Date**:

Attachments:   1) FEMA memo on Public Law 110-329 dated October 15, 2008
2) FEMA letter dated November 20, 2012
3) FEMA letter dated March 19, 2020

# ATTACHMENT 1

U.S. Department of Homeland Security
500 C Street, SW
Washington, DC 20472

OCT 15 2008



FEMA

| | |
|---|---|
| MEMORANDUM FOR: | James W. Stark<br>Assistant Administrator<br>Gulf Coast Recovery |
| FROM: | Carlos J. Castillo<br>Assistant Administrator<br>Disaster Assistance |
| SUBJECT: | Consolidated Security, Disaster Assistance, and Continuing Appropriations Act, 2009, Sections 546 and 548 |

The Consolidated Security, Disaster Assistance, and Continuing Appropriations Act, 2009 (Public Law 110-329), contains two provisions that affect implementation of the Public Assistance Program following Hurricanes Katrina and Rita. This memo provides the following guidance on each section listed below. Please take appropriate action consistent with our interpretation to implement the provisions.

> *SEC. 546. Notwithstanding any other provision of law, and not later than 30 days after the date of submission of a request for a single payment, the President shall provide a single payment for any eligible costs under section 406 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5172) for any police station, fire station, or criminal justice facility that was damaged by Hurricane Katrina of 2005 or Hurricane Rita of 2005: Provided, That the President shall not reduce the amount of assistance provided under section 406(c)(1) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5172(c)(1)) for such facilities: Provided further, That nothing in the previous proviso may be construed to alter the appeal or review process relating to assistance provided under section 406 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5172): Provided further, That the President shall not reduce the amount of assistance provided to a local government under section 406(d) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5172(d)) more than once for each such type of facility for which that local government is receiving assistance under section*

We will evaluate an applicant's request pursuant to this section upon receipt. We interpret the section relating to section 406(c)(1) to mean that FEMA will fund applicants' requests for alternate projects for police stations, fire stations, and criminal justice facilities at 100% of the estimated eligible costs. We interpret the section related to section 406(d) to mean that FEMA will reduce assistance for only one facility of each type. For example, if an applicant has four uninsured fire stations located in the special flood hazard area that were damaged, FEMA will reduce assistance on only one of the fire stations. We will fund the other three stations at 100% of eligible cost. If there are multiple buildings at a criminal justice complex, we will reduce assistance on only one of the buildings.

> *SEC. 548. Notwithstanding any other provision of law, the Federal Emergency Management Agency shall reimburse Jones County and Harrison County in the State of Mississippi under section 407 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5173) for unreimbursed costs relating to the removal of debris that were incurred by such counties as a result of Hurricane Katrina in 2005.*

This provision directs FEMA to reimburse Jones and Harrison Counties for debris removal and monitoring costs that FEMA previously denied under first and second appeals.

If you have any questions, please contact James Walke, Director of the Public Assistance Division, at (202) 646-2751.

# ATTACHMENT 2



U.S. Department of Homeland Security
Louisiana Recovery Office
One Seine Court, Suite 3062
New Orleans, LA 70114
(504) 762-2485 office
(504) 762-2899 fax

November 20, 2012

Mark S. Riley
Deputy Director - Disaster Recovery Division
GOHSEP, State of Louisiana
1500 Main Street
Baton Rouge, LA 70802

Re: Criminal Justice and Public Safety Alternate Project
City of New Orleans; FIPS #071-55000-00
FEMA-1603-DR-LA; Project Worksheets #1050, 1057, 1065, 1086, 1118, 1120, 5456, 8483, 11714, 12206, 13608, 13923, 13946, 19038
FEMA Correspondence Log #5637-O; AIDB #1842

Dear Mr. Riley:

This is in reply to your request on behalf of the City of New Orleans (Applicant) for an Alternate Project. The Applicant intends to utilize funding from the above referenced Project Worksheets (PWs), written for damages to criminal justice and public safety facilities throughout the city, to fund the design and/or construction of eleven sites as described in the Applicant's submitted plan. A summary of donor and recipient facilities for this Alternate Project is attached (Attachment 1).

For the contributing facilities that will not be restored, these facilities are no longer eligible for further Federal assistance on any disaster. In order for the Applicant to be eligible to receive Public Assistance funding in a subsequent disaster, the Applicant must repair the facilities to meet codes and standards that would have been approved in accordance with 44 CFR 206.226. Attached is a summary of the demise for each contributing facility (Attachment 2).

FEMA has conducted the necessary reviews of the Applicant's request, including site visits and program eligibility determinations. FEMA Environmental and Historic Preservation (EHP) has divided the overall review into two categories: projects that qualify as Categorically Excluded under Category 15 per 44 CFR Part 10:8(d)(2)(xv); and projects that meet the criteria of Alternate Arrangements. As such, two Records of Environmental Consideration are attached which contain the related conditions and conclusions for the proposed work.

Mr. Riley
November 20, 2012
2 of 3

With the passage of the Consolidated Security, Disaster Assistance and Continuing Appropriations Act of 2009, Public Law 110-329, FEMA may allow 100 percent funding for the federal share of the approved Alternate Project for any fire, police, and criminal justice facilities that were damaged by Hurricane Katrina or Rita. The total eligible costs of the subject PWs that have been identified as part of this Alternate Project are estimated at $37,659,163.96. Demolition and/or completed work costs in the amount of $505,067.17 will be reduced from the eligible amount and will be retained in their original PWs. Therefore, the request for an Alternate Project is approved and capped for $37,154,096.79. Insurance proceeds estimated at $3,303,882.76 will be reduced from this amount. Therefore, the federal contribution for this capped Alternate Project is $33,850,214.03. A complete breakdown of eligible funding for the contributing PWs is included (Attachment 3).

Project Management (PM) fees will not be transferred to this Alternate Project and will remain in the consolidated PM Project Worksheet (PW 17452). The Applicant should closely track PM costs and is advised that the PM is capped based upon the original scope of work of the donor PWs included in this Consolidated Alternate Project.

If GOHSEP or the Applicant identifies any discrepancies in the information provided in this letter, including but not limited to project description, scope of work, or costs please contact FEMA immediately with a list of specific items for resolution.

Please advise the Applicant that these funds are estimated and may be adjusted based on PW reviews, anticipated or actual insurance proceeds, NFIP reductions, or other applicable credits to prevent a duplication of benefits per 44 CFR 206.226(a)(1). Any balance of funds necessary for completing the additional work under the Alternate Project will be the responsibility of the Applicant. Upon completion of the Alternate Project, if there are any funds remaining from the amount granted, the Applicant may request additional scope of work to exhaust the amount granted. The Applicant is advised that the request must be submitted through the State for FEMA's review and acceptance prior to commencement of any work. The Applicant is also advised that any additional scope of work must be completed within the timeframe outlined for the initial scope of the Alternate Project. Any new construction must comply with federal floodplain regulations.

The Applicant must comply with 44 CFR 206.252 and 206.253, which states that assistance under Section 406 of the Stafford Act will be approved only on the condition that insurance is obtained and maintained in such types and amounts as are reasonable and necessary to protect against future loss. The Applicant must provide GOHSEP with insurance policy documentation that confirms the Applicant's compliance with the Stafford Act. The Applicant must provide evidence of insurance for the facilities identified in this request.

My staff has prepared a new PW to reflect approval of this funding option. As such, any required time extensions will be addressed when the new PW is obligated. The contributing PWs for this Alternate Project do not require time extensions (Attachment 4).

Mr. Riley
November 20, 2012
3 of 3

Please do not hesitate to contact me if you have any questions about this determination or need additional information.

Sincerely,

Andre Cadogan
Deputy Director, Programs
Louisiana Recovery Office

Enclosures: Attachment 1 – Consolidated Alternate Project – List of Donor Facilities and Recipient Facilities
      Attachment 2 – Consolidated Alternate Project – Demise of Contributing Facilities
      Attachment 3 – Consolidated Alternate Project – Funding Spreadsheet
      Attachment 4 – Consolidated Alternate Project – Contributing Facilities PW Time Extensions
      FEMA Record of Environmental Consideration (Categorically Excluded), dated October 12, 2012
      FEMA Record of Environmental Consideration (Alternative Arrangements), dated October 12, 2012

cc: Mark DeBosier, State Coordinating Officer, GOHSEP
   Kaylen Eckert, Federal and State Grants Manager, City of New Orleans

# ATTACHMENT 3

U.S. Department of Homeland Security
FEMA Region 6
800 North Loop 288
Denton, TX 76209



March 19, 2020

Lynne Browning, Assistant Deputy Director
Governor's Office of Homeland Security and Emergency Preparedness
7667 Independence Boulevard
Baton Rouge, LA 70806

RE: FEMA-1603-DR-LA, FIPS 071-55000-00
City of New Orleans, Project Worksheet 21117
Time Extension Request

Dear Ms. Browning:

We received a letter from your office dated February 6, 2020, regarding a retroactive request from the City of New Orleans (CNO, Subgrantee) to extend the period of performance (PoP) for project worksheet (PW) 21117. PW 21117 was written to fund A&E design services for the new permanent Orleans Justice Center (OJC) Medical Services Building[1]. The Subgrantee states it needs a time extension to cover design work to the bid opening date of October 15, 2020, for construction services.

The time extension is required to complete design of the new permanent OJC Medical Services Building. Currently, FEMA is in the process of reviewing the scope of work for the permanent facility and completing an Environmental Assessment which will include extensive public notice. An extension of the PoP will allow FEMA time to complete its reviews and CNO time to complete final designs and submit the project to bid.

The Subgrantee has secured an A&E firm (Grace Herbert Curtis Architects) and a schedule for the design phase has been provided (attachment #1). In addition, the Subgrantee has submitted a copy of a Notice to Proceed for the development of construction documents (attachment #2) issued to the design firm on February 6, 2020, with a completion date of August 29, 2020.

FEMA-1603-DR-LA was declared on August 29, 2005. In accordance with 44 CFR § 206.204, the grantee may extend the deadline an additional 30 months for permanent work due to extenuating circumstances or unusual project requirements beyond the control of the subgrantee. The last PoP for this PW expired on July 31, 2019. Having exhausted the Grantee's ability to grant extensions, the Subgrantee is now requesting an extension from FEMA. The PoP for FEMA-1603-DR-LA is August 29, 2023, the latest date for approved open Public Assistance

---

[1] CNO has requested funding for the permanent OJC Medical Services Building as an amended scope of work for the previously approved Criminal Justice and Public Safety (CJ/PS) Alternate Project. FEMA obligated PW 21117 V0 on September 24, 2019 to fund the A&E fees for the design of the building.

Ms. Browning
March 19, 2020
Page 2

grants for Hurricane Katrina. FEMA evaluates requests for Subgrantee time extensions within the context of the PoP for the disaster.

In consideration of the extenuating circumstances and after review of supporting documentation, per 44 CFR § 206.204 (d), FEMA approves extending the PoP for PW 21117 until October 15, 2020. The approval of the PoP for this PW will not extend the PoP for FEMA-1603-DR-LA. FEMA may review the Grantee's actions on time extensions on a periodic basis to ensure compliance with the regulations. 44 CFR § 206.204 (d) stipulates that time extension requests include: *"1) the date and provisions of all previous time extensions on the project; and 2) a detailed justification for the delay and a projected completion date."* Any further requests for time extensions on this PW must comply with these conditions. The approval of this time extension is not an approval for increased funding or scope of work. Please advise the Subgrantee of this determination and note this approved time extension in your next quarterly report. It will also be entered into our Emergency Management Mission Integrated Environment (EMMIE) system.

As a reminder, all PWs are required to reflect a PoP that covers the timeframe in work associated with the approved scope of work performed. After-the-fact time extensions are not encouraged as it is the responsibility of the Subgrantee and State to ensure all PWs have current time extensions in place.

If you have any questions regarding this matter, please contact Don Simko, Deputy Public Assistance Branch Chief (940) 591-2712.

Sincerely,

David B. Lebsack
Acting Director, Recovery Division

Attachments:  1) A&E Schedule for Design Phase
2) Notice to Proceed for Construction

cc: James Waskom, Director, GOHSEP
Eddie Williams, Louisiana Public Assistance Team Lead, FEMA
Joe Threat, Sr., Project Delivery Manager, City of New Orleans
Vincent Smith, Director of Capital Projects, City of New Orleans
LaNitrah Hasan, Management Consultant, City of New Orleans
Trey Martino, LAPA / Louisiana Hazard Mitigation Data Manager, City of New Orleans
Kelly T. Cryer, Project Delivery Unit Contract Manager, City of New Orleans

LIRO Correspondence Log #9404-O