UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LASHAWN JONES, ET AL.**   **CIVIL ACTION**

**VERSUS**   **No. 12-859**

**MARLIN GUSMAN, ET AL.**   **SECTION I**

## ORDER & REASONS

This Court, having reviewed the U.S. Magistrate Judge's Report and Recommendation, the record, the applicable law, the objections filed by the City of New Orleans (the "City") and responses thereto by the Orleans Parish Sheriff ("Sheriff"), the United States, and the plaintiff class, hereby approves the Report and Recommendation, adopts it as its opinion in this matter, and overrules the objections.

Judge North's opinion is well-reasoned, accurate, and thorough. The oppositions to the City's appeal of Judge North's order appropriately take the City to task for its revisionist history, distortion of the record, and misguided application of settled legal principles.

The Court is disturbed to find the case remaining at this juncture, years after it was filed. All parties involved here justifiably believed that the City had resolved itself to address the needs of special inmate populations, including the severely mentally ill, with the construction of the Phase III facility. Now faced with the City's broken promises, the Court can only shake its head.

Several years ago, the City, after much debate (and in reliance on its *independent* assessment of possible alternatives), advised the Court that construction of Phase III—not a retrofit of the Orleans Justice Center ("OJC")—was the solution

1

that would best fulfill its constitutional obligations as well as its obligation under the Consent Judgment. To arrive at that determination, the City consulted with others, including but not limited to the Court-appointed Monitors, the Compliance Director, and the Sheriff.

This Court need not reiterate U.S. Magistrate Judge North's Report and Recommendation line-by-line. However, a few succinct observations relating to the City's present objections are in order.

It was not until this Court questioned City Attorney Sunni LeBeouf at a recent status conference that it first learned that the City had, without the Court's permission, unilaterally halted Phase III design work in violation of this Court's orders—a decision that the City Attorney could not satisfactorily explain. The Court finds the City's conduct exasperating, especially considering the fact that, following her election, Mayor Cantrell reiterated the City's commitment to the Court that the construction of Phase III would be completed as previously promised—and repeatedly advised the Court that Phase III would be completed on a given date. *See, e.g.*, R. Doc. Nos. 1231, 1238, 1244, 1253, 1261, & 1268.[1]

The City may think Phase III is bad policy, politics, or both. It is the City's job to think about policy and politics. The Court may not do so; it is not empowered to nullify a consent decree just because one of the parties thinks it made a bad decision. And to be clear: *the City, not this Court,* decided to construct Phase III. The Court is

---

[1] The procedural history relating to the City's continued commitment is detailed by the U.S. Magistrate Judge. *See* R. Doc. No. 1385, at 21–22.

not imposing Phase III on anyone. The City did that years ago. The Court is simply fulfilling its legal obligation to hold the City to its word.

Ironically, the City's objections highlight the infirmity of its position. Stepping on its own foot, the City argues:

> Contrary to the statements in the Report, the City had no obligation to present a specific plan for a retrofit to the Court before asking for relief from *its commitment* to plan for Phase III as a possible second jail facility based on a change in circumstances. That was erroneous and thus the subject of one of many objections by the City to the Report. The City had no obligation to ask for relief from the referenced two Court Orders, given that those Orders impermissibly obligated the City to move forward with the construction of a Phase III new jail building; concomitantly, those Orders of this Court in January and March 2019 wrongly prevented other less intrusive and more narrowly drawn options and blocked other options to be developed as the City decided, particularly given the wording of the Stipulated Order.[2]

According to the City, then:

A. The City admits it had a prior "commitment" to Phase III;

B. The City had no obligation to request relief from two court orders,[3] as those orders "impermissibly obligated the City to move forward with the construction" of Phase III; and

C. In doing so, the Court wrongly "prevented" the City from taking other less-intrusive and narrowly drawn options.

This line of reasoning (if it can be called that) crumbles at every step. First, stunningly, the City admits it is seeking relief from its *own* commitment—not a Court

---

[2] R. Doc. No. 1389, at 3 (emphasis added and footnotes omitted).
[3] R. Doc. Nos. 1221 & 1227.

3

order.[4] That admission is, by itself, fatal to the City's present attempt to renege. And, tellingly, the City did not object to enforcement of that commitment for more than *fourteen months after* the last supposedly flawed order.[5] The City's anemic post-hoc rationalization is, somehow, that no objection was necessary. But the City apparently does not believe its own argument—given its habit of objecting to the Court's orders by motion. Think about that: the City, in the course of requesting relief, argues it had no duty to request relief. The incoherence speaks for itself. Finally, the City's third argument is entirely unsupported by the evidence—either with regard to whether the Court "prevented" anything, or whether such supposedly less-intrusive and narrowly drawn options were even available and viable.

    Irrespective of these critiques, the Court finds that new arguments first raised by the City in its reply brief, as well as those not initially made before the U.S. Magistrate Judge, are deemed waived. Notwithstanding the waivers, the U.S. Magistrate Judge's alternative disposition on the merits of these untimely arguments is affirmed. The Court also agrees with the U.S. Magistrate Judge that relief is not warranted under Federal Rule of Civil Procedure 60, because OJC does not currently provide medical and mental healthcare that is compliant with the consent judgment; the impact of the COVID-19 pandemic on the City's budget is both speculative and irrelevant; and there has not been an unexpected or substantial decline in the inmate population at OJC.

---

[4] *See* R. Doc. No. 1385, at 14–21 (summarizing the City's prior admissions).
[5] *See* R. Doc. No. 1227 (order dated March 18, 2019); R. Doc. No. 1281 (motion filed June 29, 2020).

The City's tortured attempts to revise history fall flat. It is high time for the City to live up to its word. The incarcerated of Orleans Parish have waited far too long for the care they need and to which they are entitled—care that the City agreed to provide.[6] The Court will hold the City to its previously chosen course of action. Accordingly,

**IT IS HEREBY ORDERED** that the City's motion for relief from the January 25, 2019 and March 18, 2019 Court Orders is **DENIED**.

New Orleans, Louisiana, January 25, 2021.

                                                        **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[6] The City argues that the Sheriff and Compliance Director have always been responsible for providing sufficiently trained correctional staff for the delivery of appropriate medical and mental health services. The City is reminded that it previously objected to a contract for medical and mental healthcare services entered into by the Sheriff and a contractor providing such services. The Court concluded that the City was authorized to contract for healthcare at the prison and that the City has the legal authority to enter into a different contract that would allow the Sheriff to comply with the Consent Judgment. R. Doc. No. 837.