UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                                    CIVIL ACTION

VERSUS                                                            No. 12-859

MARLIN GUSMAN, ET AL.                                SECTION I

## ORDER

The Court is in receipt of a notice[1] filed by the City of New Orleans (the "City") in response to the plaintiff class's motion[2] to continue the submission date of the City's motion for a stay. The Court previously granted the plaintiff class's motion as unopposed.[3] The notice, filed and signed by City Attorney Sunni LeBeouf (the "City Attorney"), argues that the Court's order granting the motion was "premature" and "prevented the City from having a reasonable opportunity to respond."[4] It indicates that, had the City had more time, it would have opposed the motion.[5]

The City Attorney alleges that counsel for the plaintiff class emailed the City on March 23, 2021, seeking the City's consent to its motion for an extension.[6] The City Attorney argues that it was "unreasonable and inconsistent with general motion practice"[7] for the plaintiff class to represent that "the City had not responded to counsel's inquiry, without noting that the City was only given approximately four

---

[1] R. Doc. No. 1414.
[2] R. Doc. No. 1412.
[3] R. Doc. No. 1413.
[4] R. Doc. No. 1414, at 2.
[5] *Id.*
[6] *Id.* at 1. The stated date obviously represents a proofreading error.
[7] *Id.* at 2.

hours to respond."[8] She adds that her office cannot be expected to respond so quickly because it is "responsible for many important matters, including litigation, transactions, and general City requirements and obligations."[9]

The Court is confused by the City's inconsistent positions. The City would like to stop work on Phase III as soon as possible, necessitating a stay pending its appeal. The Court understands that. But if time is of the essence, why did the City wait more than two weeks from filing its notice of appeal before seeking a stay? Indeed, the City's motion for a stay came more than three weeks after the Court's January 25, 2021 Order denying the City's motion "for relief from Court Orders of January 25, 2019, and March 18, 2019."[10] And the motion for relief was filed *more than fifteen months after the latter of the Orders it challenged.* Now, the City protests that it was not given a fair chance to oppose a procedural motion—*a motion in which the plaintiff class sought nothing more than additional time to file a comprehensive response to a far more significant motion, filed by the City.*

The Court is also unmoved by the City Attorney's declaration that her office cannot be expected to respond quickly to communications from opposing counsel because it is "responsible for many important matters." First, the Court notes that the City has retained outside counsel in this matter; indeed, outside counsel signed

---

[8] *Id.* at 1. The Court notes that the City alleges the time-gap between the email and the filing of the motion was about 4 hours and 41 minutes. *Id.* That is closer to five hours than four.
[9] *Id.* at 2.
[10] R. Doc. No. 1281, at 1 (citations omitted).

the very notice in which the City Attorney claims her office is busy.[11]  Furthermore, most lawyers have numerous clients.  And a lawyer should consider every client's matter 'important.'  That is being a lawyer.  And surely this is an important matter for the City—and for the human beings it has chosen to incarcerate under conditions that necessitated a Consent Decree.

The Court will, of course, give the City an opportunity to respond to the motion. All it had to do was ask.[12]  The Court will not move the submission date back to March 10, 2021, as this would leave the plaintiff class with little time to respond to the stay motion if the Court denied its motion to continue.  However, the Court will rescind its Order granting the continuance for the limited purpose of determining whether the submission date should be continued to April 7, 2021 or an earlier date.[13]  But, as the City notes, time is of the essence.  Therefore,

**IT IS ORDERED** that the Court's February 24, 2021 Order is **RESCINDED IN PART**, as described above.

**IT IS FURTHER ORDERED** that the City shall file its opposition to the plaintiff class's motion for an extension of time no later than **FRIDAY, FEBRUARY**

---

[11] R. Doc. No. 1414, at 2–3.
[12] The Court notes that, in addition to the time provided by opposing counsel, the City had nearly a full day to notify the Court of its opposition to the motion before an opinion was issued; attorneys do this frequently.  The City Attorney did not.
[13] The submission date will be set no earlier than March 17, 2021.

**26, 2021, at 5:00 P.M.**[14]  The Court will evaluate it over the weekend and make every effort to rule on the motion on Monday, March 1, 2021.

New Orleans, Louisiana, February 25, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14] The Court made a courtesy call to the City Attorney shortly after 9:00 A.M., February 25, 2021, informing her of this Order, so that she might have as much time as possible to respond.