**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| LASHAWN JONES, ET AL. | CIVIL ACTION NO. 12-859 |
| VERSUS | SECTION I, DIVISION 5 |
| MARLIN GUSMAN, ET AL. | JUDGE LANCE M. AFRICK |
| | MAGISTRATE JUDGE NORTH |

**THE CITY OF NEW ORLEANS'S RESPONSE**
**TO THE COURT'S ORDER OF FEBRUARY 25, 2021**

Pursuant to the Court's Order[1] of February 25, 2021, Third-Party Defendant, the City of New Orleans ("City"), submits this response to the Court's Order.

On February 19, 2021, the City filed a Motion for Stay[2] requesting an order from this Court staying the execution of its Order & Reasons[3] of January 25, 2021. The City noticed a submission date of Wednesday, March 10, 2021, at 9:00 a.m.[4]

On February 23, 2021, counsel for the Plaintiff Class, Emily Cumming, sent an email advising that the Plaintiff Class anticipated filing a motion for additional time to respond to the City's Motion for Stay.[5] Counsel for the Plaintiff Class did not include the City's outside counsel on her February 23, 2021, correspondence.[6] Counsel for the Plaintiff Class subsequently filed their Motion around 3:15 p.m. on February 23, 2021.[7] In its submission, the Plaintiff Class generally indicated that the City had not responded to counsel's inquiry, without noting that the City was only given approximately four hours to respond. The Court granted the Plaintiff Class's

---

[1] Rec. Doc. 1415.
[2] Rec. Doc. 1410.
[3] Rec. Doc. 1396.
[4] Rec. Doc. 1410-2.
[5] Rec. Doc. 1414-1.
[6] *Id*.
[7] Rec. Doc. 1412.

Motion in less than one day, presumably because the Motion was represented to be unopposed, or alternatively, because the City's position was irrelevant to the Court.

The City subsequently filed a response[8] merely to clarify the record. The City believes that without the proper context, and with the Court granting the Plaintiff Class's Motion in less than twenty-four hours as "unopposed,"[9] there appeared to be a suggestion both that the City was somehow unreasonable in not responding to the subject email immediately and that the abbreviated time afforded the City somehow suggested a lack of opposition to the Plaintiff Class's Motion. Nevertheless, the City advised the Court that it would not file an opposition to the Plaintiff Class's Motion given that the Court had already granted the Motion.[10] Moreover, in addition to quickly granting the Plaintiff Class's Motion as unopposed, the Court has now made its intentions clear via Rec. Doc. 1415.

The City reiterates its position that a stay is appropriate in this instance. The Independent Monitors' report[11] issued on February 8, 2021, confirms that the issues preventing the Orleans Parish Justice Center ("OJC") from achieving substantial compliance are not limited to the physical facility or, as Plaintiff Class suggests, to deteriorating conditions (in the new Phase II OJC jail building), but rather the training, staffing, and retention of Orleans Parish Sheriff's Office ("OPSO") employees.[12] These concerns are not related to the alleged physical limitations of the OJC. In fact, the Monitors recognize that "the City did extensively renovate portions of TDC," yet OPSO has failed to fully occupy TDC.[13] It is clear that the construction of a new jail building alone will not alleviate the Monitors' (nor the City's) concerns.

---

[8] Rec. Doc. 1414.
[9] Rec. Doc. 1413.
[10] Rec. Doc. 1414.
[11] Rec. Doc. 1404.
[12] *Id*. at 65.
[13] *Id*. at 10.

Importantly, in the absence of a stay, the City will have to spend considerable taxpayer funds and community resources complying with the Court's orders, including planning and constructing a multimillion-dollar facility which has not been approved by the City's legislative body.  The stay will also not substantially impair the other parties to this litigation given the current status of this matter.  Acute and sub-acute OPSO inmates are receiving quality mental health services from Tulane University Hospital, which the Monitors have described as an "invaluable asset in providing required and consistent psychiatric services for inmates at OJC."[14]  In addition, acute and sub-acute OPSO inmates are currently receiving care provided by Wellpath and infirmary care at University Medical Center.  These arrangements will not be affected pending appeal.

        Respectfully submitted,

**BY:**   */s/ Sunni J. LeBeouf*
       **SUNNI J. LeBEOUF**  (Bar #28633)
       CITY ATTORNEY
       Email: Sunni.LeBeouf@nola.gov
       **DONESIA D. TURNER** (Bar #23338)
       Email: Donesia.Turner@nola.gov
       **CHURITA H. HANSELL** (Bar #25694)
       Email: chhansell@nola.gov
       **DARREN P. TYUS (**Bar #30772)
       Email: Darren.Tyus.@nola.gov
       1300 PERDIDO STREET
       CITY HALL – ROOM 5E03
       NEW ORLEANS, LOUISIANA 70112
       TELEPHONE: (504) 658-9800
       FACSIMILE:   (504) 658-9868

       **/s/ Harry Rosenberg**
       **HARRY ROSENBERG** (#11465)
       **STEPHANIE POUCHER** (#37263)
       **PHELPS DUNBAR LLP**
       365 CANAL STREET, SUITE 2000

---

[14] *Id.* at 64.

NEW ORLEANS, LA 70130
TELEPHONE:  504-566-1311
FACSIMILE:  504-568-9130
Email: Harry.Rosenberg@Phelps.com
Stephanie.Poucher@Phelps.com

*COUNSEL FOR:*
*THE CITY OF NEW ORLEANS*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed on this 26th day of February, 2021, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

*/s/ Sunni J. LeBeouf*
**SUNNI LᴇBEOUF**