UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                    CIVIL ACTION

VERSUS                                    NUMBER: 12-0859

MARLIN N. GUSMAN, ET AL.                 SECTION: "I"(5)

**ORDER**

Continuing a frustrating recent pattern of practice in this case, the City of New Orleans (the "City") has again sought leave to file a reply memorandum that raises new, substantive arguments for the first time. (Rec. doc. 1428, 1428-2). For example, the City – for the first time ever – suggests that the filing of its Rule 60 motion regarding the Phase III facility triggered an "automatic stay" of the underlying Court orders of January 25, 2019 (rec. doc. 1221) and March 18, 2019 (rec. doc. 1227) pursuant to a statutory provision that, to the Court's recollection, no party in this case has ever cited before.[1] That an automatic stay of the City's obligations around Phase III quietly took hold in December 2020 is news to the Court and is certainly news also to the other parties in the case.

The City also makes a new argument that the New Orleans City Council is somehow empowered by the City Charter to invalidate this Court's lawful orders and its own contractual obligations by refusing to approve a zoning variance. (Rec. doc. 1428-2 at p. 13).

This Court has previously made clear the extreme risk to the City associated with raising such arguments for the first time in a reply brief. (*See* discussion of waiver of such arguments in rec. doc. 1385). While that warning has apparently fallen on deaf ears, the

---

[1] That provision is 18 U.S.C. § 3626(e). (Rec. doc. 1428-2).

Court will not refuse in this instance to allow the City to make its late-raised arguments, given the importance of the issues at stake in the case.

Accordingly, the motion for leave to file a reply memorandum is granted. The remaining parties, including the Sheriff, who inexplicably did not file a response to the City's motion to stay, shall file their sur-reply briefs addressing the procedural and merits-based arguments raised in the City's reply brief no later than April 21, 2021. Motions for leave to file said briefs are not necessary, as leave is granted herewith. Further briefing will not be Allowed. The Court will hold a hearing by Zoom on the motion to stay at 11:00 a.m. on April 28, 2021.

New Orleans, Louisiana, this __8th__ day of _____April_____, 2021.

  
MICHAEL B. NORTH  
UNITED STATES MAGISTRATE JUDGE