UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____
                                          )
LASHAWN JONES, ET AL,                     )
Plaintiffs; and                           )
UNITED STATES OF AMERICA                  )
Plaintiffs in Intervention                )
                                          )
v.                                        )        Civil Action No. 2:12-cv-00859
                                          )        Section I, Division 5
MARLIN N. GUSMAN, ET AL,                  )        Judge Lance M. Africk
Defendants                                )        Magistrate Judge Michael B. North
_____        )
                                          )
MARLIN N. GUSMAN,                         )
Third-Party Plaintiff                     )
                                          )
v.                                        )
                                          )
THE CITY OF NEW ORLEANS,                  )
Third-Party Defendant                     )
_____        )

## THE UNITED STATES' SUR-REPLY TO THE CITY OF NEW ORLEANS' MOTION FOR STAY

The City of New Orleans has again raised untimely, new arguments in a reply brief, despite the Court's repeated admonitions. *See* ECF Nos. 1320, 1385, 1396. The City's new arguments in its Reply in Support of Motion for Stay ("Reply") should be deemed waived and, if considered by the Court, rejected in full. First, no stay ever took effect because the City's Motion for Relief[1] ("Rule 60(b) Motion") was not filed pursuant to the relevant Prison Litigation Reform Act ("PLRA") provision, or any PLRA provision. *See* 18 U.S.C. § 3626(e); *see* ECF Nos. 1281, 1281-1. Second, contract law and preemption principles prevent the City from avoiding its agreed-upon obligations that the Court found necessary to address constitutional

_____

[1] The City's Rule 60(b) Motion is entitled the City of New Orleans' Motion for Relief from Court Orders of January 25, 2019 (Rec. Doc. 1221) and March 18, 2019 (Rec. Doc. 1227) Regarding Phase III Jail Facility, ECF No. 1281.

violations.

I.    **ARGUMENT**

    **A. Arguments Raised in the City's Reply Have Been Waived.**

    Similar to the City's PLRA arguments during briefing on its Rule 60(b) Motion, the City's newly raised Reply arguments should be deemed waived.  Arguments raised for the first time in a reply brief are generally waived in the Fifth Circuit, and exceptions to this rule are solely within the discretion of this Court.  *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Medina Cty. Envtl. Action Ass'n v. Surface, Transp. Bd.*, 602 F.3d 687, 702-03 (5th Cir. 2010); *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 777 (5th Cir. 2009); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).[2]  The City was on notice that arguments in a reply would be waived when this Court found that the City's PLRA arguments, raised for the first time in its Rule 60(b) Reply, were waived.  ECF Nos. 1385 at 27-30, 1396 at 4.  The City was again put on notice when this Court held that the City's Home Rule Charter arguments, never raised during the City's Rule 60(b) briefing, were also waived.  ECF No. 1396 at 4.  Similar to the waiver of the City's previous arguments, this Court should use its discretion to find that the City waived its argument under 18 U.S.C. § 3626(e) by failing to raise it in its Motion for Stay.

---

[2] See additional discussion on the City's previously waived reply brief arguments, and the appropriate waiver standard, in the United States' Response to City of New Orleans' Objections to Report Issued on December 7, 2020, ECF No. 1392 at 5-7.

**B. Only a PLRA Motion to Modify or Terminate Prospective Relief Results in a PLRA Stay.**

The City claims for the first time that, unbeknownst to the parties and this Court, an automatic stay pursuant to 18 U.S.C. § 3626(e) was "triggered on December 26, 2020, and the ordered Phase III construction was stayed by operation of law ending on the date the court entered its final order ruling on the [Rule 60(b)] motion." ECF No. 1431 at 3 (internal citations omitted). This belated argument is incorrect. The City's Rule 60(b) Motion was exactly that, a motion filed pursuant to Fed. R. Civ. P. 60(b). *See* ECF No. 1281-1 at 1 ("The City of New Orleans . . . submits this memorandum in support of its Motion . . . pursuant to Fed R. Civ. P. 60 . . . ."); *see also id.* at 3. It was not filed pursuant to any provision of the PLRA; nowhere in the City's Motion or Memorandum is the PLRA even mentioned. *See* ECF Nos. 1281, 1281-1. The City's Rule 60(b) Reply, which introduced belated and waived arguments under the PLRA prison construction provision, 18 U.S.C. § 3626(a)(1)(C), also does not indicate that its motion was filed under any PLRA section. *See* ECF No. 1312. And at no time, in its briefing, or during the two-week hearing on the City's Rule 60(b) Motion, did the City argue that the automatic stay provision of the PLRA had somehow been triggered by the City's Rule 60(b) Motion. The City cannot seek a stay based on a statute under which it did not seek substantive relief.

A stay pursuant to the automatic stay provision of the PLRA, by its plain language, is triggered only by a PLRA motion to modify or terminate relief, 18 U.S.C. § 3626(b). The stay provision provides, "[a]utomatic stay. – Any motion to modify or terminate prospective relief *made under subsection (b)* shall operate as a stay . . . ." 18 U.S.C. § 3626(e)(2) (emphasis added). The City did not file a motion for relief under subsection (b) of the PLRA and did not

reference subsection (b) of the PLRA in its motion.  *See* ECF Nos. 1281, 1281-1.  Therefore, the City cannot take advantage of any automatic stay under the PLRA.

Cases interpreting the plain language of 18 U.S.C. § 3626(e) have found that a PLRA stay is triggered only when a motion pursuant to the PLRA has been filed.  *Miller v. French*, 530 U.S. 327, 337 (2000) (Under § 3626(e)(2), "[t]he stay is automatic *once a state defendant has filed a § 3626(b) motion . . . .*) (emphasis added); *see also Carruthers v. Jenne,* 209 F. Supp. 2d 1294, 1296 (S.D. Fla. 2002) ("all prospective relief will be automatically stayed until a ruling on the motion to terminate has been entered.").  The City cannot successfully claim a stay under the PLRA without filing a motion under the PLRA.

### C.  The Court's Current PLRA Findings Support a Rejection of any Motion to Terminate the City Might Seek.

Even if the City's Rule 60(b) Motion could be construed as a PLRA motion to terminate, contrary to the motion's plain language, this Court's adopted Report and Recommendation described in significant detail how the New Orleans jail is not in compliance with the Constitution or the Consent Judgment's requirements for appropriate mental health and medical care, ECF No. 1385 at 37-43, how the Phase III facility would address this lack of compliance, ECF No. 1385 at 38-40, and how the City's proffered alternative was not viable.  ECF No. 1385 at 60-63.  The adopted Report and Recommendation, therefore, made the appropriate PLRA need, narrowness, intrusiveness findings to overcome a PLRA motion to terminate, should the City's Rule 60(b) motion be construed as such a motion.

4

### D.  The City Cannot Benefit from Unilateral Phase III Delays.

The City argues, without citing any legal precedent, that because the City's Home Rule

Charter purportedly requires a zoning variance for Phase III to be built, and because that variance

has not been granted, Phase III construction cannot occur.  ECF No. 1431 at 13 n.55.  The City's

claim of local government deterrents to the Phase III process is untimely, has been waived, and is

unpersuasive under settled contract principles.

The City's Home Rule Charter argument was not raised until after this Court issued its

Report and Recommendation and deemed it waived as to the City's Rule 60(b) Motion.  ECF

No. 1396 at 4.  If the Court again considers the Home Rule Charter argument as part of the

City's stay motion, it similarly fails here.

After the City Council approved Phase III and the City signed the Stipulated Agreement

for Appointment of Independent Jail Compliance Director, ECF No. 1082, it was the City's

unilateral decision not to proceed with the City Planning Commission.  ECF No. 1385 at 16.  As

the United States has previously stated regarding the City's contractual obligation to the Phase

III process, "[i]t is a principle of fundamental justice that if a promisor is himself the cause of the

failure of performance . . . he cannot take advantage of the failure."  ECF No. 1392 at 10 (citing

*Lozano v. Metro. Transit Auth.*, No. H-14-1297, 2016 WL 3906295, at *8 (S.D. Tex. July 19,

2016) (quoting *In re Deepwater Horizon*, 786 F.3d 344, 361 (5th Cir. 2015)).  Although the City

belatedly claims such approvals are necessary, it never sought approvals by the City Planning

Commission while moving forward with Phase III from 2019-2020, including filing status

updates with this Court reporting such progress.[3]  The Court and the parties relied on the City's

---

[3] A sampling of the City's statements in its status reports were detailed in this Court's adopted Report and

5

conduct in proceeding with Phase III without any additional local processes.

### E.  Preemption Ensures Federal Orders Enforcing the Constitution Prevail.

Moreover, the City, through its own internal legislative processes, cannot invalidate a federal court order to enforce prisoners' constitutional rights.  The U.S. Constitution and the laws of the United States are supreme over state and municipal laws.  U.S. Const. art. VI, cl. 2.  In particular, state and local entities are bound to the holdings of federal courts where determinations of constitutional and federal rights are at issue.  *See Cooper v. Aaron*, 358 U.S. 1, 4, 18 (1958) (local hostility, defiance, and a lack of political will could not invalidate a federal court order); *see also Bush v. Orleans Par. Sch. Bd.*, 190 F. Supp. 861, 863-66 (E.D. La. 1960) (same).  Preemption applies when "state action directly conflicts with the force or purpose of federal law."  *Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.*, 180 F.3d 686, 690 (5th Cir. 1999).  And "[p]reemption of municipal ordinances is governed under the same standards as would apply to a state law."  *Id.*  Thus, to the extent the City contends that its Home Rule Charter prohibits it from complying with the Court's orders, federal preemption principles overcome that prohibition.

Nor can the City use its failure to complete any local processes to avoid its agreement and the Court's implementing orders given this Court's finding that Phase III is necessary to correct constitutional and Consent Judgement deficiencies in the treatment of prisoner populations at the New Orleans jail, ECF. Nos. 1385 at 37-43, 1396 at 4.  *See Missouri v. Jenkins*, 495 U.S. 33, 57–58 (1990) ("Even though a particular remedy may not be required in every case to vindicate

---

Recommendation.  *See, e.g.,* ECF No. 1385 at 21 ("Significant progress continues to occur in moving both projects forward.").

constitutional guarantees, where (as here) it has been found that a particular remedy is required, the State cannot hinder the process by preventing a local government from implementing that remedy."); *Washington v. Wash. State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695 (1979), *modified sub nom. Washington v. United States*, 444 U.S. 816 (1979) ("State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution.").  In sum, the City's claim of local government deterrents to the Phase III process is untimely, has been waived, and is unpersuasive under contract and preemption principles.

## II.     CONCLUSION

For the foregoing reasons, and for the reasons discussed in the United States' Response, ECF No. 1425, the Court should deny the City's Motion for Stay.

**FOR THE UNITED STATES:**

DUANE A. EVANS
U.S. Attorney

Eastern District of Louisiana

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

*/s/Theodore Carter III*
THEODORE CARTER III,
(IL 6188964)
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

*/s/ George Eppsteiner*
LAURA L. COWALL,
(DC 481379)
Deputy Chief (T.A.)
GEORGE EPPSTEINER (NC 42812)
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4044
george.eppsteiner@usdoj.gov

Date: April 21, 2021