UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL., Plaintiffs; and UNITED STATES OF AMERICA Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL., Defendants | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge Michael B. North |
| MARLIN N. GUSMAN, Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS, Third-Party Defendant | |

## SUR-REPLY OF MARLIN N. GUSMAN TO THE CITY OF NEW ORLEANS' REPLY IN SUPPORT OF MOTION FOR STAY

Marlin N. Gusman, Sheriff of the Parish of Orleans, respectfully submits this Sur-Reply to the City of New Orleans' (the "City") Reply in Support of Motion for Stay (the "Reply").[1] In its Reply, the City once again erroneously contends that because it meets the four (4) factors regulating the issuance of a stay[2], this Court should stay its Order pending appeal.[3] For the reasons set forth herein, the City's Motion for Stay[4] should be denied.

## LAW & ARGUMENT

### I. The City's Motion is Not Procedurally Proper

#### A. The City's Pattern of Delay Weighs Against Granting a Stay

As demonstrated by the jurisprudence cited below, the City's delay in filing its Motion for Stay weighs against granting it. In *Trover Grp., v. Dedicated Micros, USA*, where Defendants

---

[1] Rec. Doc. 1428-2.
[2] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("…the factors regulating the issuance of a stay are …: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").
[3] Rec. Doc. 1428-2 at 1.
[4] Rec. Doc. 1410-1.

failed to file a motion for a stay, "…at a time when the case could truly be said to have been in its infancy," the Court denied Defendants' motion to stay, ruling that "[t]he pattern of delay on the defendants' part cuts against granting a stay."[5]

The City's Motion for Stay was not filed until twenty-five (25) days after this Court's denial of the City's Rule 60(b) Motion. Although the City contends, among other things, that its Motion for Stay is timely because a "deadline for filing a motion for stay pending appeal,"[6] does not exist, the lack of a statutorily-defined "deadline" should not be of any import in this Court's consideration for denying the City's Motion for Stay, as the City's own "pattern of delay" weighs against granting its Motion for Stay.[7] Based on the foregoing, the City's delay in obtaining a stay weighs against granting its Motion, and therefore, its Motion should be denied.

### B. The Orders from Which the City Seeks a Stay are Not "New" Injunctions, But Directives to Enforce Compliance to an Existing Consent Decree

The scenario presently before the Court is considerably different from the typical manner in which a stay request is made. The Court's January 25, 2021 Order & Reasons[8] enforces previously existing agreements and responsibilities, rather than imposing new ones.

The majority of stay requests seek relief from injunctions imposing new requirements, not orders requiring corrective action plans to remedy non-compliance with previous obligations.[9] So, in most cases in which defendants request stays, they are faced with new and perhaps unforeseen mandates on matters about which they have made no previous commitments. In contrast, here the City was a party to a wide-ranging Consent Decree in June of 2013[10], and the Stipulated Order in 2016. The City has not been ordered to undertake new obligations, but rather to begin fulfilling the ones they agreed to in the past, specifically in the Stipulated Order.

---

[5] *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015) *See also Freeny v. Apple Inc.*, No. 2:13–cv–361, 2014 WL 3611948, at *2 (E.D.Tex. July 22, 2014); *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 2:13–cv–633, 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014*); Evolutionary Intelligence, LLC v. Apple, Inc.*, No. C 13–4201, 2014 WL 93954, at *4 (N.D.Cal. Jan. 9, 2014); *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12–646, 2013 WL 5701529, at *6 (D.Del. Oct. 21, 2013); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civil No. 122730, 2013 WL 4483355, at *2 (D.Minn. Aug. 20, 2013); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D.Cal.2013); *Affinity Labs of Tex. v. Apple Inc.*, No. 09–4436, 2010 WL 1753206, at *2 (N.D.Cal. Apr. 29, 2010); cf. *Polaris Indus., Inc. v. BRP U.S. Inc.*, Civil No. 12–1405, 2012 WL 5331227, at *2 (D.Minn. Oct. 29, 2012) (court may deny a request for a stay where the movant has unjustifiably delayed seeking reexamination).
[6] Rec. Doc. 1428-2 at 4.
[7] *See Trover Grp. supra.* n. 5 ("[by] delaying their motion to stay, the defendants have allowed the case to … [become] more expensive, for the parties. Because this <u>was within the defendants' control</u>, the Court is not sympathetic…") (emphasis added).
[8] Rec. Doc. 1396.
[9] See, *e.g., United States v. Baylor University Medical Center*, 711 F.2d 38, 43 (5th Cir. 1983); *Ruiz v. Estelle*, 650 F.2d 555, 558 (5th Cir. 1981) (subsequent history omitted).
[10] *See* Rec. Docs. 465, 583 (setting the Effective Date of the Consent Judgement approved and entered on June 6, 2013, at Rec. Doc. 465).

These unusual circumstances should be a crucial factor in this Court's consideration of the City's stay request. The classic purpose of a stay is to preserve the status quo while legal issues surrounding a disputed order are adjudicated. The status quo in this matter before the January and March 2019 Orders from which the City seeks relief, was that the City was already obligated to comply with the terms of its previous agreements. The aforementioned Orders merely direct the City to comply with the requirements regarding the Special Needs Facility that it previously agreed to.

## II. The City Has Not Shown That Their Stay Request Satisfies the Four Prerequisites for Such Relief

A stay pending appeal is an "extraordinary device which should be granted sparingly."[11] A court ordinarily considers four well-established factors in determining whether to grant a stay pending appeal. The "well-established" criteria are:

> (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest.[12]

Moreover, the movant "bears the burden of establishing these prerequisites."[13] The City's failure to establish any one of these factors is sufficient grounds for denying a stay.[14] Based on these standards, the City has not demonstrated its entitlement to a stay.

### A. The City Has Not Made a Strong Showing of Success on the Merits

The first *Ruiz* factor requires a party seeking a stay pending appeal to show a likelihood of success on the merits.[15] The City cannot meet this burden.

First, on appeal, the Fifth Circuit will review the denial of the City's Rule 60(b) Motion on an abuse of discretion standard. The Fifth Circuit has held:

> We will reverse a district court's denial of a Rule 60(b) motion only if the court abused its discretion.[16] We apply this deferential standard "to ensure that 60(b) motions do not undermine the requirement of a timely appeal."[17] "'[T]o overturn the district court's denial of [a] Rule 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the

---

[11] *United States v. Louisiana*, 815 F. Supp. at 948.
[12] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).
[13] *Id.* at 856.
[14] *See Drummond v. Fulton County Dep't of Family and Children's Services*, 532 F.2d 1001, 1002 (5th Cir. 1976).
[15] In unusual and limited cases where the appeal involves a serious legal question, a stay may be appropriate upon a lesser showing. Under this lesser standard, the movant need only present a substantial case on the merits and show that the balance of the equities (i.e., consideration of the other three factors) weighs heavily in its favor. *See Ruiz*, 666 F.2d at 856-57. Because no serious legal question is raised by the facts of the present case, this lesser standard does not apply. In addition, as explained below, the City has not established that any of the remaining *Ruiz* factors are satisfied. The equities are not tilted in the City's' favor at all, much less heavily tilted. Regardless of which standard is applied the Motion for Stay should be denied.
[16] *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1200–01 (5th Cir.1990).
[17] *Id.*

decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion'"[18]

The City will be unable to satisfy this heightened abuse of discretion standard on appeal. As this Court is aware, the parties participated in a multi week evidentiary hearing in October 2020 on the City's Rule 60(b) Motion. After considering the arguments of counsel, testimony of approximately 20 witnesses, evidence submitted, and pre and post hearing briefing, this Honorable Court issued a thorough and well-articulated Report and Recommendation to deny the City's Rule 60(b) Motion. Thereafter, on January 25, 2021, the District Court issued its Order and Reasons adopting the opinion set forth in this Court's Report and Recommendations, thereby denying the City's Rule 60(b) Motion.[19] Nothing articulated by this Court or the District Court in its Orders would amount to an abuse of discretion.

Furthermore, this Court made supported findings that the City's suggested alternative to the Special Needs Facility, the second floor retrofit, was not suitable, seeing as the retrofit does not offer sufficient programming space for the many inmates who presently lack group programming and cannot hold juveniles who necessitate sound and sight separation.[20] The City will once again fail in proving that this Court's findings are clearly erroneous.

Next, the City's assertion of a strong likelihood of success in proving that "the COVID-19 pandemic has caused an unforeseen fiscal and social impact upon the City with seemingly no end in sight,"[21] is without merit and will fail on appeal. As this Court rightly found, the evidence and testimony establishes that there is sufficient FEMA funding for the purposes of constructing the Special Needs Facility and that the City is bound to use the funding for the purpose of constructing the Special Needs Facility.[22] Thus, the City's assertion that the COVID-19 pandemic's monetary impact prevents it from constructing the Special Needs Facility is without merit and will fail on appeal.

The City goes on to aver that it will likewise succeed based on the erroneous contention that, "the marked decline in both the general prison population, and the inmates with acute and subacute mental health needs in particular…has rendered the construction of a new Phase III jail facility unnecessary…"[23] However, the City is once again mistaken in this averment. The City's

---

[18] *Lancaster v. Presley,* 35 F.3d 229, 231 (5th Cir.1994) (quoting *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977)).
[19] Rec. Doc. 1396.
[20] Rec. Doc. 1385 at 43, 61; transcript of Motion for Relief October 7, 2020 at 95.
[21] Rec. Doc. 1410-1 at 6.
[22] Rec. Doc. 1385 at 52.
[23] Rec. Doc. 1410-1 at 6.

own witness, Dr. Rouse, noted that although the numbers in psychiatric patients decreased briefly, it was not in a "proportional manner," and that the current number of patients using psychiatric medication is at a higher number than it was prior to the COVID-19 pandemic.[24] Moreover, this Court has remarked that the City's estimations regarding population decline have been known by all parties for several years, and therefore, do not meet the standards requisite for the relief Rule 60(b) provides.[25] Thus, this assertion for relief will likely not be successful on appeal.

Based on the foregoing arguments, the City has failed to meet the first prong of the test promulgated in *Ruiz*, thus, the City's Motion for Stay should be denied.[26]

**B. The City Has Failed to Show "Irreparable Injury" Absent a Stay of This Case**

The Fifth Circuit has made clear that "[w]here a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation."[27] Given that the City has not made the case that it is likely to prevail in its appeal, the City must at least show that "the balance of the equities weighs heavily in favor of granting the stay."[28] Again, the City has failed to carry its burden.

The City erroneously relies on the *Ruiz* decision to support its argument that without a stay it will suffer irreparable injury if it invests time, effort, and financial resources into implementing the Special Needs Facility.[29] In *Ruiz*, Texas' motion to stay was granted by the Fifth Circuit as a result of the District Court's injunction's "unduly restrictive nature."[30] In stark contrast to the facts underlying the *Ruiz* decision, the present motion seeks to avoid compliance with the plan laid out long ago in the Stipulated Order that the City itself agreed to, and therefore binds the City to what they actually agreed.[31]

Furthermore, although the City contends that it will suffer irreparable injury if it "invests…financial resources towards implementing reforms in the jail system," this argument backed on the premise of financial loss does not rise to the level of "irreparable injury" necessitated

---

[24] Transcript of the Motion for Relief, October 8, 2020, at 166-67 ("[t]he [population] numbers at OJC went down. The numbers of psychiatric patients briefly went down, but not in a proportional manner… we're at 477 patients taking psychiatric medications, which is greater than it was before COVID.").
[25] Rec. Doc. 1385 at 44-45.
[26] *In re Grand Jury*, 583 F.2d 128, 129 (5th Cir. 1978) ("…a motion to stay is properly denied where the moving party fails to meet the "first test for a stay, the likelihood of success on appeal.").
[27] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc*., 761 F.2d 198, 204 (5th Cir. 1985).
[28] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) (citing *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. 1981) (per curiam)).
[29] *See Ruiz*, *supra* n. 16 at 574.
[30] *Id*. at 573.
[31] *United States v. Armour & Co*., 402 U.S. 673, 681 (1971). ("Like a contract, moreover, a consent decree binds the parties to what they have actually agreed and not to what they might have claimed or deserved under the law: 'The agreement reached normally embodies a compromise . . . where the parties each give up something they might have won had they proceeded with the litigation.'") (emphasis added).

by the second prong of the four-prong test. Additionally, the allegation of a lack of sufficient funding for the continued construction of the Special Needs Facility as a justification for its stay is without weight, as there is sufficient FEMA funding for the purposes of constructing the Special Needs Facility and the City is bound to use that funding for its designated purpose.[32]

Therefore, as established above, the City fails to prove the second prong of the four-prong test promulgated in *Ruiz*, as it cannot substantiate its claim that "expend[ing] considerable taxpayer funds and community resources," meets the standard for suffering an irreparable harm.

### C. Staying the Orders Pending Appeal Would Result in Great Harm to Other Parties. Therefore, the Motion for Stay Should be Denied

As this Court has previously found, in order to ensure long term constitutional care for the medical and mental health needs of the inmates within the care and custody of OPSO, there is only one viable solution: the construction of the Special Needs Facility. The City's efforts to delay and/or prevent the construction of the facility would cause great harm to all parties that have been intimately involved in this process for the last several years. Further, it stands to cause harm to the inmates that will ultimately seek treatment and care in the Special Needs Facility. Thus, the City has failed to satisfy the third prong under *Ruiz*.

### D. The Public Interest Disfavors a Stay

Contrary to the City's position, the public has an interest in ensuring medical and mental health needs of inmates continue to meet constitutional standards long term. Again, the only long term solution is the construction of the Special Needs Facility, not the insufficient alternatives suggested by the City in its Motion. Thus, the fourth prong of *Ruiz* also fails.

### III. The City's PLRA Arguments Also Fail

For the sake of brevity, Sheriff Gusman hereby adopts the arguments set forth in the United States' Sur-Reply to the City of New Orleans' Motion for Stay (Rec. Doc. 1436). As set forth in the United States' Sur-Reply, the City's PLRA arguments have been waived. Further, only a PLRA Motion to Modify or Terminate Prospective Relief results in a PLRA stay, which is not applicable here. Thus, the City's Motion for Stay must be denied.

---

[32] Rec. Doc. 1385, *supra* n. 28.

## CONCLUSION

In view of the foregoing argument and authorities, Sheriff Gusman respectfully requests that this Court deny the City's Motion for Stay. The City must meet the traditional test for imposition of a stay, and it has failed to carry its burden.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, LLP**

/s/ Patrick R. Follette_____
JAMES M. WILLIAMS, La. Bar No. 26141
INEMESIT U. O'BOYLE, La. Bar No. 30007
PATRICK R. FOLLETTE, La. Bar No. 34547
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone:  (504) 833-5600
Facsimile:   (504) 833-8080
jmw@chehardy.com; iuo@chehardy.com;
prf@chehardy.com

and

**ORLEANS PARISH SHERIFF'S OFFICE**
Blake J. Arcuri (LSBN 32322)
Laura C. Rodrigue (LSBN 30428)
Freeman R. Matthews (LSBN 9050)
2800 Perdido St.
New Orleans, LA 70119
Telephone: 504.493.2107; Fax: 504.202.9454
arcurib@opso.us; rodriguela@opso.us

*Counsel for Sheriff Gusman*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 21st day of April, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

/s/Patrick R. Follette_____