UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL. | CIVIL ACTION NO. 12-859 |
| VERSUS | SECTION I, DIVISION 5 |
| MARLIN GUSMAN, ET AL. | JUDGE LANCE M. AFRICK<br>MAGISTRATE JUDGE NORTH |

## STATUS REPORT

**NOW INTO COURT**, through undersigned counsel, comes Third-Party Defendant, City of New Orleans ("City"), who pursuant to the Court's Order of March 18, 2019,[1] and February 4, 2021,[2] hereby submits an update[3] on the progress of the Court-Ordered Phase III new jail building. Because of the ongoing COVID-19 global pandemic and unknowns generally associated with municipal capital projects, the City respectfully notes that the project timeline is subject to change.

The City reasserts its objection to the continued programming and construction of a new Phase III jail building. It remains the City's position that there has been a significant change in circumstances which makes the building of a new jail facility in Orleans Parish unwarranted and unnecessary.

The City has continued to move forward with compliance measures, consistent with the Court's Order. On January 26, 2022, the architectural construction document plans were shared with Plaintiffs, DOJ, OPSO, and all members of the Executive Group for review and comment, none of whom responded with revisions or recommendations. Any recommendations for changes may extend the architect's completion of the construction plans. The City, however, through its

---

[1] R. Doc. 1227.
[2] R. Doc. 1403.
[3] See Project Status Report (March 15, 2022), attached hereto as Exhibit A.

Office of Capital Projects Administration, reviewed and returned its final comments to GHC Architects, to be incorporated into the drawings.

The City reasserts and reiterates that a new jail building is not required by the Consent Judgment to obtain the constitutional medical and mental health care for inmates at the OJC. The directive to build a new jail facility is not narrowly tailored to accomplish the aims of the Consent Judgment, it extends much further than necessary to correct the violation of constitutional rights identified in the Consent Judgment, and it is much more intrusive than necessary to correct an alleged violation of those rights.[4] Moreover, a court is prohibited from ordering construction of a new jail building.[5] Respectfully, the City contends that this Honorable Court failed to consider a more "flexible approach" to the construction of a new jail facility.[6]

        Respectfully submitted,

        /s/ Donesia D. Turner
        **DONESIA D. TURNER (LSBA #23338)**
        City Attorney
        Email: donesia.turner@nola.gov
        **CHURITA H. HANSELL (LSBA #25694)**
        Chief Deputy City Attorney
        Email: chhansell@nola.gov
        1300 PERDIDO STREET
        CITY HALL - ROOM 5E03
        NEW ORLEANS, LOUISIANA 70112
        TELEPHONE: (504) 658-9800
        FACSIMILE: (504) 658-9868

        ***Counsel for the City of New Orleans***

---

[4] *See* 18 U.S.C. § 3626(a) (requirements for prospective relief under the Prison Litigation Reform Act).
[5] 18 U.S.C. § 3626(a)(1)(C).
[6] *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992). *See also Horne v. Flores*, 557 U.S. 433 (2009).

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>March 15, 2022</u>, a copy of the foregoing was served, contemporaneously or prior, upon all counsel of record in this proceeding via the court's CM/ECF system.

<u>    /s/ Donesia D. Turner    </u>
**DONESIA D. TURNER**

3