MINUTE ENTRY
NORTH, M.J.
MARCH 16, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHAWN JONES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 12-0859** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "I"(5)** |

At the status conference on this date, the Court expressed its ongoing concern over the ongoing and lengthy delays in progress toward completion of the Phase III project. Most recently, the City inserted into its January and February 2022 Court-ordered status reports new language[1] that suggested that the beginning of the "procurement phase" of the project was contingent upon certain things, specifically, "the City Council's approval of the OJC Phase III conditional use, the CNO/OPSO Cooperative Endeavor Agreement, and the appropriation of additional funds to cover the anticipated $15M - $18M funding deficit." (Rec. doc. 1492-1).

The City, through the City Attorney, confirmed to the Court that, despite that language having been inserted into prior status reports, the City had worked out the aforementioned "bureaucratic hurdles" and that the City was moving forward with design and construction of the facility notwithstanding the "contingencies" or conditions suggested in its February status report.

While the Court expressed its satisfaction at this clarification of the City's position, it nonetheless echoes the concerns of counsel for the Plaintiffs and the Department of Justice

---

[1] The Court's best estimate is that the City submitted approximately 37 prior status reports with a target date for the beginning of this phase, none of which mentioned any contingencies.

that the new delays (set forth in the March status report (Rec. doc. 1496)) are inexplicable based on the current record. These delays, said by City representatives to be occasioned by FEMA, were raised for the first time in the past 30 days.

Accordingly, the City is hereby **ORDERED** to produce to the parties and to the Court all documentation of any sort (*i.e.*, written correspondence, emails, and/or minutes of meetings or telephone conferences) of communications between the City and/or its consultants on the one hand and FEMA on the other regarding the alleged need to "reopen" or extend the 106 process, including FEMA's direction that additional public hearings are required prior to the procurement phase being initiated. To be clear, the Court finds that the parties and the Court are entitled to a full explanation and documentation as to whether and why <u>FEMA is actually requiring</u> the 106 process to take place yet again (when that process was apparently undertaken and completed at least a year ago) or whether the decision to reopen the process is either discretionary or was otherwise made by the City without a directive from FEMA. This production shall take place **no later than Friday, March 25, 2022**. The City is under an ongoing obligation to supplement this production as it continues to communicate with FEMA concerning Phase III. The City is further **DIRECTED** to provide to the Court and the parties the names and contact information of the individual FEMA representatives with whom it has been communicating on these issues, including but not limited to the individuals identified by Mr. Smith at the status conference.

                                                MICHAEL B. NORTH
                                     UNITED STATES MAGISTRATE JUDGE

MJSTAR (00:45)