UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                                                CIVIL ACTION

VERSUS                                                               NUMBER: 12-0859

MARLIN N. GUSMAN, ET AL.                                             SECTION: "I"(5)


### ORDER

At a status conference held March 16, 2022, the Court yet again expressed its ongoing concern over the lengthy delays in progress toward completion of the Phase III project, most particularly new delays (set forth in the March status report (Rec. doc. 1496)) that seemed inexplicable based on the then-extant record. The Court ordered the City

> to produce to the parties and to the Court all documentation of any sort (*i.e.*, written correspondence, emails, and/or minutes of meetings or telephone conferences) of communications between the City and/or its consultants on the one hand and FEMA on the other regarding the alleged need to "reopen" or extend the 106 process, including FEMA's direction that additional public hearings are required prior to the procurement phase being initiated. To be clear, the Court finds that the parties and the Court are entitled to a full explanation and documentation as to whether and why <u>FEMA is actually requiring</u> the 106 process to take place yet again (when that process was apparently undertaken and completed at least a year ago) or whether the decision to reopen the process is either discretionary or was otherwise made by the City without a directive from FEMA.
>
> (Rec. doc. 1497).

The City produced those documents[1] on March 25, 2022 and, after reviewing them, the Court ordered a follow-up status conference to be held, stating that at the conference,

---

[1] Plaintiffs and DOJ later filed a notice indicating that the City's production was incomplete and supplementing the record with what they claimed were additional responsive documents. (Rec. doc. 1503).

> The City shall be prepared to explain the apparent inconsistency between its representations at the recent status conference ("FEMA reviewed it, came back to us and said, because of all the controversy surrounding the project, they felt that we needed to do additional public outreach.") and the documents it recently produced ("FEMA staff advised CNO that it may not be in the public's best interest to continue to solicit public engagement while there are ongoing legal challenges which may affect the final design and character of CNO's solution to Consent Decree requirements.") (Rec. doc. 1498-5 at 6). The City is attempting to convince the Court that FEMA is requiring additional public engagement/hearings as justification for a significant delay in beginning the procurement phase of the Phase III project and the documents in the record simply do not support that contention. The Court expects a plausible explanation for this and a firm commitment from the City to begin procurement with no further delays.
>
> (Rec. doc. 1501).

To be kind, the City's explanations were less than satisfying.

With no documentary support at all, the City, through Capital Projects Director, Vince Smith, continues to suggest that FEMA is requiring the City to hold additional public hearings as part of the "106"/NEPA[2] process. At this point, however, rather than belabor the Court's extreme skepticism as to the veracity of the City's attempts to explain ongoing delays, the Court chooses to focus on a single, overriding objective – moving this project forward with no further undue delay.

Over the many years that have passed since the City agreed to construct an 89-bed special needs facility, *i.e.,* Phase III, we have experienced countless unnecessary delays. The City has variously blamed those delays on the Sheriff, the plaintiffs and DOJ, the prior administration, City Council, COVID-19 and now FEMA. What is undeniable at this point is that responsibility for the failure to advance this project even to the procurement phase,

---

[2] "NEPA" stands for National Environmental Policy Act.

despite years to do so, falls directly and completely on the City. History teaches that the Court has been far too generous in accepting the City's excuses and acceding to its requests for more time. That forbearance ends today.

As discussed at the status conference, the Court hereby **ORDERS** that, no later than May 13, 2022, the City complete its NEPA application/report and forward it to FEMA in order that FEMA can conduct its review and complete the NEPA process and thereby obligate the funds necessary to begin procurement for the Phase III project. In its last status report, the City suggested it could complete its work for the NEPA process on May 24, 2022, but it has already asked FEMA (but, notably, not this Court) for yet more time, establishing yet again that the deadlines the City gives to the Court are routinely written in disappearing ink. No more.

The City will complete its NEPA-associated tasks no later than May 13, 2022 and shall certify that completion to the Court.[3] Failure to do so will result in the immediate scheduling of a Rule to Show Cause why the City should not be held in contempt – not only for dragging its feet on the NEPA process but for its years-long intransigence and unjustified delaying of the Phase III project as a whole.

Moreover, the City is warned in the strongest possible terms that the Court will not tolerate any more delays in this process that are caused by the City. This includes, but is not limited to, any suggested delays the City might later suggest are warranted by its inability (or unwillingness) to allocate funding to cover the "gap" between the FEMA funds that the City chooses to allocate to Phase III and the actual cost of construction of that project.

---

[3] The Court emphasizes her that the City **will complete** these tasks, not that it will "attempt" to complete them, as suggested by the City Attorney at the status conference. At long last, mere attempts will not suffice – only successful completion will do.

If the Court has not been clear enough, let this serve as confirmation – any future delays toward completion of the Phase III project that are deemed by the Court to be occasioned by the unexplained, unreasonable, or unnecessary actions or decisions of the City of New Orleans will be met directly with contempt proceedings.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

MJSTAR (00:45)

4