MINUTE ENTRY
NORTH, M.J.
OCTOBER 12, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN JONES, ET AL.                                   CIVIL ACTION

VERSUS                                                  NUMBER: 12-0859

MARLIN N. GUSMAN, ET AL.                                SECTION: "I"(5)

A status conference in the above matter was held on this date in the presence of a court reporter (Sandra Minutillo).

PRESENT:   Emily Washington    Elizabeth Cumming
           Margo Frasier       John S. Williams
           Graham Bosworth     Sheriff Susan Hutson
           George Eppsteiner   Tommie A. Vassel
           David Trautenberg   Harry Rosenberg
           Donesia Turner      Kevin C. Hill
           Tammie Jackson

The Court ordered that, no later than Friday, October 28, 2022, the Sheriff's Office is to submit to the Court (and to the parties) a proposed framework for more complete reporting of critical incidents (those involving violence, use of force, overdoses, attempted self-harm, etc.) from the date of the incident through completion of any investigations into the incident. It is the Court's intention that it be more fully informed of OPSO's determinations as to what happened, why it happened and what will be done to prevent such incidents in the future, so that the Court, the Monitors and the parties may lend whatever guidance and assistance appropriate to address the causes of these incidents so that their numbers may be reduced in the future.

The Court also addressed the status of procurement for Phase III. The Court was informed, through Tammie Jackson, the City's Director of Safety and Permits, that her office

MJSTAR (01:00)

believed it was not authorized to issue a building permit for Phase III because the City Planning Commission ("CPC") and City Council (the "Council") had not approved a conditional use permit or zoning change regarding that facility.  Ms. Jackson and the City Attorney, Donesia Turner, both confirmed that the City Attorney's office had, consistent with this Court's prior rulings and that office's representations to the Court, directed that a permit be issued notwithstanding the CPC's and Council's failure to act on the zoning issue. Ms. Jackson explained that she believed her office required additional direction from the Court before issuing the permit.

The Court recalls its previous admonition to the City regarding what it perceived to be unnecessary internal roadblocks to the efficient completion of the Phase III project:

> [T]he City is warned in the strongest possible terms that the Court will not tolerate any more delays in this process that are caused by the City.  This includes, but is not limited to, any suggested delays the City might later suggest are warranted by its inability (or unwillingness) to allocate funding to cover the "gap" between the FEMA funds that the City chooses to allocate to Phase III and the actual cost of construction of that project.
> (Rec. doc. 1505).

In addition, the Court has previously addressed the issue of the building permit on multiple prior occasions, including in March of this year, when the City represented that there were no impediments to the permit being issued and that it would be issued in May (rec. doc. 1521) and in July, when the City indicated it was continuing to work on the permit and anticipated no problems. (Rec doc. 1531).

While the Court did not expect to hear that there remained some trepidation toward issuing the permit after all that has transpired, it was gratified to learn that the City Attorney had been urging its issuance and that Ms. Jackson was merely asking for further direction from the Court to issue the permit.  Having been assured by Ms. Jackson that

2

there were no impediments other than the purely procedural zoning issue (such as safety concerns about the project), and given the comprehensive process undertaken by the City and FEMA as part of the latter's Section 106 review and Environment Assessment process, the Court directed the City to proceed with issuing the permit without regard to the CPC's and Council's failure to act on a zoning variance, as the Court perceives those omissions to have been primarily political in nature[1] and, in any event, it has never been clear to this Court that a variance or new conditional use permit is required for this project in the first instance.

Finally, at the request of the City, it is hereby relieved of its obligations to make weekly submissions of its communications with FEMA, as it has begun making those submissions in real time and the weekly submissions have become superfluous.

New Orleans, Louisiana, this 14th day of October, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] It is well-known by now that in October 2021, the CPC staff recommended a zoning change to permit construction of Phase III but that the CPC itself would neither accept nor reject that recommendation. With no action on the CPC's part, the matter moved to the zoning docket of the Council. When the Council did not act on it by the deadline of January 3, 2022, the City's Comprehensive Zoning Ordinance treated that inaction as a denial of the application.