UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL,<br>Plaintiffs; and<br>UNITED STATES OF AMERICA<br>Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL,<br>Defendants | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge Michael B. North |
| MARLIN N. GUSMAN,<br>Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS,<br>Third-Party Defendant | |

**UNITED STATES'**
**RESPONSE TO THE SHERIFF'S PROPOSED FRAMEWORK FOR REPORTING CRITICAL INCIDENTS**

On October 12, 2022, this Court ordered the Sheriff to file a proposed plan for reporting critical incidents occurring at the New Orleans Jail, ECF No. 1564, after discussing this issue with the parties at the October 12, 2022 status conference. The Sheriff's filing, ECF No. 1566, unexpectedly asserts for the first time, after more than a decade of litigation, that the parties must enter into a non-disclosure agreement ("NDA"), contrary to the access provisions of the Consent Judgment and Stipulated Order previously entered in this case. The United States submits that entering an NDA at this stage of the case is unnecessary, outside the scope of the Consent

Judgment and Stipulated Order, and ignores the United States' current obligations to safeguard documents under federal law.

## I. DISCUSSION

### A. Background

The parties held a status conference on October 12, 2022. At the conference, this Court discussed how the Sheriff had not provided information to the Court and the parties regarding why critical incidents, including deaths and suicides, are occurring and how the Sheriff is going to address critical incidents. The Court ordered the Sheriff to submit a plan for critical incident analysis. The Court reaffirmed its instructions in a minute entry. ECF No. 1564. An NDA was not discussed at the status conference.

The Sheriff filed its Proposed Framework for Reporting Critical Incidents on October 28, 2022. ECF No. 1566. The Sheriff's filing unexpectedly raised the purported requirement for the parties to execute an NDA after over ten years of litigation in this case. *Id* at 2. Any such requirement for the parties to enter into an NDA runs contrary to the parties' document sharing practices under the Consent Judgment and Stipulated Order.

### B. An NDA is neither Required nor Appropriate in this Case.

The Sheriff's discussion of an NDA is limited to one paragraph without any reference to case law, the Consent Judgment, or the Stipulated Order. ECF No. 1566 at 2. The Consent Judgment provides the United States and the Plaintiff Class with "*unrestricted* access to the Facility, prisoners, staff and documents, as reasonably necessary to address issues affected by this Agreement." ECF No. 101-3 at 44[1] (emphasis added). There is no requirement for an NDA

[1] The page number cited is the page number at the top right corner of the filing, not the page number at the bottom of the document.

in the Consent Judgment. The Stipulated Order specifies that for "all incident reports [and] investigation files" the United States and the Plaintiff Class "shall be provided with any requested Jail or case related documents within 14 days of a request." ECF No. 1082 at 11. The Stipulated Order also does not require an NDA.[2] At no point has the Sheriff raised issues regarding the United States' maintenance and use of information received from the Sheriff. The United States has protected all confidential information that has been received in accordance with its existing obligations under federal law. For example, the Privacy Act of 1974, 5 U.S.C. § 552a, governs the protection of federal agency records with identifying information. The Freedom of Information Act includes various exemptions to the disclosure of documents, including the nondisclosure of documents related to "law enforcement purposes." 5 U.S.C. § 552(b)(7); *see also Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F. Supp. 2d 958, 964 (C.D. Ca. 2003) ("There is no room for confidentiality agreements, nondisclosure agreements, or other selective revelation in FOIA jurisprudence.") The United States will continue to safeguard confidential or private information it has received in accordance with federal law. An NDA is also not required by the Civil Rights of Institutionalized Persons Act ("CRIPA"), the statutory authority for the United States' investigation and subsequent litigation in this case. 42 U.S.C. § 1997. In fact, in a recent report and recommendation, a federal Magistrate Judge in Georgia recently found that an NDA was not required to grant the United States' petition for enforcement

[2] While the Sheriff's filing argues that "all parties provided access to this data [should] sign non-disclosure agreements with OPSO," ECF No. 1566 at 2, it is unclear whether the Sheriff anticipates a similar requirement for the monitoring team. Any request for the monitoring team to sign an NDA is also outside the scope of the plain language of the Consent Judgement and Stipulated Order. ECF No. 101-3 at 44 ("The Monitor shall have full and complete access to the Facility, all Facility records, prisoner medical and mental health records, staff, and prisoners…All information obtained by the Monitor shall be maintained in a confidential manner."); ECF No. 1082 at 5 (Stipulated Order noting "the Monitors' duties and responsibilities will remain unchanged.")

of a subpoena for correctional records. *See United States v. Ward*, 22cv01653 (N.D. Ga. June 29, 2022) at ECF No. 34. An NDA is simply not necessary in this case, and the Sheriff is bound by the Court orders regarding document access.

## II. CONCLUSION

For the foregoing reasons, the United States submits that any request for the United States or the parties to enter an NDA should be denied.

**FOR THE UNITED STATES:**


DUANE A. EVANS
U.S. Attorney
Eastern District of Louisiana

/s/Theodore Carter III
THEODORE CARTER III,
(IL 6188964)
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

/s/ George Eppsteiner
LAURA L. COWALL,
(DC 481379)
Deputy Chief (T.A.)
GEORGE EPPSTEINER (NC 42812)
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4044
george.eppsteiner@usdoj.gov


Date: November 4, 2022