MINUTE ENTRY
NORTH, M.J.
DECEMBER 8, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER: 12-0859 |
| MARLIN N. GUSMAN, ET AL. | SECTION: "I"(5) |

On December 7, 2022, Plaintiff Class' Motion to Enforce Access Provisions of Consent Judgment and Stipulated Order (rec. doc. 1569) came on for oral hearing before the undersigned.

    PARTICIPATING:    Elizabeth Cumming    George Eppsteiner
    Graham Bosworth    Ariona Jean-Johnson
    Kevin Hill    Margot Frasier

For the reasons stated on the record,

**IT IS ORDERED** that Plaintiff Class' Motion to Enforce Access Provisions of Consent Judgment and Stipulated Order (rec. doc. 1569) is **GRANTED**. Plaintiffs are entitled to the documents that they have requested. To this end, counsel for Plaintiffs and counsel for the Sheriff shall meet and confer in person to determine what documents remain outstanding, how to best produce those documents to Plaintiffs, and how best to handle the logistical difficulties of document production in the future. The parties shall also discuss how the process of document production can be settled operationally so that Plaintiffs receive any requested documents in a more timely fashion in the future. For example, if Plaintiffs have difficulty downloading or printing documents from the internet servers or services at use in this litigation, the Sheriff needs to download those documents to a flash drive or

electronic storage device or, failing that, print and produce them as quickly as possible to Plaintiffs.  Moreover, if a document does not exist, counsel for the Sheriff shall definitively state so.

With regard to the non-disclosure agreement that the Sheriff proffered to the Court and Plaintiffs, the Court will not approve any such agreement now or in the future.  By its plain language, the proposed non-disclosure agreement provides that <u>all</u> documents produced in this litigation are confidential unless the Sheriff unilaterally determines that a certain document is not.  That verbiage is utterly unacceptable, as it violates the Consent Judgment and the Stipulated Order, which require that when Plaintiffs request a document, the Sheriff must produce it.[1]  Should the Sheriff seek to alter the terms of the Consent Decree or the Stipulated Order, she must file the appropriate motion with the Court to do so.  The requirement in the Consent Decree and Stipulated Order that the Sheriff produce the documents is not a request, it is a standing order, and the Court finds that the non-disclosure agreement would ultimately place further restrictions on Plaintiffs' access to and use of documents in this litigation.  If the Sheriff concludes that a particular document merits more protection than that already provided by the various orders in this lawsuit, she shall bring that document to the Court's attention.

Lastly, counsel for the Sheriff has often repeated at court hearings – beginning in June of this year – that the OPSO "staffing plan" or the "staffing operational plan" would be finalized in the next few days or weeks, yet no plan has been produced.  Not surprisingly, counsel repeated that promise during the hearing today.  The Court expects counsel to follow through with that promise.  The Court will not accept non-production or future

---

[1] Not to mention that these are the public records of a public entity that cannot be presumed by anyone to be confidential <u>in their entirety</u>.

2

promises to produce a staffing plan in a few days or weeks.  As we continue to await the final staffing plan, counsel for the Sheriff shall <u>immediately</u> produce a copy of the plan – in whatever form it is currently – to Sheriff Margo Frasier for review and input from the Monitoring Team.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

MJSTAR (00:36)