UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and <br> UNITED STATES OF AMERICA Plaintiffs in Intervention <br><br> v. <br><br> SUSAN HUTSON, ET AL, Defendants <br><br> SUSAN HUTSON, Third-Party Plaintiff <br><br> v. <br><br> THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859 <br> Section I, Division 5 <br> Judge Lance M. Africk <br> Magistrate Judge Michael B. North |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF CLASS' MOTION TO ENFORCE ACCESS PROVISIONS
OF CONSENT JUDGMENT AND STIPULATED ORDER**

The Plaintiff Class files this Memorandum in support of its Motion to enforce the Plaintiff Class' rights of access to records and information necessary to address issues affected by the Consent Judgment.[1]

Introduction

Between January 25 and February 5, 2023, employees of the Orleans Parish Sheriff's Office (OPSO) and its medical contractor Wellpath used force in four (4) separate incidents on people held on the Orleans Justice Center (OJC) unit designated for those with acute and sub-acute mental health needs (OJC 2A), including individuals who may be on suicide watch, direct

---

[1] ECF No. 466 at 43.

1

observation, and/or awaiting placement at OPSO's Temporary Mental Health unit (TMH) or transfer to the state forensic hospital for competency restoration. The force reportedly used during these incidents included repeated deployments of OC spray, including on individuals secured within their own cells, takedowns of restrained individuals, and multiple occasions of physical strikes to the face and body of detainees.

On February 6 and February 24, 2023, the Plaintiff Class requested access to documents and records pertaining to five separate uses of force, including the four uses of force on class members held on OJC 2A. Based on OPSO narratives of these reportable incidents (as detailed in the paragraph above), the Plaintiff Class is concerned about the appropriateness and legality of these uses of force, particularly given the uses of force on members of this special needs population.

While OPSO has provided some records responsive to the requests of the Plaintiff Class, one large category of records remains outstanding: any records of any investigation conducted by OPSO into these uses of force (UOF), as required by the Consent Judgment and OPSO policy.[2] Multiple attempts by the Plaintiff Class to follow up on production of these outstanding records has not resulted in OPSO satisfying these requests (or declaring that responsive records do not exist, which would raise separate, serious concerns under the Consent Judgment).

In 2013, this Court approved and entered a Consent Judgment to address ongoing constitutional violations at the Orleans jail related to multiple aspects of jail operation, including excessive violence, lack of supervision, inadequate medical and mental health care, *inter alia*.[3] Paragraph VIII.D. of the Consent Judgment provides the Plaintiff Class with "unrestricted access

---

[2] As discussed below, on March 13, 2023, the Plaintiff Class received three (3) pages of investigative records related to the January 25, 2023, UOF on T.A.
[3] ECF No. 466.

to the Facility, prisoners, staff, and documents reasonably necessary to address issues affected by this Agreement."[4]

In 2016, this Court approved and entered a Stipulated Order for Appointment of Independent Jail Compliance Director, negotiated by the Sheriff, Plaintiff Class, United States, and City of New Orleans to resolve the pending receivership motion filed by Plaintiffs.[5] The Stipulated Order directs that Plaintiffs:

> be provided with any requested Jail or case related document <u>within 14 days of a request</u>, including specifically but not limited to all incident reports, investigation files, medical files, intake documents, staff rosters for all Jail employees, staff schedules, salary and payroll information, and overtime files. <u>Plaintiffs will be provided with documents contained within open and closed investigation files</u>. In the <u>extraordinary circumstances</u> where the production of particularized document within an open investigation file would jeopardize the integrity of a criminal investigation, the Plaintiffs will be provided a log identifying the withheld document. The document will be produced to the United States Magistrate Judge assigned to this case for in camera inspection. The court will determine whether the document should be produced, withheld, or produced subject to a protective order.[6]

Both the Consent Judgment and Stipulated Order are the law of the case,[7] providing for broad rights of access to information related to the myriad of issues addressed by the Consent Judgment, including the safety of members of the Plaintiff Class. Additionally, on December 8, 2022, in granting Plaintiff Class' previous Motion to Enforce Access Provisions of Consent Judgment and Stipulated Order,[8] this Court underscored Plaintiffs' entitlement to requested documents, encouraged timely provision of responsive records by OPSO, and further directed that,

---

[4] Id. at 43.
[5] ECF No. 1082 at 2.
[6] ECF No. 1082 at 11 (emphasis added).
[7] ECF No. 1565 at 23 (Transcript of 10/12/2022 Status Conference).
[8] ECF No. 1569.

3

if requested records do not exist, OPSO definitively state so.[9]

### February 6, 2023 Request for Records

On February 6, 2023, the Plaintiff Class requested access to documents and records pertaining to two uses of force: (1) a UOF on class member T.A. on February 3, 2023, on OJC 2A;[10] and (2) a UOF on class member K.T. on February 4, 2023, in the Intake and Processing Center of OJC.

The records requested included the original UOF reports, the UOF packet compiled by OJC security staff for provision to OPSO's Force Investigation Team (FIT), video recordings (both body camera and tier camera footage), and any records of investigation into the uses of force by FIT or any other investigative division of OPSO, including not just any final investigative report, but also any witness statements, records of interviews, memoranda, or any other record created or compiled in the course of investigating the uses of force.[11]

On February 7, 2023, the original UOF reports as to these two incidents was provided by OPSO.[12] Additionally, on February 10, 2023, CCTV video of the two uses of force was made available for Plaintiff Class counsel review on site, facilitated by OPSO's legal department. Copies of CCTV video footage, as well as body camera footage, for both of these incidents was also provided subsequently.

On February 24, 2023, Plaintiff Class counsel followed up with OPSO as to the outstanding investigative records which had been requested.[13] Electronic mail communication between various members of OPSO staff on the same date did not result in the production of any investigative

---

[9] ECF No. 1575.
[10] As detailed above, the class members held on OJC 2A are male detainees with acute and sub-acute mental health needs.
[11] Exhibit 1, 02/6/23 Email Washington to Bosworth requesting records.
[12] Exhibit 2, UOF reports.
[13] Exhibit 3, 02/24/23 Email Washington to Bosworth following up.

documents to the Plaintiff Class.[14]

On February 27, 2023, OPSO provided the UOF packets. These packets are prepared by OJC security staff for provision to FIT. Per the records produced to the Plaintiff Class, the UOF packets relative to the February 3 UOF on T.A. and the February 4 UOF on K.T. were received by investigations on February 9, 2023.

On March 1, 2023, as part of follow up communication on the second of the Plaintiff Class' requests for use of force records (see below), Plaintiff Class counsel once again asked OPSO as to the status of any investigative records related to the February 3 and February 4 uses of force.[15] Having received no response, Plaintiff Class counsel sent another electronic mail communication on March 10, 2023, reiterating that no investigative records as to any of the five uses of force had been produced. Counsel further noted that OPSO had represented on a conference call that same day that two of the five investigations had been completed. The communication concluded with a demand that all investigative records responsive to the Plaintiff Class' requests be provided by close of business on Monday, March 13, 2023.[16] Plaintiff Class counsel advised that if OPSO failed to provide responsive documents by this time, the Plaintiff Class would again seek the assistance of this Court in enforcing their rights of access.

As of the filing of this Motion, OPSO has not produced any investigative records related to the Plaintiff Class' February 6 request regarding the February 3 and February 4 uses of force on T.A. and K.T.

---

[14] Exhibit 4, 02/24/23 Emails Bosworth and Morales.
[15] Exhibit 5, 03/01/23 Email Washington to Bosworth. In addition to the requests for records sent by the Plaintiff Class which are the basis for this Motion, a separate request was made for these same records to be produced relative to the four uses of force on OJC 2A in advance of a meeting scheduled between OPSO, Wellpath, the Plaintiff Class, and the lead monitor on March 10, 2023. This separate request was made via electronic mail on March 1, 2023. See Exhibit 6. No investigative records were provided in advance of the March 10 meeting.
[16] Exhibit 7 at 4, 03/10/23 Email Washington to Bosworth.

February 24, 2023 Request for Records

On February 24, 2023, the Plaintiff Class requested access to documents and records pertaining to three additional uses of force, each occurring on OJC 2A, the acute and sub-acute mental health unit: (1) a UOF on class member T.A.[17] on January 25, 2023; (2) a UOF on class member J.W. on January 31, 2023; and (3) a UOF on class member J.S. on February 5, 2023.

The records requested as to these three additional uses of force were the same as those requested as to the other two uses of force in the Plaintiff Class' February 6 request (as detailed in the section above).[18]

On February 24, 2023, electronic mail communication between various members of OPSO staff were exchanged but did not result in the production of responsive records.[19]

On March 1, 2023, Plaintiff Class counsel followed up on the status of the request.[20] In response, OPSO provided the original UOF reports for the three requested incidents, as well as the UOF packets for two of the three requested incidents (relative to the uses of force on J.W. and J.S.). No investigatory records as to any of the uses of force were provided.[21]

Plaintiff Class counsel sent another electronic mail communication on March 10, 2023, reiterating that no investigative records as to any of the five uses of force had been produced, noting that OPSO had represented on a conference call that same day that two of the five investigations had been completed, and demanding that all investigative records response to the Plaintiff Class' requests be provided by close of business on March 13, 2023.[22]

On March 13, 2023, OPSO produced minimal records from FIT, consisting of a single-

---

[17] This is the same individual on whom force was used on February 3, 2023.
[18] Exhibit 8, 02/24/23 Email Washington to Bosworth requesting records.
[19] Exhibit 9, 02/23/23 OPSO emails.
[20] Exhibit 5, 03/01/23 Email Washington to Bosworth.
[21] Exhibit 10, UOF reports.
[22] Exhibit 7 at 4, 03/10/23 Email Washington to Bosworth.

page report detailing review of the CCTV video of the January 25 use of force on T.A. on OJC 2A, along with two other pages of records as to the same incident (three pages total).[23] Additionally, OPSO has now made available CCTV and body camera video relative to the three uses of force on OJC 2A requested on February 24.[24]

As of the filing of this Motion, OPSO has not produced any investigative records related to the Plaintiff Class' February 24 request relative to the January 31 and February 5 uses of force on J.W. and J.S. Further, Plaintiff Class counsel believes additional records relative to the investigation of the January 25 use of force on T.A. exist.[25]

Argument and Conclusion

As detailed above, the Plaintiff Class has repeatedly sought these outstanding documents. These requested records go directly to the current safety of the men and women in the custody of OPSO, particularly those class members with acute and sub-acute mental health needs.

Along with these efforts to access information, the Plaintiff Class has previously raised the lack of responsiveness to outstanding record requests in open court.[26] This Court advised OPSO that the access provisions included in the Stipulated Order are "the law of the case and so, if documents ought to be produced pursuant to that order, they need to be produced. Past and going forward."[27] Additionally, on November 10, 2022, the Plaintiff Class moved this Court for an order to enforce its rights of access relative to other requests submitted to OPSO which had not been

---

[23] This production also included the UOF packet regarding the January 25 UOF on T.A., as prepared by OJC staff and received by investigations on January 27, 2023.
[24] Exhibit 11, 03/13/23 Email Morales with buck slips regarding video production.
[25] For example, on March 9, 2023, T.A. was arrested on a charge of battery on a correctional officer arising from the January 25 incident (Magistrate Number 603470 in Orleans Criminal District Court). No records have been provided by OPSO regarding any investigation that was conducted relative to criminal charges being pursued against T.A. and/or any referrals that were made for arrest and prosecution.
[26] ECF No. 1565 at 20-22 (Transcript of 10/12/22 Status Conference).
[27] Id. at 23.

satisfied.[28] After oral argument, on December 8, 2022, the Magistrate Judge granted that request.[29] Despite these clear directives from the Court, the record requests outlined above remain outstanding.

OPSO has never objected to production of the requested documents nor suggested that the documents are not in OPSO's possession. And the time provided for the production of requested records has passed.

Accordingly, the Plaintiff Class respectfully moves this Court for an order requiring OPSO to abide by the access provisions of the Consent Judgment and Stipulated Order and to either (1) produce all requested records within five (5) days of this Court's order on the instant Motion or (2) confirm in writing that the requested documents do not exist.

Respectfully submitted,

*/s/ Emily Washington*
EMILY WASHINGTON, La. Bar No. 34143
ELIZABETH CUMMING, La. Bar No. 31685
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
(504) 620-2259
emily.washington@macarthurjustice.org

Date: March 15, 2023

---

[28] ECF No. 1569.
[29] ECF No. 1575.