UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LASHAWN JONES, ET AL, <br> Plaintiffs; and <br> UNITED STATES OF AMERICA <br> Plaintiffs in Intervention <br><br> v. <br><br> SUSAN HUTSON, ET AL, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:12-cv-00859 <br> Section I, Division 5 <br> Judge Lance M. Africk <br> Magistrate Judge Michael B. North |
| SUSAN HUTSON, <br> Third-Party Plaintiff <br><br> v. <br><br> THE CITY OF NEW ORLEANS, <br> Third-Party Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF CLASS' MOTION TO ENFORCE ACCESS PROVISIONS
OF CONSENT JUDGMENT AND STIPULATED ORDER**

The Plaintiff Class files this Supplemental Memorandum in support of its Motion to

enforce the Plaintiff Class' rights of access.[1] The Plaintiff Class seeks to provide the Court with

further information regarding the status of production of information necessary to address issues

affected by the Consent Judgment.[2]

After many weeks of seeking documents and advising OPSO repeatedly that the Plaintiff

Class would have to seek the Court's assistance due to OPSO's failure to produce responsive

records (or to certify that none exist), as detailed in the Plaintiff Class' Memorandum in Support

---

[1] ECF No. 1585.

[2] ECF No. 466 at 43.

of Motion to Enforce,[3] the Plaintiff Class received a few investigatory documents via external hard

drive on Thursday, March 16, 2023.[4]

Specifically, the Plaintiff Class received Force Investigation Team (FIT) Case Screening

Tool forms for the January 31, 2023 UOF on J.W., the February 3, 2023 UOF on T.A., the February

4, 2023 UOF on K.T., and the February 5, 2023 UOF on J.S., along with attachments consisting

largely of previously-provided original use of force reports and use of force packets.[5]

The FIT Case Screening Tool forms include a series of pre-printed yes/no questions and

checklist. While it is not clear from the production if the documents are in final form, there are

several indices of incompleteness, including missing entries for "date of completion" and/or

supervisor's signature. Additionally, the forms do not provide full information as to what, if any,

investigation was actually conducted by FIT over the month and a half that lapsed between the

uses of force and the production of any investigatory records; this production only documents FIT

---

[3] ECF No. 1585-1. At issue in this Motion are two requests for records submitted by the Plaintiff Class to OPSO on February 6 and February 24, 2023, both concerning serious uses of force which occurred between January 25 and February 5, 2023, most on Orleans Justice Center (OJC) unit 2A which holds acute and sub-acute male detainees.

[4] In the late afternoon of March 15, 2023, OPSO communicated to Plaintiff Class counsel that some additional material responsive to the requests had been placed on an external hard drive located at OJC. This communication did not provide any description of what had been placed on the external hard drive. Plaintiff Class counsel had previously advised counsel for OPSO that they would be proceeding with filing an enforcement motion that day absent production of responsive documents via electronic mail attachment, confirmation that responsive documents did not exist, or an itemized description of responsive documents which OPSO was incapable of providing to Plaintiff Class counsel via electronic mail attachment due to any technical limitations. OPSO did not provide responsive records electronically nor otherwise satisfy this request for information. When subsequently asked why the handful of additional documents were not sent as electronic mail attachments, the head of OPSO investigations represented that they were too large for OPSO's system, but did not represent that any attempt had been made to transmit the documents by this mechanism or provide an explanation for why no description of the responsive documents was given. As detailed in this supplement, the files in question are PDFs; the lengthiest totals a mere 33 pages, and the largest file size is 2.48 MB (a 29-page PDF). Plaintiff Class counsel notes that OPSO has provided PDFs as electronic mail attachments, including in response to other portions of these same requests for records. See, e.g., ECF No. 1585-1 at 5-6, discussing provision of the use of force (UOF) packets by OPSO, all of which were provided via electronic mail attachment by OPSO's legal department; for example, on March 1, 2023, two use of force packets, totaling 48 pages and 4 MB, were sent via electronic mail attachment. OPSO also regularly uses Dropbox to electronically provide quarterly and annual reports required by the Consent Judgment, as well as to transmit the numerous documents produced in advance of the monitors biannual tour.

[5] ECF No. 1585-1 at 4-7, detailing records produced prior to the filing of this Motion.

agent review of the original use of force reports, original OPSO staff statements, and available video. The reports do not include any reference to and are not attached to any documents, transcripts, or recordings of investigative interviews of staff, detainees, or other witnesses, as provided for by OPSO policy (and as provided as examples of responsive documents in the Plaintiff Class' requests). While none of the screening tool forms are dated, the file names provided by OPSO for these PDFs all include dates of March 8, 2023 (UOF on J.W.)[6] or March 15, 2023 (UOFs on T.A., K.T., and J.S.).[7]

For the February 3, 2023 UOF on T.A. and the February 5, 2023 UOF on J.S., OPSO also provided via the external hard drive on March 16, 2023:

- Training Referral Form only for one OPSO staff member, dated as referred by FIT on March 10, 2023, and received by the training department on March 15, 2023;

- Undated narratives from FIT agents, largely duplicating the narrative of the original use of force reports and describing the available CCTV and body camera footage;

- Undated findings, including as to the use of force on T.A. a finding of unjustified and unnecessary force by an OPSO employee unaccompanied by any referral for administrative or criminal investigation, training, or discipline; and

- Undated recommendations from FIT agents without FIT commander approval (or disapproval).

---

[6] While a one-page "use of force review form" included with this production relative to the UOF on J.W. on January 31, 2023, notes the "date of agent's review" as February 2, 2023, the form does not contain FIT supervisor approval or date of approval. This date of review is also at odds with other documents which indicate that the UOF packet itself was not even provided to and received by FIT until February 3, 2023.

[7] A one-page "use of force review form" included with this production relative to the UOF on K.T. on February 4, 2023, notes the "date of agent's review" as March 1, 2023.

No FIT Case Screening Tool form has been provided for the January 25, 2023, use of force on T.A.[8] In addition, although T.A. is now facing a criminal charge related to this incident, OPSO has not provided any documentation detailing how this charge arose. Upon information and belief, T.A. was arrested on March 9, 2023, by a member of OPSO on a charge of battery of a correctional officer; the alleged offense dates from January 25, 2023. Plaintiff Class counsel believes that records of referral for investigation of T.A. for criminal charges, records of interview(s) of OPSO staff conducted as part of a criminal investigation, records of review of video conducted as part of a criminal investigation, records of an attempt to interview T.A. as part of a criminal investigation, and records of referral to the Orleans Parish District Attorney's Office for prosecution should be in the possession of OPSO related to this use of force but have not been disclosed. This criminal charge remains open and, upon information and belief, is the only reason for T.A.'s continued imprisonment by OPSO.[9]

These incidents involved serious and/or planned uses of force, including repeat deployment of OC spray and physical strikes to the face and body of detainees, resulting in injury. Based on OPSO investigations policies and protocols, developed pursuant to the Consent Judgment, the Plaintiff Class would expect Level 1 FIT reports[10] to have been submitted to the investigations commander within thirty (30) days of the incidents, with the FIT supervisor obtaining status updates on agents' investigations weekly. The Plaintiff Class also would expect documentation of, among other things: (1) immediate notification to FIT of Level 1 uses of force, including an

---

[8] Via external hard drive on March 16, 2023, OPSO did provide a 33-page PDF labeled "IAD File," largely consisting of previously-produced records but including the "inmate management application" for T.A. (generated on March 13, 2023) and "employee inquiries" for three OPSO staff (also generated on March 13, 2023). The file also includes nine pages of video stills with arrow markings to denote points of interest; there is no indication who produced these stills or when.

[9] T.A. has been ordered to UMC for treatment while in custody by the Orleans Parish Criminal District Court.

[10] With some exceptions, Level 2 (or less serious) uses of force are investigated the same way as Level 1 uses of force. Exceptions include that FIT does not usually respond to the scene and that, typically, there will not be a scene to process, though there may be a need to photograph injuries or lack of injuries.

accounting of information obtained from the watch commander; (2) assignment of a FIT agent to

the use of force incident and records of reporting to the primary scene; (3) detailed documentation

of the scene including gathering of physical evidence and photographs; (4) structured interviews

of all staff, detainees, or others who may be suspects, victims, and/or witnesses to the force,

including recordings and/or transcripts of the interviews; (5) notifications to Internal Affairs

Division (IAD) Administrative Investigations for clearly evident or very likely OPSO policy

violations; (6) notifications to IAD Criminal Investigations for any suspected criminal uses of

force; (7) FIT supervisory reviews of investigations; and (8) FIT supervisory findings,

recommendations (for staff re-training or referral, and/or for changes to policy), and summary of

the bases.

Since Plaintiff Class counsel obtained the external hard drive on March 16, 2023, OPSO

has not provided any further records. And OPSO has not provided any information detailing

whether the FIT Case Screening Tool forms provided are final, the current status of these use of

force investigations, what other outstanding documents exist and have yet to be produced, and

what outstanding documents do not exist.[11]

The Plaintiff Class continues to struggle to extract information and responsive documents

from OPSO, particularly from its investigative divisions. Based on the Plaintiff Class' February

requests for use of force records, and the documents provided to date, it appears that OPSO has

failed to comply either with the law of this case regarding access to information[12] or with the

Consent Judgment's substantive requirements for investigations or both. As a result, Plaintiff Class

---

[11] On Friday, March 17, 2023, at the request of Sheriff Hutson, Plaintiff Class counsel met with counsel for OPSO, the head of OPSO investigations, other members of OPSO investigative divisions, and the Sheriff. No further information on these topics was provided during that meeting.

[12] See ECF No. 466 at 43; ECF No. 1082 at 2,11; ECF No. 1565 at 23 (Transcript of 10/12/2022 Status Conference); ECF No. 1575 (Court's Order on Plaintiff's Motion to Enforce Access to Documents).

requests the Court's assistance and issuance of an order requiring OPSO to abide by the access

provisions of the Consent Judgment and Stipulated Order and to either (1) produce all requested

records within five (5) days of this Court's order on the instant Motion or (2) confirm in writing

that the requested documents do not exist.

Respectfully submitted,

*/s/ Emily Washington*
EMILY WASHINGTON, La. Bar No. 34143
ELIZABETH CUMMING, La. Bar No. 31685
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
(504) 620-2259
emily.washington@macarthurjustice.org

Date: March 23, 2023