UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and <br> UNITED STATES OF AMERICA, Plaintiff in Intervention <br><br> v. <br><br> MARLIN N. GUSMAN, ET AL, Defendants <br><br> MARLIN N. GUSMAN, Third-Party Plaintiff <br><br> v. <br><br> THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859 <br> Section I, Division 5 <br> Judge Lance M. Africk <br> Magistrate Judge Michael B. North |

**THE UNITED STATES' RESPONSE IN OPPOSITION TO SHERIFF'S MOTION TO TERMINATE ALL ORDERS REGARDING THE CONSTRUCTION OF THE PHASE III JAIL**

The United States files this response in opposition to Sheriff Hutson's Motion to Terminate all Orders regarding the Construction of the Phase III Jail (Motion). ECF No. 1617. The Sheriff's Motion seeks reexamination of the same legal issue as the City's previous Rule 60(b) Motion. ECF Nos. 1281, 1312. This attempt to relitigate the previous rulings of this Court and the Fifth Circuit is contrary to the law of the case doctrine, this Court's previous interpretation of 18 U.S.C. § 3626(a)(1)(C), and the plain language of the Court's prior orders; therefore, the Sheriff's Motion should be denied.

1

## I.     Background

The United States, the Plaintiff Class, and the Sheriff[1] agreed to the Consent Judgment to address a variety of constitutional violations at the New Orleans jail facilities, including the inadequacy of medical and mental healthcare, and it was entered by the Court on June 6, 2013. ECF Nos. 465, 466.  The Court, standard in consent decree cases, signed and entered the Consent Judgment into the record to enforce the written agreement of the parties.  ECF No. 466 at 44. After years of non-compliance with the Consent Judgment, the United States and the Plaintiff Class filed an enforcement action, more particularly a Motion for an Order to Show Cause why Defendant Marlin N. Gusman Should Not Be Held in Contempt and for Appointment of a Receiver to Implement the Consent Judgment.  ECF No. 1009.  This enforcement motion was resolved by the parties' agreement to the Stipulated Order, ECF No. 1082, which was signed by the United States, the Plaintiff Class, the Sheriff, and the City of New Orleans.  Like the Consent Judgment, the Court signed and issued the Stipulated Order to enforce the written agreement of the parties.  *Id.* at 21.  The Stipulated Order, to resolve the enforcement motion, created the position of Independent Compliance Director[2] with overall decision-making with regards to the day-to-day operations of the jail facilities.  *Id.* at 12-13.  It also, most relevant here, set out an agreed-upon process for what would ultimately result in the decision to build Phase III.

The Stipulated Order's process for how to provide adequate housing and care for mentally ill incarcerated individuals is described in paragraph D.22.  "Within 60 days of

---

[1] Per the plain reading of Fed. R. Civ. P. 25(d), a subsequent elected official sued in their official capacity is substituted as a party for the previous elected official of the same office.  *See* Fed. R. Civ P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or *otherwise ceases to hold office while the action is pending*. *The officer's successor is automatically substituted as a party.*") (emphasis added).  Marlin Gusman was the previous Sheriff of Orleans Parish for 17 years until May 2022.  Sheriff Hutson defeated Sheriff

2

appointment, the City, the Sheriff, and the Compliance Director shall develop and finalize a plan for (1) appropriate housing for prisoners with mental health issues and medical needs[.]" *Id.* at 14. In January 2017, the Compliance Director submitted to the Court the resulting plan, called the Supplemental Compliance Action Plan. ECF No. 1106. It provided that an eighty-nine bed facility would be built to house and treat acute and sub-acute incarcerated persons, in addition to providing medical care in an infirmary setting. *Id.* at 9. Until this facility could be completed, the Sheriff chose to temporarily house this population per an agreement with the Louisiana Department of Corrections at a building in the Elayne Hunt Correctional Center. However, after the short-term solution of housing acutely mentally ill incarcerated persons at Elayne Hunt was no longer feasible, the Court entered the first order, issued in January 2019, that Sheriff Hutson challenges in her Motion. ECF 1221. This Order is the same order the City sought to vacate in its Rule 60(b) motion that was denied by this Court and affirmed by the Fifth Circuit on appeal. ECF Nos. 1385, 1396, *Anderson v. Hutson*, No. 21-30072, Doc. 00516377733 (5th Cir. June 30, 2022).

The January 2019 Order provides that "the City shall direct the architect chosen to design the permanent facility *described in the Supplemental Compliance Action Plan* . . . to begin the programming phase of the Phase III facility as soon as possible and to update the Court on the progress of those efforts at the next scheduled status conference." ECF No. 1221 at 3 (emphasis added). The January 2019 Order does not do anything other than facilitate the parties' previous agreement in the Stipulated Order to come up with a plan to house and treat incarcerated

---

Gusman in the Orleans Parish Sheriff's election and was sworn in on May 2, 2022. She has been the named Sheriff party in this case ever since.
[2] The Independent Compliance Director position was terminated by the Court, and was unopposed by the parties, in August 2020. ECF No. 1311.

3

individuals at the New Orleans jail facilities. In other words, it does not order the parties to do anything other than what they previously agreed, on an expedited basis given the elimination of the Elayne Hunt stopgap option.

The second order challenged by Sheriff Hutson, issued in March 2019, again orders the parties to continue their agreed-upon process of completing the Phase III project decided by the Compliance Director. ECF No. 1227 at 2-3 ("**IT IS FURTHER ORDERED** that the parties are to work collaboratively to design and build a facility that provides for the constitutional treatment of the special populations discussed herein without undue delay, expense or waste.") (emphasis in the original). Like the January 2019 order, the March 2019 order also was challenged by the City in its previously denied Rule 60(b) Motion. ECF Nos. 1281, 1385, 1396, *Anderson v. Hutson*, No. 21-30072, Doc. 00516377733 (5th Cir. June 30, 2022). Like the January 2019 Order, the March 2019 Order only orders what the parties already agreed to do: build the Phase III facility as decided by the Compliance Director.

The City of New Orleans challenged the validity of these two orders in its Rule 60(b) Motion filed in June 2020. ECF No. 1281. In its briefing, the City argued that the Orders of this Court were impermissible based on the language of 18 U.S.C § 3626(a)(1)(C) that "[n]othing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons or the raising of taxes, or to repeal or detract from otherwise applicable limitations on the remedial powers of the courts." ECF No. 1312. After an evidentiary hearing, the Magistrate Judge issued a Report and Recommendation recommending denial of the City's Rule 60(b) motion. ECF No. 1385. In great detail, the Report and Recommendation rejected the City's PLRA arguments, ultimately finding, "its argument that the Court is statutorily prohibited from ordering the construction of a Phase III facility is wrong as a

4

simple matter of statutory interpretation." *Id.* at 36. The City objected to the Report and Recommendation, and the District Judge adopted the Report and Recommendation in full and denied the City's Rule 60(b) motion. ECF No. 1396. The City then appealed. ECF No. 1399. Respective motions to stay by the City were denied in both the District Court and the Fifth Circuit. ECF No. 1463, *Anderson v. Hutson*, No. 21-30072, Doc. 00516094343 (5th Cir. Nov. 16, 2021). The Fifth Circuit affirmed the District Court's decision. *Anderson v. Hutson*, No. 21-30072, Doc. 00516377733 (5th Cir. June 30, 2022). Nearly one year later, and thirteen months into her tenure as Sheriff, Sheriff Hutson filed the instant Motion.

## II. ARGUMENT

The Prison Litigation Reform Act (PLRA), as set out in 18 U.S.C § 3626, *et seq.*, provides a number of avenues for relief in prison litigation cases. The Sheriff's Motion makes two main arguments. First, the Sheriff argues that the Court's orders pertaining to Phase III (presumably the January and March 2019 orders) are immediately terminable because they violate Section 3626(a)(1)(C). *See* 18 U.S.C § 3626(a)(1)(C) ("Nothing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons or the raising of taxes, or to repeal or detract from otherwise applicable limitations on the remedial powers of the courts."). Second, the Sheriff's alternative argument is that if the Court did not issue an order in violation of Section 3626(a)(1)(C), then there must not be any order regarding Phase III and any agreement is therefore a private settlement agreement as defined by Section 3626(c)(2). Both of the Sheriff's arguments are incorrect. As previously decided in this case, the Court has never issued a prison construction order. ECF No. 1385 at 30-31. But the absence of a prison construction order does not mean the parties' agreements related to Phase III are private settlement agreements. To the contrary, the Consent Judgment and the

Stipulated Order are both consent decrees, the latter focused in part on designating the Compliance Director as the third party neutral to decide whether to pursue Phase III. The Court's January and March 2019 implementing orders stem from these two consent decrees. The parties have not entered into any private agreements regarding Phase III. For these reasons, there is no legal justification to terminate any orders regarding Phase III.[3]

### A. The Sheriff's PLRA Prison Construction Argument Fails as a Matter of Law

#### 1. *The Law of the Case Doctrine Bars Reexamination of the Same Issue in the Same Action.*

The Sheriff's argument that the Court "order[ed] the construction of a new jail as part of a consent decree," ECF No. 1617 at 14,[4] purportedly in violation of 18 U.S.C § 3626(a)(1)(C), should not be allowed. The doctrine of law of the case prevents it.

A party may not seek reexamination of the same legal issue after a decision has been rendered in the same court. *Morris v. SWDI, LLC*, 872 F. Supp. 2d 499, 507 (E.D. La. 2012) ("The doctrine of the law of the case generally precludes a court from reexamining an issue previously decided by the same court in the same case such that the issue becomes *stare decisis* for subsequent proceedings."). In *Morris*, the district court held that a previous decision by a district court that diversity jurisdiction was lacking did not satisfy the law of the case doctrine for two key reasons: 1) a previous court decided the issue in "*not* the same case—it is only a related case," and 2) "this is *not* the same issue that was previously litigated." *Id.* (emphasis in the

---

[3] While the Sheriff's Motion appears to be brought pursuant to PLRA Section 3626(a), in an abundance of caution, the United States requests that the District Court either issue its final decision on the Sheriff's Motion by July 25, 2023 or order a 60-day postponement of any relief sought by the Sheriff prior to July 25, 2023. 18 U.S.C § 3626(e)(2)-(3).

[4] The Sheriff's Motion did not comply with this Court's local rule to file a memorandum as a separate attachment. LR 7.4. The United States' citation to the page numbers of the Sheriff's Motion and Memorandum are to the actual page number of the combined document, rather than the separate page numbers noted on the Memorandum.

original). This Court has also previously discussed the law of the case doctrine and how it binds subsequent decisions of the Court with regard to the same issue. *Stewart Enters., Inc. v. RSUI Indem. Co.*, No. CIV.A 07-4514, 2009 WL 1668502, at *6 (E.D. La. June 15, 2009) (Africk, J.) (noting that "[t]o the extent that this Court has made findings with respect to the proper interpretation of the policy provisions contested by the parties' motions, those findings are the law of the case, unless such findings are reversed on appeal"), *rev'd in part on other grounds*, 614 F.3d 117 (5th Cir. 2010). For the law of the case doctrine to apply, the same issue in the same case must have been previously decided, and its finding must not have been reversed on appeal.

The City previously argued in its Rule 60(b) motion that the two challenged 2019 orders, ECF Nos. 1221 and 1227, were a "statutory prohibition of a court ordering the construction of a jail facility" pursuant to § 3626(a)(1)(C). ECF No. 1312 at 12; *see also id.* at 2 (alleging that pursuant to § 3626(a)(1)(C), "the PLRA explicitly prohibits the Court from Ordering the City to build a new jail building"). The Sheriff participated in the briefing of the City's Rule 60(b) motion and had a full opportunity to litigate this issue on the merits. The Report and Recommendation, adopted in full by this Court, concluded that the City's PLRA arguments failed for several reasons, including:

> So, even if the argument wasn't waived (which it was) and even if the City had not fatally undermined its argument by repeatedly agreeing to build Phase III over the years, its argument that the Court is statutorily prohibited from ordering the construction of a Phase III facility is wrong as a simple matter of statutory interpretation. Even if not waived, the argument therefore fails.

ECF No. 1385 at 36; ECF No. 1396. The Fifth Circuit did not reverse any findings by this Court in affirming the denial of the City's rule 60(b) motion. *Anderson v. Hutson*, No. 21-30072, Doc. 00516377733 (5th Cir. June 30, 2022).

The law of the case doctrine therefore applies because Sheriff Hutson argues the same theory in her Motion that the "Court's holding recognized . . . that it lacked authority, under the PLRA, to order the construction of a new jail as part of a consent decree." ECF No. 1617 at 11; *see also id.* at 1-2 ("Prospective relief resulting from a consent decree must comply with the limitations on relief set forth in 18 U.S.C § 3626(a). In particular, § 3626(a)(1)(C) expressly prohibits federal courts from 'ordering the construction of prisons' as prospective relief in consent decrees."). In this case, the two critical elements for the satisfaction of the law of the case doctrine have been met: 1) the same case, Civil Action No. 2:12-cv-00859; and 2) the same legal issue, *i.e.*, whether the Court has the authority to facilitate the Phase III process pursuant to § 3626(a)(1)(C). *See Morris*, 872 F. Supp. 2d at 507. Since this issue was decided by this Court two and half years ago, and not reversed on appeal, the law of the case doctrine prevents the relief sought in Sheriff Hutson's Motion. The Sheriff's Motion should be denied on this basis alone.

        2.       *The Court did not Order the Parties to Build a New Jail.*

Even if this Court considers the argument of the Sheriff that "this Court could not order the parties—as part of a consent decree—to construct the Phase III jail," ECF No. 1617 at 2, it should again deny it. The United States incorporates by reference its previous briefing to this Court and to the Fifth Circuit on this same issue. ECF No. 1329; *Anderson v. Hutson*, No. 21-30072, Doc. 00515950173 (July 23, 2021).

However, to briefly summarize, the Sheriff's PLRA argument is based on a false premise—that the district court ordered the parties to build a new jail; it did not. This Court previously found that the City obligated itself to the other parties to build the Phase III facility, pursuant to the court-ordered Stipulated Order. ECF No. 1385 at 31 ("[The City] did this

voluntarily and as part of a binding agreement with the other parties to the litigation. It did not do so because it was ordered to.") (emphasis in the original). Ordering the City and Sheriff to follow through on their voluntary commitments to complete Phase III does not violate the PLRA. *See Plata v. Schwarzenegger*, No. C01-1351, 2008 WL 4847080, at *6 (N.D. Cal. Nov. 7, 2008) (holding that the PLRA did not prohibit the district court from ordering the construction of correctional facilities because "the State has consented to the Receiver's facilities program"); *see also Harris v. City of Philadelphia*, No. CIV.A. 82-1847, 2000 WL 1978, at *17 (E.D. Pa. Dec. 23, 1999) (explaining that a court order did not violate § 3626(a)(1)(C) because the city already had "committed" to build the correctional facility, and "the site has been selected and prepared by City officials, not the court"). This Court did not order the parties to build Phase III; the parties agreed to do so by tasking the Compliance Director with deciding whether to pursue Phase III, and any argument that the prison construction language in the PLRA forbids the previous agreement of the parties should be rejected.

### B. The Orders and Agreements Implementing those Orders at Issue are Not Private Settlement Agreements

The Sheriff's Motion argues that if the Court has not issued a prison construction order, there must not be any orders at all that require the parties to proceed with Phase III, just private settlement agreements that are unenforceable in this action.[5] ECF No. 1617 at 1-2, 4-5, 12-13,

---

[5] The Sheriff also argues that somehow the current Sheriff, sued in her official capacity, is unable to enforce any "private contracts" made by the prior Sheriff. ECF No. 1617 at 2, 5. Since the agreements at issue are not private contracts, for the reasons stated in section II B. of this Response, these arguments do not apply. Even so, the Sheriff's position is contrary to the black letter principle that the acts of a previous sheriff in their official capacity are imputed to the current sheriff. *Green v. New Orleans Police Dep't*, No. CIV.A. 12-1992, 2013 WL 5739076, at *3 n.6 (E.D. La. Oct. 22, 2013) ("[T]he Louisiana Supreme Court overruled *Liberty Mutual* only as to this issue and noted that the plaintiff could recover from a current sheriff for actions occurring during the tenure of a previous sheriff."); *Jenkins v. Jefferson Par. Sheriff's Off.*, 402 So. 2d 669, 669 (La. 1981).

15-20. Based on that false premise, the Sheriff argues that the parties' agreements can only be enforced through a state breach of contract action or reopening the case pursuant to 18 U.S.C. § 3626(c). ECF No. 1617 at 2, 5, 13, 15, 17. Such an argument stands in direct contrast to the plain language of the documents at issue and the years of course of conduct by the parties and the Court in this case.

      The Stipulated Order, as this Court has noted, is a court-ordered settlement resolving the plaintiffs' Consent Judgment contempt proceedings; it is plainly a consent decree rather than a private settlement agreement. ECF No. 1082; ECF No. 1385 at 12-13 ("The Stipulated Order was the product of a month's worth of constant negotiation involving the Court and the parties and presented a detailed and comprehensive plan for setting the jail on a path for compliance with the Consent Judgment."). The Supplemental Compliance Action Plan (SCAP) was the plan for providing housing for mentally ill incarcerated persons that the Stipulated Order assigned the Compliance Director to develop; it therefore also cannot be considered a private settlement agreement. ECF No. 1385 at 13-14 ("[T]he Stipulated Order memorialized the Sheriff's agreement to abandon his claim to certain FEMA funds . . . for the City's commitment to dedicate those funds to the three-part plan [including Phase III] . . . . Following his appointment as Compliance Director . . . [Maynard] did, in fact, submit his plan for housing of special populations . . . on January 4, 2017."). The SCAP was filed to notify the Court of the plan to provide future housing for the mentally ill incarcerated population, as contemplated in the Stipulated Order. The two orders challenged by the Sheriff, ECF Nos. 1221 and 1227, are orders the Court entered to facilitate the parties' continued obligations under the Stipulated Order and Consent Judgment to provide adequate housing and mental health treatment for the incarcerated population. ECF Nos. 1385 at 21 ("Following issuance of this order [ECF No. 1227], the City,

the other parties, and the monitors continued their collaboration in the design and programming of Phase III and, as ordered by the Court, the City submitted 30-day status reports to keep the Court informed as to that progress."); 1221 at 2-3.  This Court has appropriately used its enforcement powers to implement its orders embodying the parties' previous agreement for the Compliance Director to decide whether to build Phase III.  *See, e.g.*, ECF Nos. 1221, 1227, 1280, 1311, 1501, 1505, 1539, 1541.  The Sheriff's argument that the Phase III process was the result of private settlement, despite the ongoing and regular assistance of the Court in fulfilling the City and Sheriff's obligations regarding the Phase III project, takes the Court's comments about the agreements embodied in the Stipulated Order out of context and wrongly asserts that if there is no prison construction order, there must not be any order obligating the parties to move forward with Phase III.

### III.    CONCLUSION

For the aforementioned reasons, this Court should deny the Sheriff's Motion.

Dated:  July 10, 2023

                                                        Respectfully submitted,

DUANE A. EVANS
U.S. Attorney
Eastern District of Louisiana

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

*/s/Theodore Carter III*
THEODORE CARTER III
(IL 6188964)
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

*/s/ George Eppsteiner*
LAURA L. COWALL
(DC 481379)
Deputy Chief (T.A.)
GEORGE EPPSTEINER (NC 42812)
ARIONA JEAN-JOHNSON (CA
 340400)
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Telephone: (202) 598-5165
george.eppsteiner@usdoj.gov