UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LASHAWN JONES, ET AL.** | * | **CIVIL ACTION** |
| **v.** | * | **NO. 12-0859** |
| **SUSAN HUTSON, ET AL.** | * | **SECTION: "I" (5)** |

## MEMORANDUM RESPONSE TO JUNE 28, 2023 ORDER [DOC. 1621] REGARDING WHETHER THE COURT SHOULD ISSUE AN ORDER EMBODYING THE TERMS OF THE PROPOSED CEA

Sheriff Susan Hutson files this memorandum in response to the Magistrate's June 28, 2023 Order [Doc. 1621]. The Magistrate's Order directed the parties to "file memoranda addressing the question whether the Court should issue an order embodying the terms of the CEA currently before the City Council if the Sheriff does, in fact, refuse to sign that document." Sheriff Hutson was not a party to the private settlement agreement that former-Sheriff Marlin Gusman purportedly entered into to construct the Phase III jail. The proposed CEA--or any order embodying the terms of the CEA--would be in furtherance of a private settlement agreement that is not binding on Sheriff Hutson and that is not enforceable in this proceeding. The Court should not issue an order embodying the terms of the CEA because the order would violate state law (the Louisiana Constitution), local law (the City's Home Rule Charter), and federal law (the Prison Litigation Reform Act, or "PLRA").

Sheriff Hutson was not a party in this case when the decision was made in a private settlement agreement to build the Phase III jail. Sheriff Hutson has never agreed to construct the Phase III jail, nor has she acquiesced to any decision to build it. Further, as addressed in the Motion to Terminate All Orders Regarding the Construction of the Phase III Jail filed by Sheriff Hutson

1

[Doc. 1617], any private agreement made by Mr. Gusman while he was in office is not binding on Sheriff Hutson. *See Cott Index Co. v. Jagneaux*, 96-860 (La. App. 3 Cir. 12/26/96), 685 So. 2d 656, 658.

Moreover, CEAs may only be entered in furtherance of a "legitimate public purpose." *See Cameron Parish Police Jury v. All Taxpayers*, 2017-55, p. 9 (La. App. 3 Cir. 2/21/17), 212 So. 3d 663, 670; *see also In re Cooperative Endeavor Agreement Between 42nd District Indigent Defendant Office and 42nd Judicial District Office of District Attorney*, 52,393, p. 12 (La. App. 2 Cir. 09/07/2017), 255 So. 3d 707, 715 (CEA lacked public purpose when the parties' obligations lacked a lawful cause and the CEA violated constitutional prohibitions and rules of professional conduct). Louisiana's Constitution commits this "public purpose" decision to an exercise of sound discretion by the Mayor, the Sheriff, and the City Council—all as embodied in a CEA under Art. VI, Sec. 14(C).

## I. The Court's order would violate state and local law.

Louisiana law requires a properly executed CEA before the City and Sheriff Hutson can collaborate in constructing the proposed Phase III jail. Issuing an order embodying the terms of the CEA--thereby skipping the combined executive and legislative process for authorizing a costly, multi-year public works project--would violate state and local law by ignoring the requirements of Louisiana's Constitution and the City's Home Rule Charter ("HRC").

For the City and OPSO to reach agreement on undertaking a costly, multi-year public works project, both entities must embody their intentions in a CEA. Fifty out of fifty state constitutions contain a "prohibited transfers" provision equivalent to Louisiana's own in Article VII, § 14(A): "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated

to or for any person, association, or corporation, public or private." LA. CONST. art. VII, § 14(A). The "public or private" reference encompasses the City of New Orleans (a political subdivision), the Sheriff (a person), the Orleans Parish Sheriff's Office (part of the State of Louisiana—not a political subdivision), and the Orleans Law Enforcement District (a political subdivision administered by the Sheriff). Building the proposed new Phase III jail implicates the prohibited transfers article because it involves multiple public entities and persons collaborating on a publicly funded project.

The constitutionally appropriate mechanism for collaborative use of public funds is a CEA pursuant to § 14(C): "For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual." LA. CONST. art. VII, § 14(C). Neither Sheriff Hutson nor Mayor Cantrell has signed a CEA, as required by the Louisiana Constitution, and thus, there is currently no "agreement" between the City and the Sheriff to construct the Phase III jail. Their intentions have not been embodied in a CEA; there has been no meeting of the minds as between the City and the Sheriff.

Louisiana law prohibits the gratuitous donation of public funds. *See Board of Directors of the Industrial Development Board of the City of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens of the City of Gonzales*, 2005-2298, p. 15 (La. 9/6/06), 938 So. 2d 11, 20. The purpose of a cooperative endeavor agreement is to ensure that the public entities collaborating on a project are receiving benefits commensurate with their reciprocal obligations. *See id.* at p. 28, 938 So. 2d at 27. Issuing an order embodying the terms of the CEA would circumvent the give-and-take negotiations by which parties to a CEA assure that they are undertaking reciprocal obligations. In the absence of reciprocal obligations, the transfer of funds

3

between the City and the Sheriff would violate the constitutional prohibition on gratuitous transfers of public funds, which is not allowed. *See id.* at p. 18, 938 So. 2d at 22.

The City's own governing document—the Home Rule Charter, or "HRC"—requires further steps under HRC § 9-314(3) to approve a CEA: "Any proposed cooperative endeavor agreement having a term greater than one year shall, prior to its execution by the Mayor, be published once in the official journal and submitted to the Council for approval, but not modification, by a majority of its entire membership." HRC, Cooperative Endeavors, Ch. 3, § 9-314(3), https://council.nola.gov/laws/. Imposing the Court's will on the parties would subvert both the executive branch's authority to negotiate a CEA and the legislative branch's responsibility to consider the CEA's terms *in a public meeting preceded by published notice* that enables the public to attend, observe, and comment on the Council's deliberations—a trifecta eroding the prerogatives of both branches of city government as well as a mandated public participation process and transparency safeguard in municipal government.

To satisfy both constitutional and charter requirements, the City and the Sheriff must negotiate and properly execute a CEA before any money may be loaned, pledged, or donated between them for any Phase III construction.

Two other aspects of the HRC must be complied with. First, the HRC reposes responsibility for approval of the capital budget in the City Council. *Id.* § 3-117(1)(a); *see also id.* § 3-117(2)(b). The capital program must "detail all permanent physical improvements that are planned to be financed in whole or in part from funds that are or may become subject to control or appropriation by the Council during each of the ensuing five years." *Id.* § 3-117(2)(a). The implications are clear: The City may undertake no "permanent physical improvements" that are

not first approved in the capital budget by the City Council. The City Council has never approved as a multi-year capital project the construction of a Phase III jail.

Second, the HRC creates a City Planning Commission that prepares, for the City Council, a twenty-year master plan addressing land use and a Comprehensive Zoning Ordinance ("CZO") implementing the master plan. *See id.* §§ 5-401, 5-402. The City Council must approve both the master plan and the zoning ordinance, subject to public participation procedures. Under the HRC and CZO, the City Council has the sole authority to approve the building of a new jail, but the Council has denied the necessary conditional use permit to do so. *See* CZO, Condition Uses, art. 4.3, available at https://council.nola.gov/laws/.

Note that these Home Rule Charter provisions enjoy constitutional support under La. Const. Art. VI, Secs. 4 and 6.

## II. The Court's order would violate federal law.

At 18 U.S.C. § 3626(a)(1), the PLRA requires that a district court make specific findings before issuing orders for relief. For any proposed relief, the court must find that it satisfies the "need-narrowness-intrusiveness" requirements of § 3626(a)(1)(A).[1] *See U.S. v. Alabama*, 2015 WL 3796526, at *3 (M.D. Ala. June 18, 2015). This Court has not found that the construction of a Phase III jail satisfies the "need-narrowness-intrusiveness" requirements of the PLRA. Instead, this Court found that the decision to build the Phase III jail was made in a private settlement agreement. *See* Docs. 1385, 1396. The parties may indeed agree in a private settlement agreement to relief that does not satisfy the "need-narrowness-intrusiveness" requirements. *See* 18 U.S.C. §

---

[1] 18 U.S.C. § 3626(a)(1)(A) provides: "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."

5

3626(c)(2)(A).  But the Court has no authority to enforce such a private settlement agreement. *See* 18 U.S.C. §§ 3626(c)(2) and (g)(6).  Any order embodying the terms of the proposed CEA would be an order to enforce the terms of a private settlement agreement, which the Court may not do under the PLRA.

18 U.S.C. § 3626(a)(1)(B) requires a district court to make a separate set of findings from § 3626(a)(1)(A) if, as here, any proposed relief "requires or permits a government official to exceed … [the official's] authority under State or local law or otherwise violates State or local law." Any order embodying the terms of the CEA would bind Sheriff Hutson to a private contract she was not a party to, as discussed in Section I, and would violate the Louisiana Constitution's CEA requirements and the City's Home Rule Charter, as discussed in Section II. This Court must comply with the stringent requirements of PLRA § 3626(a)(1)(B).

Under 18 U.S.C. § 3626(a)(1)(B), before ordering any relief that would violate State or local law, a district court must find that:

(i) Federal law requires such relief to be ordered in violation of State or local law;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

As explained by the Seventh Circuit, § 3626(a)(1)(B) "forbids relief that violates state law and is not 'necessary' to solve a violation of federal law—and even then state law may be overridden *only if* 'no other relief will correct' that violation." *Doe v. Cook Cty., Illinois*, 798 F.3d 558, 563 (7th Cir. 2015) (emphasis added). In other words, "the parties, like the court, must respect state law unless federal law leaves no other options." *Id.* at 564. Under § 3626(a)(1)(B), the court "shall respect the certain principles of comity where state or local law is concerned." *Matthews v. Lo*,

2021 WL 5569650, at *3 (E.D. La. Jan. 5, 2021) (citing *Nelson v. Campbell*, 541 U.S. 637, 650 (2004)).

The Seventh Circuit in *Doe* faced a similar issue as in this case. As part of a private settlement agreement, the parties in *Doe* appointed an Administrator to run a detention center. *See* 798 F.3d at 560. The Administrator sought to implement a plan to terminate employees, without following certain procedures under state employment law for collective bargaining. *See id.* at 561. The employees opposed the Administrator's plan, arguing that, under § 3626(a)(1)(B), the plan violated state employment law. *See id.* at 561. The district court rejected the employees' argument, finding that the plan necessitated the displacement of state employment law and that the need for "speed and flexibility trumped other considerations." *Id.* at 562. However, the district court did not find that violating state law was "essential" to solving any constitutional problems at the jail, that firing the employees was "necessary" to correct any ongoing violations, or that no other relief would correct the violation of the federal right. *See id.* at 561-62.

On appeal, the Seventh Circuit reversed the district court. The Seventh Circuit found that, under state law, "there has to be something more" than speed and efficiency to justify the violation of state law. *Id.* at 563. There must be a finding that the plan is "necessary" and the "only way to comply" with a previous order. *Id.* at 564. The Seventh Circuit ruled that simply approving the Administrator's plans was not enough; the district court was required to make the requisite findings under § 3626(a)(1)(B), which the district court had not done. *See id.* at 564. The Seventh Circuit also ruled that the district court's findings in its original order appointing the Administrator were not sufficient under § 3626(a)(1)(B), because the subsequent order enforcing the Administrator's plan violated state law and needed a new round of findings. *See id.* at 564. The Seventh Circuit further signaled that violating state law on collective bargaining was not the only form of relief

7

available, cautioning the district court on remand to consider other forms of relief that would not violate state law. *See id.* at 566.

This Court has not made the requisite findings under § 3626(a)(1)(B) to justify issuing an order that would violate State and local law. Nor can the Court rely on any of its prior findings with respect to the Phase III jail, because any order violating state or local law would require a new round of findings under § 3626(a)(1)(B). Moreover, other forms of relief are available to correct the violation of a federal right, such as use of the Temporary Mental Health facility, a full build out of the Temporary Detention Center, a renovation of Orleans Justice Center ("OJC"), or other alternatives, all as addressed in Sheriff Hutson's June 21, 2023 letter to the Court [Doc. 1615]. Issuing an order embodying the terms of the CEA so that construction of the Phase III jail can proceed is not "necessary" or the "only way" to correct the violation of Plaintiffs' federal rights and to comply with the Consent Judgment.[2] Issuing an order embodying the terms of the CEA would violate federal law.

### III. Conclusion

The Court should not "issue an order embodying the terms of the CEA" because such an order violates state, local, and federal law.

---

[2] The latest Monitor Report noted the "monumental step" taken by Sheriff Hutson in establishing the Compliance and Accountability Bureau at OJC. Doc. 1623, Report No. 17 of the Independent Monitors, dated July 3, 2023, at p. 5. It also noted that Sheriff Hutson has made "redeployment of staff, including adequate supervision on the evening/night shift a priority." *Id.* at 10. The report further noted that "Sheriff Hutson has embraced the challenge of complying with the Consent Judgment and has established a good working relationship with the monitoring team." *Id.* at 18.

Respectfully submitted,

/s/ John S. Williams
JOHN S. WILLIAMS (#32270)
Chief of Staff
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119
Telephone: (504) 202-9217
Email: williamsjo@opso.us

Attorney for SUSAN HUTSON, SHERIFF OF ORLEANS PARISH