UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and <br> UNITED STATES OF AMERICA, Plaintiff in Intervention <br><br> v. <br><br> MARLIN N. GUSMAN, ET AL, Defendants <br><br> MARLIN N. GUSMAN, Third-Party Plaintiff <br><br> v. <br><br> THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859 <br> Section I, Division 5 <br> Judge Lance M. Africk <br> Magistrate Judge Michael B. North |

### THE UNITED STATES' MEMORANDUM RESPONDING TO THE COURT'S ORDER REGARDING WHETHER THE COURT SHOULD ISSUE AN ORDER EMBODYING THE TERMS OF THE CEA

The United States respectfully submits its Memorandum responding to the Court's June 28, 2023 Order. ECF No. 1621. In part, the Court directed the Parties "to file memoranda addressing the question whether the Court should issue an order embodying the terms of the CEA [Cooperative Endeavor Agreement] currently before the City Council if the Sheriff does, in fact, refuse to sign that document." *Id.* There should be no further delay in implementing the parties' 2016 agreement to abide by the former Independent Jail Compliance Director's decision regarding how to effectuate the housing aspects of the Consent Judgment's requirement for constitutionally adequate medical and mental health care. ECF Nos. 466, 1082, 1106, 1221, and

1227.  The Court has the authority to enforce its orders regarding the construction of the Phase III facility, including its order that the facility be built "without undue delay, expense or waste." ECF No. 1227 at 2-3; *see also* ECF Nos. 1082 and 1106.  The Court has discretion as to how it exercises that authority in the event that Sheriff Hutson refuses to sign the CEA, including through its contempt powers, by issuing an order preempting a conflicting local ordinance, or by entering an order embodying the terms of the CEA.

I. **BACKGROUND**

In March 2019, the Court ordered "that the parties are to work collaboratively to design and build a facility that provides for the constitutional treatment of . . . special populations . . . without undue delay, expense or waste."  ECF No. 1227 at 2-3.  Ground still has not broken for the construction of the facility, known as Phase III.  The City's efforts to terminate the obligation to construct Phase III failed, first in this Court, ECF Nos. 1385, 1396, and then in the Court of Appeals.  *Anderson v. Hutson*, 38 F.4th 472 (5th Cir. 2022).  Now, the Sheriff seeks the same relief denied to the City.  ECF No. 1617.  The Sheriff's motion should be denied for the reasons stated in the United States' response in opposition.  ECF No. 1624.

The latest obstacle to construction concerns a CEA between the City and the Sheriff. Among other things, the CEA would grant the City and its contractor access and permission to construct Phase III on Orleans Parish Sheriff property and to use systems and utilities at the existing jail facilities to integrate the Phase III facility with the current jail facilities.  On May 15, 2023, the Phase III monitor presented to the Court and parties a Phase III CEA that then-Sheriff Gusman had executed.  *See* ECF No. 1613 at 1.  The City now takes the position that a new CEA needs to be executed by Sheriff Hutson.  ECF Nos. 1613 at 1-2; 1600-1 at 2.  At the June 28,

2023 status conference, Sheriff Hutson confirmed, through her counsel, that she will not sign the CEA because of her opposition to the construction of the Phase III facility. (June 28, 2023 Status Conference Transcript, p. 15: 15-16; p. 16: 7-9).

I. ARGUMENT

A. The Court has the Authority to Enforce its Orders.

District court judges retain the power to enforce consent decrees. *United States v. Alcoa, Inc.*, 533 F.3d 278, 286 (5th Cir. 2008) ("district courts have the power and ordinarily must hold parties to the terms of a consent decree."); *see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 440 (2004) (explaining that "[f]ederal courts are not reduced to approving consent decrees and hoping for compliance. Once entered, a consent decree may be enforced."*)*; *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). In this case, the Consent Judgment provides that "[t]he Court shall retain jurisdiction over the implementation of this Agreement at the existing OPP or any other facility used to replace or supplement OPP for all purposes." ECF No. 466 at 43. Indeed, a consent decree's significance arises from the fact that "consent decrees are more than contracts. They are also enforceable judicial orders." *Alcoa*, 533 F.3d at 286; *see also Frew*, 540 U.S. at 437; *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992); *Chisom v. Jindal*, 890 F. Supp. 2d 696, 711–12 (E.D. La. 2012).

As additional, "more specific remedial relief" found necessary by this Court to effectuate the terms of the Consent Judgment, the parties agreed to, and the Court ordered, the terms of the Stipulated Order. ECF No. 1082 at 16. In the Stipulated Order, the Sheriff made a binding commitment to develop and finalize a plan with the Independent Compliance Director and the City for providing "appropriate housing for prisoners with mental health issues and medical

3

needs."  ECF No. 1082 at 14.  Constructing the Phase III facility is that final plan the Compliance Director developed, and the parties ultimately agreed to follow.  ECF Nos. 1106 at 8-9; 1385 at 15.  Both the Consent Judgment and the Stipulated Order, as described in the United States' response in opposition filed on July 10, 2023, are consent decrees ordered by the Court.  ECF No. 1624 at 5-6; 10-11.

To effectuate these commitments, the Court later issued its March 2019 order directing the parties, including the Sheriff, to "work collaboratively to design and build a facility" that provides constitutional medical and mental health treatment "without undue delay, expense or waste."  ECF No. 1227 at 2-3.  The Court's authority to enforce the Consent Judgment, Stipulated Order, and following implementing orders is clear.  *See Waffenschmidt*, 763 F.2d at 716 (explaining that "[c]ourts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender.") (internal citations and quotations omitted).  Therefore, the Court is within its authority to require both the City's and the Sheriff's compliance with its previous orders to build the Phase III facility, including through civil contempt.  *See, e.g.*, *Spallone v. United States*, 493 U.S. 265, 276 (1990) (discussing the Court's ability to enforce compliance with its orders, including consent decrees, through civil contempt).

Court orders can be enforced in a manner "largely left to the discretion of the court entering the order, so long as that discretion is exercised reasonably."  *Chisom*, 890 F. Supp. 2d at 711; *see also Smith v. Sch. Bd. of Concordia Par.*, 906 F.3d 327, 336 (5th Cir. 2018) (discussing how the court acted within its remedial authority when "the relief ordered plainly enforce[d] the commitments listed in the original decree.").  When the responsible parties failed

to timely follow through on the Stipulated Order's obligations, this Court ordered the construction of the Phase III facility to move forward in a timely manner without undue delays. *See* ECF Nos. 1221, 1227, and 1396.  The Court has the authority to impose a variety of remedies, including a civil contempt order or a further implementing order addressing the CEA.

### B.  Preemption Ensures Federal Orders Enforcing the Constitution Prevail.

In addition to the Court's authority to enforce its orders, discussed above, a party, through its own internal legislative processes, cannot invalidate a federal court order seeking to enforce compliance with constitutional rights.[1]  The current Sheriff's failure to sign the CEA,[2] as confirmed at the last status conference, appears to be yet another cause for the delay of Phase III because the City claims an updated CEA is necessary to issue a notice to proceed with construction.[3]  *See* ECF No. 1600-1 at 2.  However, it is well established that the U.S. Constitution and the laws of the United States reign supreme over state and municipal laws.  U.S. Const. art. VI, cl. 2.  Specifically, state and local entities are bound to the holdings of federal courts where determinations of constitutional and federal rights are at issue.  *Cooper v. Aaron*,

---

[1] In the United States' Sur-Reply to the City of New Orleans' Motion for Stay, the United States similarly argued that the City's Home Rule Charter requirements could not justify failing to comply with the Court's orders to continue the construction of the Phase III facility.  ECF No. 1436 at 6-7.

[2] As this Court knows, the former sheriff previously signed a CEA presented by the City.  The United States continues to take the position that to the extent that a signed CEA from the Sheriff's Office is required, that requirement has been met with the previously signed CEA.  *See* ECF No. 1624 at 2-3, n. 1; *supra* at 2.

[3] Neither the Sheriff nor the City has established that a CEA is required for Phase III to proceed.  However, the draft City Ordinance (calendar no. 34,239) accompanying the CEA submitted to the New Orleans City Council on June 8, 2023, cites to Article 7, Section 14(C) of the Louisiana Constitution of 1974; Section 9-314 of the Home Rule Charter of the City of New Orleans; and Sections 70-10(a)-(b) of the City Code as purported authority.

358 U.S. 1, 4, 18 (1958) (local hostility, defiance, and a lack of political will, could not invalidate a federal court order); *see also Bush v. Orleans Par. Sch. Bd.*, 190 F. Supp. 861, 863-66 (E.D. La. 1960) (same). Preemption applies when "state action directly conflicts with the force or purpose of federal law." *Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.*, 180 F.3d 686, 690 (5th Cir. 1999). And "[p]reemption of municipal ordinances is governed under the same standards as would apply to a state law." *Id.*

This Court specifically found "that the orders herein extend no further than necessary to correct violations of the federal rights of the plaintiff class." ECF No. 1227 at 3. Furthermore, after extensive consideration of alternative solutions put forth by the City in its Rule 60(b) briefing, ECF No. 1312, this Court concluded that the Phase III facility continues to be necessary to correct constitutional and Consent Judgment deficiencies in the treatment of incarcerated persons at the New Orleans jail facilities. ECF Nos. 1385 at 37-43 and 1396 at 4. A municipal ordinance purportedly imposing a CEA requirement does not invalidate this Court's previous orders, nor any additional order issued to construct Phase III to comply with constitutional standards. The Court's orders prevail. *See Missouri v. Jenkins,* 495 U.S. 33, 57–58 (1990) ("Even though a particular remedy may not be required in every case to vindicate constitutional guarantees, where (as here) it has been found that a particular remedy is required, the State cannot hinder the process by preventing a local government from implementing that remedy."); *Washington v. Washington State Com. Passenger Fishing Vessel Ass'n*, 443 U.S. 658, 695 (1979), *modified sub nom. Washington v. United States*, 444 U.S. 816 (1979) ("State-law prohibition against compliance with the District Court's decree cannot survive the command of the Supremacy Clause of the United States Constitution."). Therefore, if the City determines that the CEA

6

signed by then-Sheriff Gusman is insufficient, and Sheriff Hutson indeed refuses to sign the CEA, *i.e.*, attempting to use a local legislative process to block the continuation of the Phase III facility, the Court has the power to ensure compliance with its orders on the construction of the facility. How the Court ensures that compliance is in the Court's discretion.

## II.   CONCLUSION

For the foregoing reasons, the Court has the authority to enforce its orders regarding the construction of the Phase III facility and may do so by issuing an order embodying the terms of the CEA and thereby binding the Sheriff to those terms.

Dated: July 13, 2023

Respectfully submitted,

**FOR THE UNITED STATES:**

DUANE A. EVANS
U.S. Attorney
Eastern District of Louisiana

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

*/s/Theodore Carter III*
THEODORE CARTER III
(IL 6188964)
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

*/s/ George Eppsteiner*
LAURA L. COWALL
(DC 481379)
Deputy Chief (T.A.)
GEORGE EPPSTEINER (NC 42812)
ARIONA JEAN-JOHNSON (CA
 340400)
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Telephone: (202) 598-5165
george.eppsteiner@usdoj.gov

8