UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LASHAWN JONES, ET AL, Plaintiffs; and<br>UNITED STATES OF AMERICA Plaintiffs in Intervention<br><br>v.<br><br>MARLIN N. GUSMAN, ET AL, Defendants<br><br><br>MARLIN N. GUSMAN, Third-Party Plaintiff<br><br>v.<br><br>THE CITY OF NEW ORLEANS, Third-Party Defendant | Civil Action No. 2:12-cv-00859<br>Section I, Division 5<br>Judge Lance M. Africk<br>Magistrate Judge Michael B. North |

## THE UNITED STATES' RESPONSE TO SHERIFF SUSAN HUTSON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ISSUED ON JULY 19, 2023

The United States respectfully submits its Response to Sheriff Susan Hutson's Objections to Report and Recommendation ("Sheriff's Objections"). ECF No. 1636.[1] The Report and Recommendation issued by this Court on July 19, 2023, ECF No. 1634, recommends denying the Sheriff's Motion to Terminate all Orders regarding the Construction of the Phase III Jail ("Sheriff's Motion") and issuing an order embodying the terms of the Cooperative Endeavor Agreement ("CEA"). *Id*. at 29. The Sheriff's Objections lack merit. Accordingly, the Court should adopt in full the Report and Recommendation, deny the Sheriff's Motion, and issue the

---

[1] The United States also incorporates by reference its previous briefing to this Court and to the Fifth Circuit. ECF Nos. 1329, 1624, and 1630; *Anderson v. Hutson*, No. 21- 30072, Doc. 00515950173 (5th Cir. July 23, 2021).

proposed order embodying the terms of the CEA. ECF No. 1634.[2]

I. **ARGUMENT**

    **A. The Report and Recommendation Correctly Applied the Law of the Case Doctrine.**

The Report and Recommendation correctly applied the law of the case doctrine to the Sheriff's PLRA jail construction order argument because the District Court decided the same legal issue on the merits when it denied the City's Rule 60(b) Motion on January 25, 2021, as affirmed by the Fifth Circuit on August 22, 2022. ECF Nos. 1396 and 1548. The Sheriff's Objections argue that the law of the case doctrine does not apply because "this Court held that the City had waived its argument under the Prisoner Litigation Reform Act ("PLRA"); the Fifth Circuit did not address the merits of the PLRA argument on appeal; and regardless, the Sheriff has raised a different PLRA argument under 18 U.S.C. § 3626(c)(2)(A), not § 3626(a)(1)(C) as in the City's motion." ECF No. 1636-1 at 1. The Sheriff's assertions are incorrect.

The Sheriff's Motion indeed seeks reexamination of the same legal issue and requests the same remedy as the City's fully litigated Rule 60(b) Motion. Like the City, the Sheriff contends that the Court's Phase III orders violate the PLRA because the Court could not have ordered the construction of a jail facility pursuant to Section 3626(a)(1)(C).[3] As a result, the Sheriff

---

[2] As discussed in more detail later in the United States' Response, in issuing the proposed order embodying the terms of the CEA, the Court should make the requisite findings under Section 3626(a)(1)(A) of the PLRA.

[3] Specifically, the Sheriff asserts that "[t]he pending prospective relief ordering the construction of the Phase III jail and the associated orders requiring the City of New Orleans (the "City") to do the same [Docs. 1221, 1227] violate the Prisoner Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626," and therefore should be terminated. ECF No. 1617 at 1. In the footnote accompanying this assertion, the Sheriff states that, "Parties may move to terminate prospective relief where, as here, a federal court did not have authority to enter the prospective relief because it violates the PLRA's requirements for prospective relief under 18 U.S.C. § 3626(a)." *Id*. at n.1.

contends that all orders facilitating the construction of Phase III should be terminated. ECF No. 1617. Comparably, the City argued in its Reply in support of its Rule 60(b) Motion that "the PLRA explicitly prohibits the Court from Ordering the City to build a new jail building" under Section 3626(a)(1)(C), and requested the Court grant it relief from the orders requiring it to move forward with the construction of Phase III. ECF No. 1312 at 2. In other words, the City (like the Sheriff is doing now) requested that the Court's Phase III orders be terminated pursuant to the same provision of the PLRA.[4] Whether raised as a motion under the Federal Rules of Civil Procedure, as the City did, or as a motion to terminate under the PLRA, as the Sheriff did, the substantive merits of the legal argument (and requested relief) are the same pursuant to PLRA Section 3626(a)(1)(C).[5]

Contrary to the Sheriff's assertion, this Court did assess the substantive merits of the City's PLRA claim. Despite finding that the City had waived its PLRA argument, this Court addressed the substantive argument and found that "the Court has never ordered the City to build a jail," but rather ordered it to solve a problem. ECF No. 1385 at 30 (emphasis in the original),

---

[4] The Report and Recommendation highlights this similarity, noting that "[t]his Court found that the City's Rule 60 motion was the very 'end run to effect an appeal outside the specified time limits' to which the Fifth Circuit later alluded; the Sheriff's motion here is no different." ECF No. 1634 at 7.

[5] Courts have declined to apply the law of the case "where the procedural posture changes the nature of the issue," such as in the context of a motion to dismiss versus a motion for summary judgment. *See Castillon v. Corr. Corp. of Am.*, No. 1:12-CV-00559, 2016 U.S. Dist. LEXIS 88920, at *17 (D. Idaho July 7, 2016) (citing *Stagl v. Delta Airlines, Inc.*, 117 F.3d 76, 80 (2d Cir. 1997)). However, in this case, the fact that the City raised the PLRA claim in a Rule 60(b) Motion and the Sheriff in a Motion to Terminate does not alter the Court's assessment on the substantive issue of whether the Court's orders violate Section 3626(a)(1)(C) of the PLRA. No facts were assumed to be true as in a motion to dismiss standard, and nothing about the different procedural postures affect the Court's analysis of the legal issue.

adopted by ECF No. 1396.[6] Thus, the Magistrate Judge concluded, "[t]he orders the City now claims violated federal statutory law did no such thing – they simply ordered the City to effectuate a plan it had voluntarily and contractually bound itself to undertake." *Id*. at 33-34. Nevertheless, the Magistrate Judge further found, "even if the [City's] argument wasn't waived (which it was) and even if the City had not fatally undermined its argument by repeatedly agreeing to build Phase III over the years, its argument that the Court is statutorily prohibited from ordering the construction of a Phase III facility is wrong as a simple matter of statutory interpretation." *Id.* at 36. This Court fully adopted the Magistrate Judge's December 7, 2020 Report and Recommendation and denied the City's request for relief from the Phase III orders. ECF No. 1396. In doing so, the Court specifically noted it was deciding the PLRA claim, stating, "[n]otwithstanding the waivers, the U.S. Magistrate Judge's alternative disposition on the merits of these untimely arguments is affirmed." *Id*. at 4.

On appeal of this Court's denial of the City's Rule 60(b) Motion, the Fifth Circuit Court of Appeals affirmed this Court's decision. ECF No. 1548. The Fifth Circuit noted the history of the case as it relates to the City's PLRA argument, including the extensive briefing, eight-day hearing, and this Court's reasoning for finding the PLRA argument lacks merit.[7] ECF No. 1548-1 at 6-9. The Fifth Circuit, in its opinion affirming this Court's decision to deny the City relief,

---

[6] The December 7, 2020 Report and Recommendation further found that the plain language of Section 3626(a)(1)(C) "simply says that the PLRA does not, in and of itself, authorize federal courts to order prison construction; it does not say that federal courts are prohibited from doing so or that the PLRA somehow repealed the courts' equitable powers to remedy the violation of constitutional rights." ECF No. 1385 at 35 (emphasis omitted), adopted by ECF No. 1396; *see also* ECF No. 1634 at 12-13.

[7] Indeed, the Fifth Circuit references the PLRA at least twelve times throughout its 13-page opinion. ECF No. 1548-1 at 6-10.

4

noted:

> The R & R stated, *inter alia*: the city's assertion, first raised in its reply brief, that the PLRA barred the court from ordering the city to construct a new facility was waived and, even if not waived, the PLRA issue was "without merit because the court did not order the city to build a jail"; the OJC did not provide medical and mental-health care meeting minimal constitutional standards; the decline in prison population did not constitute a changed condition; adequate funding was available for phase III and the city was contractually obligated to use the allocated funds for it; the COVID-19 pandemic did not cause financial difficulties amounting to a changed condition; and the city's three proposed alternatives were not viable. . . .
>
> The district court in January 2021 adopted the R & R and denied the city's motion. The court pointed out that the city's objections to the R & R "highlight the infirmity of its position": the city admitted it had a prior commitment to phase III; asserted it was under no obligation to appeal from the January and March 2019 orders; and maintained those orders "prevented" the city from developing less-intrusive, narrowly-drawn options. Moreover, the court agreed with the R & R that the city's assertion that the PLRA barred the construction of the phase III facility, raised for the first time in the city's reply brief for its Rule 60(b) motion, was waived, and, notwithstanding waiver, failed on the merits; and relief was not warranted under Rule 60(b) because the city failed to show changed conditions.
>
> ECF No. 1548-1 at 7-8.

Therefore, the Fifth Circuit, fully apprised of the District Court's consideration of the PLRA claim, ultimately stated that "[i]t is not clear whether the city claims the PLRA issue is independent of the Rule 60(b) motion. . . . In any event, the issue fails," *id*. at 9-10, finding this Court did not abuse its discretion in rejecting the City's claim and denying relief from orders to continue forward with the construction of Phase III. *Id*. at 13.

For the law of the case doctrine to apply, the same issue in the same case must have been previously decided on its merits by the same court, as in this case, and its finding must not have been reversed on appeal. *Fontainebleau Hotel Corp. v. Crossman*, 286 F.2d 926, 928 (5th Cir. 1961) (discussing how unless reversed on appeal, "[when] a federal court enunciates a rule of law to be applied in the case at bar . . . it establishes the law, which other courts owing obedience

5

to it must, and which it itself will, normally apply to the same issued in subsequent proceedings in that case." (quoting 1 Moore, Federal Practice, P0.404(1)); *Morris v. SWDI, LLC*, 872 F. Supp. 2d 499, 507 (E.D. La. 2012) ("The doctrine of the law of the case generally precludes a court from reexamining an issue previously decided by the same court in the same case such that the issue becomes *stare decisis* for subsequent proceedings."); *Stewart Enters. v. RSUI Indem. Co.*, No 07-4514, 2009 U.S. Dist. LEXIS 50166, at *23-24 (E.D. La. June 15, 2009) (Africk, J.) (noting that "[t]o the extent that this Court has made findings with respect to the proper interpretation of the policy provisions contested by the parties' motions, those findings are the law of the case, unless such findings are reversed on appeal"), rev'd in part on other grounds, 614 F.3d 117 (5th Cir. 2010). Therefore, because the Fifth Circuit did not tell this Court otherwise, its determination that its orders do not violate Section 3626(a)(1)(C) of the PLRA is the law of the case.[8]

The Sheriff's Objections now cite *Conway v. Chemical Leaman Tank Lines, Inc.*, 644 F.2d 1059 (5th Cir. 1981), for the position that the law of the case is inapplicable to her present PLRA prison construction order claim. ECF No. 1636-1 at 2. However, *Conway* holds that "[t]he law of the case doctrine d[oes] not operate to prevent the district court from considering . . . a meritorious issue never previously passed upon by it and never submitted to or decided by the appellate court on the previous appeal." *Conway*, 644 F.2d at 1062. The plaintiffs in *Conway* had a legal question that neither the district court nor the appellate court assessed nor decided.

---

[8] The Sheriff's Motion fails to present any new evidence relating to the prison construction order argument that would render the need for the Court to reassess the issue. *See EEOC v. Int'l Longshoremen's Ass'n*, 623 F.2d 1054, 1058 (5th Cir. 1980); *Gene & Gene, L.L.C. v. Biopay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010).

6

*Id*.  Unlike in *Conway*, the parties fully litigated the City's, and now the Sheriff's, PLRA prison construction order argument; this Court decided the merits of the issue; and the Fifth Circuit affirmed this Court's decision on the issue.  Despite the Sheriff's contention to the contrary, the parties all had their day in court as to this specific legal argument, and the law of the case doctrine prevents relitigation.[9]

The doctrine of the law of the case "is grounded upon the sound public policy that litigation must come to an end."  *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 662 (5th Cir. 1974); *see also United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) ("Without this doctrine, cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again.").  In this vein, litigation on the PLRA construction order claim, previously raised by the City, and now again by the Sheriff, must come to an end.  The fully litigated and affirmed decision of this Court, that its orders regarding Phase III do not violate Section 3626(a) of the PLRA, is the law of the case.

To the extent the Sheriff claims she "seeks to terminate the Court's orders requiring the construction of Phase III because the Court lacks authority to enforce the parties' private settlement agreement to build Phase III *under § 3626(c)(2)(A)*," ECF No. 1636-1 at 3, rather than termination under Section 3626(a)(1)(C), no one is contending the private settlement agreement

---

[9] As noted by the Report and Recommendation, "The Fifth Circuit allowed Sheriff Hutson to file an amicus brief and participate in oral argument on the City's appeal." ECF No. 1634 at 6 n.3 (emphasis in the original).  Furthermore, the fact that it was the City who raised the PLRA construction order argument initially is of no import; law of the case still applies to prevent the Sheriff from raising the same argument. *See, e.g., United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (explaining "when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue."); *United States v. Bushert*, 997 F.2d 1343, 1355-56 (11th Cir. 1993) (same principle).

argument is subject to law of the case.  The Report and Recommendation correctly addressed this claim when it stated, "[a]ll one need do to determine that the subject orders in this case are not 'private agreements' is read the text of the statute and the subject orders." ECF No. 1634 at 8.  The Sheriff's Objections raise no new arguments on this issue.  The Sheriff and City's commitment to Phase III arises from a consent decree enforceable by the Court, and its orders facilitating the construction of Phase III do not violate Section 3626(a) of the PLRA, as law of the case.

> **B. The Recommended Order Embodying the Terms of the CEA Does Not Violate State or Local Law, so PLRA Section 3626(a)(1)(B) Is Not Implicated.**

The Sheriff also asserts in her Objections that the Court's proposed order embodying the terms of the Cooperative Endeavor Agreement ("CEA") would violate state and local law, necessitating findings under PLRA Section 3626(a)(1)(B).  ECF No. 1636-1 at 19-25.  This argument incorrectly interprets the Report and Recommendation's proposed order.  The proposed order would require the Sheriff to facilitate the overall construction of Phase III, including granting access to current Orleans Parish Sheriff Office's facilities and utility connections, and to maintain and operate the facility once completed.  ECF. No. 1634-1.  The proposed order does not require the Sheriff to sign any agreement.  *Id.* at 1.  Similar to the Court's previous 2019 orders, the proposed order is an implementing order enforcing the Parties' prior agreement to abide by the Compliance Director's decision regarding how to address the Orleans Justice Center's deficiencies impeding constitutional medical and mental health care.[10]

---

[10] Like the 2019 orders, the Court's order only dictates the Parties do what they are already obligated to do. As stated in the Report and Recommendations "the CEA does not purport to "authorize" anything – that was done years ago by the parties' agreement and the entry of

8

The Sheriff argues that the proposed order would violate Article VII, Section 14 of the Louisiana Constitution's prohibition against "the gratuitous donation of public funds" because "[a] voluntary agreement is required before any jail construction begins, governing how the City and the Sheriff plan to collaborate for the use of public funds." ECF 1636-1 at 19. Yet, the only subsection the Sheriff cites to support her position is Section 14(C). *See id.* This section states, "[f]or a public purpose, the state and its political subdivisions or political corporations <u>may</u> engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual." LA. CONST. art. VII, § 14(C) (emphasis added). This section permits local governments to engage in CEAs, rather than requiring them. The Sheriff has failed to identify a state or local law that requires a CEA be signed prior to a construction of a facility funded by the City and built to serve a public function. Nor did the Sheriff explain how absent a CEA, public funds would be donated or gifted if the Sheriff and the City are ordered to abide by the terms of the numerous court orders in this case for the provision of constitutional medical and mental health care.

The Sheriff states that the City's Home Rule Charter will also be violated by the proposed order. Her Objections contend that under Section 9-314(3) of the Home Rule Charter, any proposed CEA "having a term greater than one year shall, prior to its execution by the Mayor, be published once in the official journal and submitted to the Council for approval." ECF No. 1636-1 at 20. However, again, the Sheriff has failed to identify a state or local law that mandates the Mayor and Sheriff enter into a CEA before constructing Phase III. This section of the Home Rule Charter merely states that any CEA the Mayor is going to execute that has a term

---

multiple orders of this Court." ECF No. 1634 at 24.

greater than a year must follow additional steps. It does not require the Mayor to execute a CEA prior to a construction project that will last more than one year. Thus, the Sheriff has not identified any state or local law that will be violated if the Court issues an order embodying the terms of the CEA, as recommended by the Report and Recommendation. Therefore, PLRA Section 3626(a)(1)(B) is not implicated and findings under that subsection are not required.

Indeed, this case is distinguishable from the main case the Sheriff cites in support of a need for Section 3626(a)(1)(B) findings, *Doe v. Cook Cnty.*, 798 F.3d 558 (7th Cir. 2015). In *Doe*, appellants identified a specific state statute granting bargaining rights to union employees as a matter of state law that the district court's order expressly violated. *Id*. at 561-64. In addition, the *Doe* district court had not made specific findings (at any point in the litigation) that the county had violated the constitution, or that the remedial relief was compelled by federal law. *Id*. at 563-64. Here, unlike in *Doe*, the Sheriff has failed to identify any state or local law that the proposed order would violate. Furthermore, here, unlike in *Doe*, this Court has made numerous findings that its remedial orders facilitating the construction of Phase III directly respond to ongoing constitutional violations at the Jail and that the Phase III relief is necessary to resolve these constitutional violations. ECF Nos. 1082 at 16, 1227 at 3; *see also* ECF No. 1634 at 24-25. Indeed, this Court has extensively considered all the options presented to it to resolve the ongoing harm experienced by individuals housed at the New Orleans jail facilities in need of specialized medical and mental health care. *See* ECF Nos. 1366, 1385 at 56-63 and 1634 at 1. Phase III continues to be the only viable option presented for providing incarcerated individuals relief from prolonged constitutional harm. ECF No. 1623 at 11. In sum, because the court's proposed CEA order does not violate state or local law, and because the Court has found specific

constitutional violations requiring the remedy at issue, the case law cited by the Sheriff does not support her argument that Section 3626(a)(1)(B) applies.

Although PLRA Section 3626(a)(1)(B) findings are not required to issue the proposed order, the Court should make findings under PLRA Section 3626(a)(1)(A). There is ample evidence in the record to support such findings. As the Magistrate Judge found in the Report and Recommendation, "[t]housands of pages and hundreds of hours have been expended by many trying to solve the problem of constitutional care for inmates with medical or mental-health issues in the custody of Orleans Parish." ECF No. 1634 at 3. The Sheriff's current contentions "ignores the essential fact that the consent decree in this case [and the implementing orders facilitating Phase III were] entered to correct violations of the United States Constitution."[11] *Id.* at 24-25. Now, "[t]he latest obstacle being thrown in the path of this project is the so-called 'cooperative endeavor agreement'" that the Sheriff informed this Court it will not sign, and that the City contends is necessary for the project to commence. *Id*. at 21.

In sum, ordering the terms of the CEA is necessary to proceed with Phase III. *Id*. at 28. And the Court has previously found that proceeding with Phase III is necessary to remedy a constitutional violation, consistent with PLRA Section 3626(a)(1)(A). Such requisite findings were included in the Stipulated Order, which forms the basis for the Phase III relief. ECF No. 1082 at 16; *see also* ECF No. 1634 at 9-10. The Court again made PLRA findings in its March 2019 implementing order. ECF No. 1227 at 3. Furthermore, the constitutionally inadequate conditions of the New Orleans jail facilities were recently discussed in Compliance Report #17,

---

[11] Notably, the Sheriff does not contend mental health care at the Jail meets constitutional standards. ECF No. 1636-1 at 19 n.37 ("Sheriff Hutson does not 'disagree[]' with the 'objective' . . . to raise the mental health care at the jail to constitutional standards . . . .").

11

filed on July 3, 2023, where the court-appointed monitors emphasized "[a]n important part of the long-term solution to the lack of compliance with the Consent Judgment in the areas of medical and mental health is the design and construction of Phase III . . . Inmates with acute mental health issues continue to be housed in OJC which is inadequate for the housing of these inmates." ECF No. 1623 at 11.  Thus, the record provides ample basis for the requisite findings under Section 3626(a)(1)(A) of the PLRA, and the Court should make these findings prior to entering the proposed order.[12]

## II.  CONCLUSION

For the foregoing reasons, the Court should adopt in full the July 19, 2023 Report and Recommendation (ECF No. 1634), deny the Sheriff's Motion, and issue an order embodying the terms of the CEA that includes findings under PLRA Section 3626(a)(1)(A).

Respectfully submitted,

**FOR THE UNITED STATES:**

| | |
|---|---|
| DUANE A. EVANS<br>U.S. Attorney<br>Eastern District of Louisiana | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section |
| _/s/Theodore Carter III_<br>THEODORE CARTER III, | _/s/ Ariona Jean-Johnson_<br>LAURA L. COWALL, |

---

[12] If the Court ultimately determines it should make findings under Section 3626(a)(1)(B) of the PLRA, there is sufficient evidence in the record for the Court to do so prior to entering the proposed order, including all of the evidence the Court can use to support Section 3626(a)(1)(A) findings.

| | |
|---|---|
| (IL 6188964) | (DC 481379) |
| Assistant United States Attorney | Deputy Chief (T.A.) |
| U.S. Attorney's Office | GEORGE EPPSTEINER (NC 42812) |
| Eastern District of Louisiana | ARIONA JEAN-JOHNSON (CA |
| 650 Poydras Street, Suite 1600 | 340400) |
| New Orleans, LA 70130 | Special Litigation Section |
| | Civil Rights Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, N.W. |
| | Washington, D.C.  20530 |
| | Telephone: (202) 598-5165 |
| | george.eppsteiner@usdoj.gov |

Date: August 17, 2023