UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

———————————————————————
                                                    )
LASHAWN JONES, ET AL,                               )
Plaintiffs; and                                     )
UNITED STATES OF AMERICA,                           )
Plaintiffs in Intervention                          )
                                                    )
v.                                                  )       Civil Action No. 2:12-cv-00859
                                                    )       Section I, Division 5
MARLIN N. GUSMAN, ET AL,                            )       Judge Lance M. Africk
Defendants                                          )       Magistrate Judge Michael B. North
———————————————————————             )
                                                    )
MARLIN N. GUSMAN,                                   )
Third-Party Plaintiff                               )
                                                    )
v.                                                  )
                                                    )
THE CITY OF NEW ORLEANS,                            )
Third-Party Defendant                               )
———————————————————————)

**THE UNITED STATES' RESPONSE IN OPPOSITION TO
SHERIFF'S MOTION TO STAY**

The United States files this response in opposition to Sheriff Hutson's Motion to Stay

(Motion).  ECF No. 1650.  The Sheriff's Motion fails to meet the standard for a stay pending

appeal and should be denied.[1]

## I.      Background

One year following the Fifth Circuit affirming the District Court's denial of the City's

previous Rule 60(b) motion seeking to halt the Phase III process, and thirteen months into her

———————————————

[1] The United States incorporates by reference its Fifth Circuit briefing in response to the
Sheriff's Emergency Motion to Stay Jail Construction Orders Pending Appeal.  *Anderson v.
Hutson*, No. 23-30633, Doc. 31-1 (5th Cir. Sept. 15, 2023).

tenure as Sheriff, Sheriff Hutson filed her Motion to Terminate all Orders regarding the Construction of the Phase III Jail (Motion to Terminate).  ECF No. 1617.  Following briefing by the parties, the Magistrate Judge issued a Report and Recommendation, recommending denial of the Sheriff's Motion to Terminate and describing the Sheriff's arguments as "nothing short of frivolous."  ECF No. 1634 at 15; *see also* at 8.  The Sheriff filed objections to the Magistrate Judge's Report and Recommendation, ECF No. 1636, and the United States filed a response to the Sheriff's objections.  ECF No. 1641.  The Court granted the Sheriff's request to file a Reply to the Sheriff's objections, and it was filed into the record on August 22, 2023.  ECF Nos. 1646, 1647.  The District Court issued its Order & Reasons (O&R) adopting the Magistrate's Report and Recommendation, denying the Sheriff's Motion to Terminate, and entering the proposed order of the Magistrate Judge, embodying the terms of the CEA, on September 5, 2023.  ECF No. 1648.  Sheriff Hutson filed a Notice of Appeal of the District Court's O&R on September 10, 2023.  ECF No. 1652.  The Sheriff also filed her Motion to Stay and accompanying Memorandum on September 10th.  ECF Nos. 1650, 1650-1.  Three days later, the Sheriff filed an Emergency Motion to Stay Jail Construction Orders Pending Appeal in the Fifth Circuit. *Anderson v. Hutson*, No. 23-30633, Doc. 7-1 (5th Cir. Sept. 13, 2023).  The Fifth Circuit granted an administrative stay on September 13th and ordered an expedited briefing schedule.  *Anderson v. Hutson*, No. 23-30633, Doc. 14-2 (5th Cir. Sept. 13, 2023).  Briefing was complete on September 18th and the Fifth Circuit denied the Sheriff's Motion, without prejudice, and dissolved the administrative stay on September 20, 2023.  *Anderson v. Hutson*, No. 23-30633, Doc. 40-2 (5th Cir. Sept. 20, 2023).

## II.      Legal Standard

A stay pending appeal functions as an "intrusion into the ordinary processes of

administration and judicial review, and accordingly is not a matter of right, even if irreparable

injury might otherwise result to the appellant."  *Nken v. Holder*, 556 U.S. 418, 427 (2009)

(internal quotation marks and citations omitted); *accord Texas Democratic Party v. Abbott*, 961

F.3d 389, 397 (5th Cir. 2020).  Whether a stay is appropriate is "left to the court's discretion,"

and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an

exercise of that discretion."  *Nken*, 556 U.S. at 433-34.  "Where there is doubt, it should inure to

the benefit of those who oppose grant of the extraordinary relief which a stay represents."

*Williams v. Zbaraz*, 442 U.S. 1309, 1316 (1979).

When exercising that discretion, courts look to the four traditional stay factors:

"(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

of the stay will substantially injure the other parties interested in the proceeding; and (4) where

the public interest lies."  *Nken*, 556 U.S. at 434; *accord E.T. v. Paxton*, 19 F.4th 760, 764 (5th

Cir. 2021) ("The [*Nken*] factors we consider in determining whether to grant a stay are by now

axiomatic . . . .").  The first two factors, likely success on the merits and irreparable harm, "are

the most critical."  *Nken*, 556 U.S. at 434.

## III.      ARGUMENT

### A.  The Sheriff's Motion Is Untimely.

The Sheriff's delay in filing her Motion weighs against granting it.  Despite that the

Sheriff's and City's court-enforceable obligations related to Phase III have existed since at least

2016, the Sheriff's Motion to Terminate was not filed until thirteen months after the Sheriff

assumed office in May 2022, and she did not seek to stay the Phase III process until September

2023.  ECF Nos. 1617, 1650.  As the District Court described in denying the Sheriff's Motion for

Expedited Consideration of Motion to Stay, "Sheriff Hutson could have filed this motion as early

as May 2, 2022, when she was sworn into office following her December 11, 2021 election."

ECF No. 1655 at 2.  District Courts in the Fifth Circuit have found that a "pattern of delay on the

defendants' part cuts against granting a stay."  *Trover Grp., Inc. v. Dedicated Micros USA*, No.

2:13-CV-1047-WCB, 2015 WL 1069179, at *3-4 (E.D. Tex. Mar. 11, 2015) (explaining that by

"delaying in filing their motion to stay, the defendants have allowed the case to . . . [become]

more expensive, for the parties. Because this factor was within the defendants' control, the Court

is not sympathetic . . ."); *see also Multimedia Content Mgmt. LLC v. Dish Network LLC*, No.

6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019) (in denying a stay

motion, "the Court finds particularly critical, at least in this case, Dish's delay in filing for a stay

. . .").  The Sheriff's sixteen-months-long delay in seeking a stay weighs against granting her

Motion.

### B. The Sheriff Has Not Met the Requirements for a Stay.

*1. There Has Been No Strong Showing of Likely Success on the Merits.*

The Sheriff has not met the legal requirements for a stay because the Sheriff's Motion

does not establish a strong likelihood that she will succeed on the merits of her appeal.  The

Sheriff's burden for this element is high because, as explained in further detail, *infra* at II B. 3.,

the Sheriff's Motion fails to establish that the balance of the equities "weighs heavily" in favor of

granting a stay.[2]  *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. 1981) ("Of course, if the balance

---

[2] The equities, rather, weigh heavily against a stay.  First, the equities favor the continuation of
the status quo in moving the Phase III process forward, particularly the United States and
Plaintiff Class's attempts to address medical and mental health care that has been constitutionally

of equities (i.e., consideration of the other three factors) is not heavily tilted in the movant's

favor, the movant must then make a more substantial showing of likelihood of success on the

merits in order to obtain a stay pending appeal").

In her Motion, the Sheriff's discussion of likelihood of success is limited to two

arguments.  First, if considered consent decrees, the Court-entered Stipulated Order (and

subsequent implementing orders) are purportedly barred from being enforced by the prison

construction language of 18 U.S.C. § 3626(a)(1)(C).  ECF No. 1650-1 at 4.  Second, if these

orders and agreements are considered private settlement agreements, they purportedly cannot be

enforced by the Court pursuant to Sections 3626(c)(2), (g)(6).  *Id.* at 4-5.  These two arguments

fail on their face.

Both of these arguments required affirmative factual findings to implicate any legal

question.  And the Court found that (1) the Court did not order the construction of a new jail

facility, ECF No. 1648 at 4, and (2) the parties did not enter into any private settlement

agreements regarding Phase III.  *Id.* at 8-10.  In the absence of affirmative factual findings, there

is no legal question, let alone a serious legal question.

The Sheriff's first argument, regarding 18 U.S.C. § 3626(a)(1)(C), also fails to raise a

serious legal question because this same contention has already been resolved in this case.  The

City raised this same argument, and it was resolved by this Court and not reversed by the Fifth

---

deficient for years.  ECF No. 1623 at 11 (Report No. 17 of the Independent Monitors, July 3,
2023).  For example, the jail's current lack of an infirmary, treatment space, and group
programming space, which would be included at the Phase III facility, has led to serious harm,
including suicide and overdose deaths.  Tr., June 28, 2023 Status Conference, p. 6-7, 34.  Further
delays, in granting a stay, will delay the critical need for these services and will delay the
Sheriff's compliance with the Consent Decree and constitutional standards.  Second, as the
Magistrate Judge previously found, the City and Sheriff would be at risk of having to reimburse
FEMA for up to $75 million in reimbursement if a previously dismissed alternative, instead of
the new Phase III building, is pursued.  ECF No. 1385 at 62.

Circuit.  ECF No. 1385 at 33-36; *Anderson v. City of New Orleans,* 38 F.4th 472 (5th Cir. 2022).

The United States' prior briefing on the Sheriff's Motion to Terminate, which is incorporated by

reference herein, ECF Nos. 1624, 1641, asserted that the law of the case doctrine bars the

Sheriff's argument that Section 3626(a)(1)(C) prohibits the Court from continuing the Phase III

process.  The District Court agreed with this argument in denying the Sheriff's Motion to

Terminate.  ECF No. 1648 at 3-7.  Because the same legal question has already been resolved in

this case, there cannot now be a serious legal question for purposes of the Sheriff's Motion.[3]

The Sheriff's second argument, that the Court's prior orders and the parties' previous

agreements based on court orders are somehow private settlement agreements, is also without

merit.  All of the agreements and injunctive relief cited by the Sheriff are plainly court orders.

The Stipulated Order, that laid out the process for providing housing for acutely mentally ill

incarcerated persons, resulting in Phase III, is a consent decree.  ECF No. 1624 at 10.  The

Supplemental Compliance Action Plan, the plan the Stipulated Order assigned the Compliance

Director to develop for long-term housing of the acute population also cannot be considered a

private settlement agreement.  *Id.*  Finally, the two 2019 implementing orders challenged by the

Sheriff, ECF Nos. 1221, 1227, are the same orders challenged by the City in its Rule 60(b)

motion.  *Id.* at 10-11.  In sum, the Report and Recommendation was correct in describing the

Sheriff's argument as a "fallacy" and "an absurd proposition."  ECF No. 1634 at 14.

2. *There is No Irreparable Harm to the Sheriff, but rather Irreparable Harm to Incarcerated People, if a Stay is Granted.*

---

[3] In any event, the Sheriff's argument is improper under 3626(b) of the PLRA because that section's purpose is to provide for termination of prospective relief that is no longer necessary to correct a current and ongoing constitutional violation. It is not a vehicle for reviving a legal argument that has nothing to do with whether the constitutional violations have been cured, and that this Court already has rejected.

The Sheriff, in a paragraph, alleges she will suffer irreparable harm absent a stay, including irreparable harm in the requirement to "attend design and construction meetings" and the "considerable cost" of the Phase III facility. [4]  ECF No. 1650-1 at 6.  Yet a harm is considered "irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (internal quotations omitted).  Indeed, economic loss – absent a showing of extreme harm such as a likelihood of going out of business – is generally inadequate to establish irreparable harm because damages may be recoverable at the conclusion of litigation.  *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989).  Here, the Sheriff only points to inconveniences and a third party's costs (the City's), not even direct economic loss by the Sheriff.  Requiring the status quo of the construction process to proceed, which has been the parties' agreed upon solution for providing critical mental health treatment for the incarcerated in Orleans Parish for years, is not irreparable harm.

Indeed, courts in the Fifth Circuit continue to reject the validity of dollar consideration defenses as justification for depriving individuals of their constitutional rights.  *Gates v. Collier*, 501 F.2d 1291, 1319 (5th Cir. 1974) ("Where state institutions have been operating under unconstitutional conditions and practices, the defenses of fund shortage[s] . . . have been rejected by the federal courts."); *United States v. City of New Orleans*, No. 12-1924, 2013 WL 492362, at *4 (E.D. La. Feb. 8, 2013) ("NOPD must comply with the U.S. Constitution and laws of the United States. . . Regardless of how such reform may be achieved, whether via collaboration

---

[4] The Sheriff's claims of irreparable harm are despite the Sheriff "never articulat[ing] a single specific objection to anything in that document," the CEA, which describes how the contractor would have access and permission to construct Phase III on Orleans Parish Sheriff's property. ECF No. 1634 at 26.

between the United States and the City, or via another process, it will never be without cost.").

Compliance with the Constitution prevails over the Sheriff's cost arguments.

The Sheriff also wrongly asserts as a basis for irreparable harm that "[t]he Court has *not*

considered *all* of the alternatives to Phase III." ECF No. 1650-1 at 6 (emphasis in the original).

This Court considered all alternatives to Phase III, ECF No. 1385 at 56-63, in denying the City's

Rule 60(b) Motion, and the Sheriff has not submitted any proposed alternatives to the parties and

this Court. *See* ECF Nos. 1617, 1627. The irreparable harm that will occur, if a stay is granted,

is the continued risk of harm, including death, to the incarcerated people at the New Orleans jail

who are deprived critical medical and mental health care. The independent monitoring team's

continued belief is Phase III is critical to provide constitutional care for the incarcerated, and the

lead monitor recently testified that suicides and overdose deaths have occurred at the jail for

those who were deprived of adequate care. Tr., June 28, 2023 Status Conference, p. 4-8.

Irreparable harm will continue for those who require adequate mental health care if the Phase III

process continues to be delayed by granting a stay.

   3. *Other Parties Will Be Substantially Injured if a Stay Is Issued.*

The Sheriff's description of substantial injuries to other parties is limited to how a stay

will purportedly result in "opportunities for the parties to devise and implement speedier

solutions to achieve constitutional compliance." ECF No. 1650-1 at 7. As stated *supra,* the

Sheriff makes these representations despite not filing any proposed alternatives with the Court in

its Motion to Terminate. The Sheriff's statements also run counter to the latest independent

monitors' report, where the Sheriff's compliance with the Consent Judgment, based on

constitutional standards, regressed. ECF No. 1623 at 6-7 ("Overall, ratings improved in three

provisions and regressed on twenty-two provisions…Based on the current assessment, OPSO has

regressed from Report #16.")  The independent monitors' report is consistent with the June 2023

testimony of the lead monitor.  Tr., June 28, 2023 Status Conference, p. 5, li:  12-16.  (THE

COURT:  "In previous reports you have said that, 'The construction of this facility [Phase III] is

essential to providing constitutional medical and mental health care to the inmates in the custody

of the OPSO.' Do you still think that's true?"  LEAD MONITOR MARGO FRASIER: "Yes,

your Honor.")  The last several years of court monitoring have demonstrated that Constitutional

medical and mental health care will not occur without the implementation of the parties' agreed

upon plan to build Phase III.

The United States and the Sheriff share an interest in ensuring the jail provides Consent

Judgment-compliant and constitutional medical and mental health care to its jail population.

However, if a stay were granted, there would be substantial injury from abandoning efforts to

address the structural deficiencies impeding that care. "Violations of constitutional rights

constitute irreparable harm, [which is] an even stronger showing than what is required" to show

substantial injury to interested parties.  *City of New Orleans*, No. 12-1924, 2013 WL 492362, at

*4 (in denying the City's motion for the stay, the Court found "the United States and residents of

New Orleans will suffer substantial harm to their interests in having a constitutional police force

if the Court grants the City's motion."); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ( "The loss of

[constitutional] freedoms, for even minimal periods of time, unquestionably constitutes

irreparable injury.").  Incarcerated people will continue to face substantial harms in receiving

medical and mental health care that is not in compliance with the Constitution or the Consent

Judgment if the Phase III process continues to be delayed.

4. *Denial of the Sheriff's Motion Serves the Public Interest*.

The Sheriff claims that the public interest weighs heavily in favor of a stay and uses

the same arguments to support her position, including the cost[5] of the project and the Sheriff's

preference for unspecified alternatives.  ECF No. 1650-1 at 7-8.  As stated *supra*, cost defenses

are outweighed by constitutional requirements and, as this Court found in denying the Sheriff's

Motion to Terminate, the continued deficiencies in medical and mental health care require the

continued development of the Phase III building.  ECF No. 1648 at 18-19 ("[P]roceeding with

Phase III is necessary to remedy a constitutional violation and there is no reason to think that

Phase III is no longer necessary… this relief is narrowly drawn, extends no further than

necessary to correct the constitutional violation, and is the least intrusive means necessary to

correct it.").  It is in the public's interest for the Sheriff to operate a jail that functions

constitutionally and that provides appropriate care to some of its most medically vulnerable

individuals.  *Alberti v. Klevenhagen*, 606 F. Supp. 478, 485-86 (S.D. Tex. 1985) ("[P]ublic

policy requires compliance with the dictates of the Constitution, the supreme law of the land.").

Furthermore, "the traditional stay inquiry calls for assessing the harm to the opposing

party and weighing the public interest. These factors merge when the [United States]

Government is the opposing party."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  It is in the

public interest and in the interests of the United States for the jail's medical and mental health

care deficiencies to be remedied, rather than delayed, by an appeal that duplicates the City's

efforts over three years ago.  The Sheriff's Motion is not in the public interest and should be

denied.

---

[5] As the Magistrate Judge noted in his Report and Recommendation denying the City's previous attempts to stop the Phase III process, if the City (and now the Sheriff) had continued Phase III, rather than delay, the cost of the project would have been entirely covered by federal FEMA funds.  ECF No. 1385 at 45-46.

## IV.    CONCLUSION

For the aforementioned reasons, this Court should deny the Sheriff's Motion.


Dated:  September 26, 2023

                                        Respectfully submitted,

DUANE A. EVANS
U.S. Attorney
Eastern District of Louisiana

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

*/s/Theodore Carter III*
THEODORE CARTER III
(IL 6188964)
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, LA 70130

*/s/ George Eppsteiner*
LAURA L. COWALL
(DC 481379)
Deputy Chief (T.A.)
GEORGE EPPSTEINER (NC 42812)
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Telephone: (202) 598-5165
george.eppsteiner@usdoj.gov