UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LASHAWN JONES, ET AL.** | * | **CIVIL ACTION** |
| **v.** | * | **NO. 12-0859** |
| **SUSAN HUTSON, ET AL.** | * | **SECTION: "I" (5)** |

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION TO STAY JAIL CONSTRUCTION ORDERS PENDING APPEAL

As a matter of federal law, a district court cannot order the construction of a jail, nor can it enforce a private settlement agreement to construct a jail. *See* 18 U.S.C. §§ 3626(a)(1)(C), (c)(2), and (g)(6). When a district court tries to do so, it affronts federalism and comity. Sheriff Hutson's appeal presents *res nova* legal issues and a substantial case on the merits. The equities weigh heavily in favor of staying this Court's orders to build the Phase III jail so that the status quo may be preserved while the Fifth Circuit reviews this Court's order to build the Phase III jail. The Plaintiffs' and the United States' oppositions present a starkly contrasting interpretation of the PLRA—that it does permit federal courts to order the construction of a jail (as the district court has done in this case). This Court should grant Sheriff Hutson's stay and preserve the status quo until the Fifth Circuit addresses this substantial legal issue.

**I.      Sheriff Hutson's appeal presents a substantial case on the merits.**

    **A.      Sheriff Hutson's appeal presents *res nova* legal questions regarding the PLRA's limits on new jail construction.**

Sheriff Hutson need only show that her appeal presents a substantial case on the merits at this stage. *See Ruiz v. Estelle*, 650 F.2d 555, 566 (5th Cir. 1981). Sheriff Hutson maintains and this Court has acknowledged that the PLRA[1] recognizes only two types of "settlements": (1) consent

---

[1] In this Reply Memorandum, Sheriff Hutson uses the same defined terms as in her stay motion.

1

decrees and (2) private settlement agreements. Doc. 1648, p. 9. An agreement to build the Phase III jail, as prospective relief to resolve this dispute, must arise from one or the other. Further, enforcement requires that a court order the parties to comply with either its entered consent decree, i.e., its prior order, or their private settlement. *See, e.g.*, *Rowe v. Jones*, 483 F.3d 791, 797-99 (11th Cir. 2007) (analyzing whether "orders" establishing plan for charitable trust were "consent decrees" or "private settlement agreements").

The PLRA places "bounds" on this enforcement authority. *Ball v. LeBlanc*, 881 F.3d 346, 348 (5th Cir. 2018) (Smith, J.). A federal court may not order the construction of prisons (or levying of taxes) as prospective relief in prison reform litigation. *See* 18 U.S.C. § 3626(a)(1)(C). Likewise, although parties may agree to construct a prison, a federal court may not enforce their private settlement agreement. *See* 18 U.S.C. §§ 3626(c)(2), (g)(6). "[W]hat a court cannot do by final order in a contested case it also cannot do by the parties' consent (that's the effect of combining § 3626(c)(1) and (2) with § 3626(g)(1) and (6))." *Doe v. Cook Cty., Ill.*, 798 F.3d 558, 563 (7th Cir. 2015).

This Court's O&R *directly* contradicts these fundamental principles of the PLRA, which Congress enacted explicitly to curb the remedial authority of federal district courts in prison reform litigation and, thereby, restore control to the states. *See Gilmore v. California*, 220 F.3d 987, 991, 999 (9th Cir. 2000). As the Fifth Circuit has recognized, "[t]he PLRA greatly limits a court's ability to fashion injunctive relief." *Ball*, 792 F.3d at 598; *see also Miller v. French*, 530 U.S. 327, 338 (2000) (With the PLRA, "Congress intended to prohibit federal courts from exercising their equitable authority . . . .").

This Court, the Plaintiffs, and the United States seek to rewrite the PLRA by fashioning a "hybrid" gray area between "consent decrees" and "private settlement agreements"—something

that is somehow neither an "order" nor a "private settlement agreement" and, thus, falls outside the PLRA's express limits on federal court authority.

Sheriff Hutson's appeal presents substantial legal issues concerning whether the PLRA allows such a "hybrid" gray area and whether a district court may so characterize its orders to avoid the PLRA's limitations. This Court cited the parties' agreement to build the Phase III jail as its rationale in denying the City's 60(b) Motion: "First and foremost, the Court has never ordered the City to build a jail." Doc. 1385, p. 30. But a private settlement agreement between the parties cannot be enforced by the federal court. *See* 18 U.S.C. §§ 3626(c)(2), (g)(6). If the agreement to build the jail is construed as part of the Consent Judgment, i.e., a consent decree, this Court also cannot enforce it because of the PLRA's prohibition against "order[ing] the construction of prisons." *See id.* § 3626(a)(1)(C). The PLRA's restrictions cannot be subverted by the invention of a "hybrid" approach that exists nowhere in the federal statute.

**B.     The equities weigh heavily in favor of a stay.**

The Plaintiffs and United States disregard the harm that Sheriff Hutson will suffer, as the keeper of the proposed Phase III jail, absent a stay. In effect, they argue that the "Sheriff's Office" will not be harmed because former-Sheriff Gusman favored the jail. The Sheriff will have to divert already scarce resources to staff and maintain a new facility. Denying a stay will also prevent Sheriff Hutson from achieving constitutional compliance by means other than Phase III. Sheriff Hutson is not, as suggested, "avoid[ing] [her] obligation to provide a constitutionally-adequate jail." Doc. 1663, p. 17. Indeed, the most recent monitors' report noted the Sheriff's progress in her first year of office to reach compliance, and the monitors remain "hopeful that improvement will take place." Doc. 1623, pp. 5, 6, 10, 12, and 19. The monitors recognize that "Sheriff Hutson has embraced the challenge of complying with the Consent Judgment . . . ." *Id.*, p. 18.

The Plaintiffs ask this Court to ignore the harm that denying a stay will cause to the residents of the City, *see, e.g.*, Doc. 1663, pp. 16-17, by re-allocating and spending over $100 million previously earmarked for vital public works projects to build a poorly designed new jail that will harm the jail's mental health inmates with its "medieval" panopticon design. Sheriff Hutson has proposed a less costly and more effective alternative for meeting the needs of OJC's mental health inmates. This Court has not adequately considered the current cost of Phase III or these alternatives.

Further, the United States argues that the "public interest merges with the interest of the federal government," *Nken v. Helder*, 556 U.S. 418 (2009), and that the public interest factor should automatically weigh in favor of the United States. Doc. 1662, p. 10. *Nken* merely held that, once the first two factors are satisfied, the court must weigh the harm to the opposing party and the public interest, which merge when the opposing side is the government. *See id.* at 435. Sheriff Hutson is also part of the government—having been elected to office by a majority of the voters— and the federal government does not always speak for the public, particularly for state or local government, whose prerogatives in the correctional arena the PLRA protects. Moreover, opposing counsel avert their eyes from the public harm inflicted by violating a federal statute, the PLRA, whose very purpose was to prevent federal courts from "micromanaging," i.e., ordering a new jail, in state and local correctional systems. Here, the first two factors weigh in favor of a stay, and the Plaintiffs and the United States have not shown that the third or fourth factors outweigh them. The equities weigh heavily in favor of staying this Court's orders to build the Phase III jail so that the Fifth Circuit may consider important legal issues regarding the proper interpretation and application of the PLRA before substantial funding and construction of the new jail proceed. *See Dayton Bd. of Educ. v. Brinkman*, 439 U.S. 1358, 1359 (1978).

## II.    Sheriff Hutson's appeal is procedurally proper.

Sheriff Hutson's appeal is procedurally proper because the Fifth Circuit has appellate jurisdiction, Sheriff Hutson is authorized by 18 U.S.C. § 3626(b)(1) to move to terminate the jail orders, and the law of the case doctrine does not bar Sheriff Hutson's Motion to Terminate.

Appellate jurisdiction to review the legal issues created by this Court's O&R is not a "significant obstacle." Doc. 1663, p. 14. The Fifth Circuit has jurisdiction under 28 U.S.C. § 1292(a)(1) to consider Sheriff Hutson's appeal of issues under §§ 3626(a)(1)(C) and 3626(c)(2), (g)(6). Sheriff Hutson seeks to terminate this Court's orders to build Phase III based on these PLRA provisions. Appellate courts have reviewed similar appeals concerning motions to terminate brought under these provisions. *See, e.g.*, *Rowe*, 483 F.3d at 791 (reviewing, on appeal, whether relief was entered pursuant to consent decree or private settlement agreement).

In particular, § 3626(b)(1) allows Sheriff Hutson to move to terminate relief that violates the PLRA after one or two years, depending on the type of relief ordered. The Plaintiffs argue, *for the first time*, that a party may not terminate "relief" that is ordered in violation of 18 §§ 3626(c)(2), (g)(6) because the PLRA does not include "private settlement agreements" in the definition of "relief." Doc. 1663, p. 13. Yet, Plaintiffs claim there are no "private settlement agreements." Doc. 1663, p. 2 n.9. Plaintiffs' argument is circular, and further ignores that Sheriff Hutson also moved to terminate the relief under 18 § 3626(a)(1)(C). Plaintiffs' muddled new argument is baseless.

The United States argues, *for the first time*, that a party may terminate relief under § 3626(b) only if it was not entered with the requisite "need-narrowness-intrusiveness" findings of § 3626(a)(1)(A). Doc. 1662, p. 6 n. 3. Sheriff Hutson has not sought relief under § 3626(b)(2), however, which governs the "need-narrowness-intrusiveness" findings. Rather, Sheriff Hutson has

5

invoked § 3626(b)(1), which does not contain the limitation the United States cites. The United States' new argument is baseless.

The law of the case doctrine also does not preclude Sheriff Hutson's argument on appeal. Only an appellate decision *on the merits at issue* establishes law of the case. "[A]n issue that is not expressly or implicitly decided on appeal does not become part of the law of the case." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). The Fifth Circuit did not decide the merits of the City's PLRA argument under § 3626(a)(1)(C) in *Anderson v. City of New Orleans*, 38 F.4th 472 (5th Cir. 2022).[2] Moreover, Sheriff Hutson's argument under §§ 3626(c)(2), (g)(6) presents a new legal issue in this litigation that the law of the case doctrine does not bar: Whether the PLRA prohibits federal courts from ordering the construction of a new jail. This Court should grant a stay to preserve this important *res nova* legal issue for resolution on appeal by the Fifth Circuit.

**III.  Conclusion**

For the foregoing reasons, a stay pending appeal should be granted.

Respectfully submitted,

/s/ John S. Williams
JOHN S. WILLIAMS (# 32270)
Chief of Staff
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119

---

[2] Contrary to Plaintiffs' arguments, Doc. 1663, pp. 9-10, 15 n.87, judicial estoppel and laches do not bar Sheriff Hutson's argument or appeal. Plaintiffs cite no cases applying judicial estoppel to a newly substituted successor official. As with Rule 25(d), if Plaintiffs were correct, a successor official could never move to terminate relief under the PLRA or modify a consent decree based on changes circumstances. Judicial estoppel requires an "internal inconsistency" or "intentional self-contradiction," which Sheriff Hutson's position concerning the enforceability of her predecessor's agreement does not present. Furthermore, Plaintiffs cite no case applying laches, an affirmative defense, to bar a successor official from moving to terminate relief under the PLRA. Sheriff Hutson's motion is not untimely or unreasonably delayed under the PLRA, which contains no statute of limitations. Moreover, the PLRA expressly provides alternative means of responding to a termination order, so no party is prejudiced. *See* 18 U.S.C. § 3626(c)(2) (permitting state-court action or reopening of federal proceedings).

Telephone: (504) 202-9217
Email: williamsjo@opso.us
Attorney for SUSAN HUTSON, SHERIFF OF ORLEANS PARISH