# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**LASHAWN JONES ET AL.**                                        **CIVIL ACTION**

**VERSUS**                                        **No. 12-859**

**MARLIN N. GUSMAN ET AL.**                                  **SECTION I**

## ORDER & REASONS

Before the Court is Orleans Parish Sheriff Susan Hutson's ("Sheriff Hutson") "motion[1] to stay all orders regarding the construction of the Phase III jail, pending Sheriff Hutson's appeal of this Court's September 8, 2023 Order & Reasons denying Sheriff Hutson's Motion to Terminate." The United States Magistrate Judge (the "Magistrate Judge") has provided a report and recommendation (the "R&R"),[2] recommending that Sheriff Hutson's motion be denied.[3]

Sheriff Hutson now objects[4] to the report and recommendation. Specifically, Sheriff Hutson argues in her conclusory and unsupported objections that (1) the R&R applied the incorrect legal standard because Sheriff Hutson was "not required to show a substantial likelihood of success on the merits"; (2) the R&R erred in finding that Sheriff Hutson will not be irreparably harmed absent a stay; (3) the R&R erred in finding that the harm to the other parties caused by a stay justifies denying the motion to stay; and (4) the R&R erred in finding that the public interest weighs

---

[1] R. Doc. No. 1650.
[2] R. Doc. No. 1674.
[3] *Id.* at 10.
[4] R. Doc. No. 1675.

against a stay.[5] The plaintiffs and the United States filed responses[6] to the Sheriff's objections.

The Magistrate Judge applied the correct legal standard in assessing the first *Hilton v. Braunskill*, 481 U.S. 770 (1987), factor. Sheriff Hutson suggests that "Plaintiffs, the United States, and [the] Magistrate Judge did not address" the "serious legal question" presented by her appeal. In reality, the plaintiffs, the United States, and the Magistrate Judge all considered the alleged "serious legal question[.]"[7] As the R&R explained, the U.S. Court of Appeals for the Fifth Circuit has held that, "in the mine run of appeals, likelihood of success remains a prerequisite, and a presentation of a substantial case . . . alone is not sufficient."[8] However, "[i]n a limited subset of cases, a movant need only present a substantial case on the merits if (1) a serious legal question is involved and (2) the balance of the equities weighs heavily in favor of granting the stay."[9]

The Magistrate Judge rightly found that Sheriff Hutson has not shown that a "serious legal question" is involved in her appeal.[10] Even if this case did present a "serious legal question[,]" Sheriff Hutson would need to show that "the balance of the equities weighs *heavily* in favor of granting the stay." As the R&R makes clear, Sheriff

---

[5] *Id.* at 2.
[6] R. Doc. Nos. 1677, 1679.
[7] R. Doc. No. 1625 (plaintiffs' response), at 12–15; R. Doc. No. 1662 (United States' response), at 5–6; R. Doc. No. 1674 (R&R), at 3–5.
[8] R. Doc. No. 1674, at 3 (quoting *Texas Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020)).
[9] *Id.* (quoting *Texas Democratic Party*, 961 F.3d at 397).
[10] *Id.* at 3–5.

Hutson has not made this showing. Accordingly, the Magistrate Judge correctly applied the "likelihood of success" standard rather than the "substantial case on the merits" standard. Regardless, Sheriff Hutson is not entitled to a stay under either standard for the reasons set forth in the R&R.

Having considered and rejected Sheriff Hutson's remaining objections,

**IT IS ORDERED** that the report and recommendation[11] of the United States Magistrate Judge is approved, and the Court adopts it as its opinion in this matter.

**IT IS FURTHER ORDERED** that Sheriff Hutson's motion[12] is **DENIED** and Sheriff Hutson's objections[13] are **OVERRULED**.

New Orleans, Louisiana, November 15, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 1674.
[12] R. Doc. No. 1650.
[13] R. Doc. No. 1675.